UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | Case No. 1:07-cv-95 |
| CRST VAN EXPEDITED, INC. | ) ) | **Jury Trial Demand** |
| Defendants. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Monika Starke and a class of similarly situated female employees of defendant CRST Van Expedited, Inc. ("CRST") who were adversely affected by such practices. Ms. Starke and a class of similarly situated female employees were adversely affected by such practices when their lead drivers or team drivers subjected them to sexual harassment and to a sexually hostile working environment based on their gender, and CRST failed to prevent, correct, and protect them from the harassment and hostile working environment.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged were committed in substantial part within the jurisdiction of the United States District Court for the Northern District of Iowa.

PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant CRST was an Iowa corporation doing business in the Cedar Rapids, Iowa and elsewhere, and continuously had at least 15 employees.

5. At all relevant times, CRST has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Monika Starke, then a CRST employee, filed a charge with the EEOC alleging violations of Title VII by CRST. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2005, CRST engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3. Among other things, two of its lead drivers subjected Starke to sexual harassment during their supervision of Starke (including, but not limited to, unwelcome sexual conduct, other unwelcome physical touching, propositions for sex, and sexual comments), which further created a sexually hostile and offensive work environment. CRST is liable for the harm caused by the harassment and the hostile and offensive work environment because of the actions of its lead

drivers and because of its failure and refusal to take prompt and appropriate action to prevent, correct, and protect Starke from the harassment and the hostile environment, culminating in her discharge from employment with CRST.

8. Other similarly situated female employees of CRST were also subjected to sexual harassment and a sexually hostile and offensive work environment while working for CRST, including among other things, unwelcome sexual conduct, other unwelcome physical touching, propositions for sex, and sexual comments from their lead drivers or team drivers. CRST is liable for harm caused by the harassment and the hostile and offensive work environment because of the actions of its lead drivers or team drivers and because of its failure and refusal to take prompt and appropriate action to prevent, correct, and protect its female employees from the harassment and the hostile environment.

9. The effect of the practices complained of in Paragraphs 7 and 8 above has been to deprive Starke and a class of similarly situated female employees of equal employment opportunities, and to otherwise adversely affect their status as employees, because of sex.

10. The unlawful employment practices complained of in Paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in Paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Starke and the class of similarly situated female employees.

PRAYER FOR RELIEF

WHEREFORE, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining CRST and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in sexual harassment, any other employment practice which discriminates on the basis of sex.

B. Order CRST to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order CRST to make Starke and the class of similarly situated female employees whole by providing appropriate backpay and benefits, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including frontpay and/or reinstatement.

D. Order CRST to make Starke and the class of similarly situated female employees whole by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices described in Paragraphs 7 and 8 above, including (but not limited to) emotional pain, suffering, and humiliation, in amounts to be determined at trial.

E. Order CRST to pay Starke and the class of similarly situated female employees punitive damages for CRST's malicious and reckless conduct described in Paragraphs 7 and 8 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award EEOC its costs of this action.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its complaint.

Date: September 27, 2007.

                                 Ronald S. Cooper
                                 General Counsel

                                 James Lee
                                 Deputy General Counsel

                                 Gwendolyn Young Reams
                                 Associate General Counsel

                                 EQUAL EMPLOYMENT OPPORTUNITY
                                       COMMISSION
                                 1801 "L" Street, N.W.
                                 Washington, D.C.  20507


Dated: September 27, 2007           <u>s/John C. Hendrickson</u>
                                 John C. Hendrickson
                                 Regional Attorney


Dated: September 27, 2007           <u>s/Jean P. Kamp</u>
                                 Jean P. Kamp
                                 Associate Regional Attorney


Dated: September 27, 2007           <u>s/Brian C. Tyndall</u>
                                 Brian C. Tyndall
                                 Senior Trial Attorney

                                 EQUAL EMPLOYMENT OPPORTUNITY
                                       COMMISSION
                                 Milwaukee Area Office
                                 310 West Wisconsin Avenue - Suite 800
                                 Milwaukee, WI   53203-2292
                                 Phone  (414) 297-1130
                                 Fax     (414) 297-3146
                                 TDD    (414) 297-1115

N:CRST-complaint.09-27-07