IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, vs. CRST VAN EXPEDITED, INC., Defendant. | No. C07-0095 RULING ON MOTION TO AMEND PROTECTIVE ORDER |

This matter comes before the Court on the Motion to Amend Stipulation and Protective Order (docket number 23) filed by Defendant CRST Van Expedited, Inc. on March 6, 2008. Pursuant to Local Rule 7.c, the Motion will be decided without oral argument.

## I. BACKGROUND FACTS

On September 27, 2007, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Complaint (docket number 2), seeking injunctive and monetary relief against Defendant CRST Van Expedited, Inc. ("CRST") for an alleged pattern or practice of sexual harassment toward female employees. On November 16, 2007, EEOC filed a First Amended Complaint (docket number 8).[1] CRST filed its Answer and Affirmative Defenses (docket number 11) on November 30, 2007. Trial is scheduled before Chief Judge Linda R. Reade on June 15, 2009.

On March 7, 2008, the Court filed a Protective Order (docket number 24), pursuant to a stipulation reached between the parties. Paragraph 1 of the Protective Order identifies

---

[1] Based on a cursory review by the Court, the First Amended Complaint would appear to differ from the original Complaint by the omission of a reference to "retaliation" in the introductory paragraph.

the documents, materials, or other information which the parties consider "confidential information." Paragraph 2 provides the manner in which all confidential information will be treated. Specifically, the parties agree that confidential information will be disclosed "only to the parties, witnesses and potential witnesses or their counsel in so far as is reasonably necessary to do so for the prosecution or defense of the litigation, experts, consultants and necessary staff of counsel." The parties were unable to reach full agreement on what information should be considered "confidential information," however, and therefore agreed to submit a stipulated protective order on the undisputed aspects of the agreement and resolve the remaining issue by way of the instant Motion to Amend.

## II. ISSUE PRESENTED

The issue raised by the instant Motion is whether the definition of "confidential information," as set forth in Paragraph 1 of the Protective Order, should be amended to include a fifth category of information. Specifically, CRST requests that the following language be added to Paragraph 1 of the Protective Order:

> (v) until such time as a CRST female driver who allegedly experienced harassment becomes a class member and CRST is so advised, the name of such female driver and name of the individual accused of the harassment.

*See* Motion to Amend Stipulation and Protective Order (docket number 23), ¶ 2 at 2.

## III. DISCUSSION

CRST argues that holding confidential the name of a female driver who is not yet a member of the class, and the name of the individual accused of the harassment, promotes privacy interests consistent with both EEOC and CRST policies. Specifically, CRST notes that the Notice regarding Policy Guidance on Current Issues of Sexual Harassment, issued by EEOC on March 19, 1990, encourages employers to adopt a procedure which will encourage victims of harassment to come forward and ensure confidentiality as much as possible.

> The employer should also have a procedure for resolving sexual harassment complaints. The procedure should be

2

> designed to "encourage victims of harassment to come forward" and should not require a victim to complain first to the offending supervisor. (citation omitted) *It should ensure confidentiality as much as possible* and provide effective remedies, including protection of victims and witnesses against retaliation.

EEOC Policy Guidance No. N-915-050 at 29 (docket number 26 at 34) (emphasis added).

Similarly, CRST's company policies provide that reports of harassment will be handled confidentially.

> Any employee who reports any act of harassment and/or discrimination will NOT be subject to ANY form of retaliation. All reports of harassment and/or discrimination will be handled in a confidential manner.

CRST Company Policy, Section VI (docket number 23 at 50) (emphasis in original).

CRST argues that by adding the disputed language to the Protective Order, the privacy rights of CRST's employees who have asserted internal complaints, but have chosen not to join EEOC's class or make their complaint public, will be protected. According to CRST, if the information is not held confidential at this time, it would violate the Company's policy to handle a complaint confidentially, may cause embarrassment to the persons involved, and "may in the future chill the reporting process by causing some drivers to avoid the risk that their personal situation will become a public matter." *See* Motion to Amend Stipulation and Protective Order (docket number 23) at 3.

CRST emphasizes that the addition of the proposed language to the Protective Order does not limit EEOC's ability to use that information for purposes of its investigation.

> The additional protection provided by Paragraph 1(v) will not [sic] or interfere in any way with EEOC's litigation of this case. CRST simply asks this Court to protect from *public* disclosure the identities of those who have come forward with reports of a possible violation of CRST's sexual harassment policies, and even then, only until such time as an individual chooses to make her complaints public and join EEOC's class.

Motion to Amend Stipulation and Protective Order (docket number 23), ¶ 5 at 4 (emphasis in original).

Paragraph 10 of the Protective Order makes it clear that designating a document or information as "confidential information" does not bar its use at any stage of the proceeding, although a party may object to its admissibility on grounds of its confidentiality.

> Nothing in this Order bars the use of a document or information designated as Confidential Information in depositions, motion practice or trial, nor shall this Order affect the right of a party to offer in evidence or to object to the admissibility of any such document, on grounds of its confidentiality or otherwise. In addition, nothing in this Order shall preclude any party from seeking further or different relief in the future.

*See* Stipulation and Protective Order (docket number 24), ¶ 10 at 4-5.

In resisting the inclusion of the additional proposed language, EEOC argues that "the redaction requirement proposed here" is unduly burdensome. As set forth above, however, redaction is not required. Rather, any document containing the confidential information--just as any other confidential information previously agreed to by the parties-- could be filed under seal. The record is silent regarding the number of complainants who may be covered by the additional language, but it does not appear that this is a significant additional burden.

As set forth above, EEOC has encouraged employers to adopt a policy regarding the reporting of sexual harassment which will "ensure confidentiality as much as possible." Consistent with that directive, CRST has adopted a company policy which advised employees that reports of harassment "will be handled in a confidential manner." The Court finds that these policies should be honored by holding confidential the names of alleged victims or their alleged harassers until such time as the female driver has expressed an intent to be included in the litigation. Therefore, the Court finds that the Motion to Amend should be granted.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Amend Stipulation and Protective Order (docket number 23) filed by the Defendant on March 6, 2008, is hereby **GRANTED**. Contemporaneously with the filing of this Ruling, the Court has filed the Amended Protective Order (docket number 23, pp. 8-12) attached to the instant Motion.

DATED this 7th day of April, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA