IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARKE, and LATESHA THOMAS,<br><br>Plaintiffs/Interveners,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>Defendant. | No. C07-0095<br><br>ORDER FOR LEAVE TO INTERVENE |

This matter comes before the Court on the Motion for Leave to Intervene (docket number 43) filed by Janet Boot, Barbara Grant, Cindy Moffett, Remcey Jeunenne Peeples, Monika Starke, and Latesha Thomas on August 18, 2008; the Brief in Opposition (docket number 46) filed by Defendant CRST Van Expedited, Inc. on September 2, 2008; and the Reply (docket number 47) filed by the proposed Interveners on September 11, 2008. The Plaintiff, Equal Employment Opportunity Commission, did not file a response to the motion and the time for doing so has now expired.[1] Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

---

[1] According to the reply filed by the proposed Interveners, "[T]he EEOC has indicated that they do no [sic] object to the proposed interventions." *See* docket number 47 at 1.

1

## I. BACKGROUND FACTS AND PROCEEDINGS

On September 27, 2007, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Complaint (docket number 2), alleging that Monika Starke and other similarly situated female employees of CRST were subjected to sexual harassment "including, but not limited to, unwelcome sexual conduct, other unwelcome physical touching, propositions for sex, and sexual comments." *See* Complaint (docket number 2), ¶ 7 at 2. Among other things, EEOC sought a permanent injunction and monetary damages "to make Starke and the class of similarly situated female employees whole."

On November 16, 2007, EEOC filed its First Amended Complaint (docket number 8). The First Amended Complaint is apparently identical to the original Complaint, except the words "and retaliation" were removed from the introductory sentence in the First Amended Complaint. Defendant CRST Van Expedited, Inc. ("CRST") filed its Answer and Affirmative Defenses (docket number 11) on November 30, 2007. On May 1, 2008, CRST filed an Amended Answer (docket number 36), adding an additional affirmative defense.

Meanwhile, on February 8, 2008, the Court adopted a Scheduling Order and Discovery Plan (docket number 21) submitted by the parties. Among other things, the Court established a deadline of May 1, 2008 for motions to add parties, and a deadline of December 7, 2008 for completion of discovery. The Court subsequently established an October 15, 2008 deadline for EEOC to identify class members, and extended the discovery deadline to January 15, 2009. *See* Order Modifying Discovery Plan (docket number 44). Trial is scheduled before Chief Judge Linda R. Reade during the two-week period beginning on June 15, 2009. *See* Order Setting Civil Jury Trial (docket number 22).

On August 18, 2008, Janet Boot, Barbara Grant, Cindy Moffett, Remcey Jeunenne Peeples, Monika Starke, and Latesha Thomas (the "Interveners") filed the instant motion requesting that they be permitted to intervene as plaintiffs. The Interveners' proposed

2

Complaint (docket number 43-3) is substantially similar to the EEOC's First Amended Complaint, with two exceptions: First, in addition to alleging sexual harassment and a sexually hostile and offensive work environment, the Interveners also allege that they "were subjected to retaliation for opposing sexual harassment and a sexually hostile and offensive work environment while working for CRST." Second, in addition to alleging a violation of Title VII, the Interveners allege a violation of the Iowa Civil Rights Act (Iowa Code Ch. 216). CRST opposes the Motion to Intervene, arguing that (1) the motion is untimely, and (2) the movants "have not demonstrated their right to sue under the Iowa Civil Rights Act."

## II. DISCUSSION

### A. Is the Motion to Intervene "Timely?"

In their brief, the Interveners seek intervention as a matter of right, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 24(a), and alternatively seek permissive intervention pursuant to Rule 24(b). Rule 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute." This case is brought by EEOC pursuant to 42 U.S.C. § 2000e-5(f)(1). That section specifically provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission." The Court concludes that Section 2000e-5(f)(1) gives the movants an unconditional right to intervene.[2]

However, whether claiming intervention as a matter of right, or seeking permissive intervention, the interveners must file a "timely motion." FED. R. CIV. P. 24(a) and (b)(1) ("On timely motion . . .").

> Although an aggrieved employee has a statutory right to intervene in a civil action brought by the EEOC, *See* 42 U.S.C. § 2000e-5(f)(1), a condition precedent to intervention

---

[2] CRST concedes that if the motion were timely filed, Section 2000e-5(f)(1) confers a right to intervene in the action. *See* Brief in Opposition to Motion to Intervene (docket number 46) at 2 and 4.

3

> is interposed by Fed. R. Civ. P. 24(a), which requires that the
> application to intervene be timely.

*EEOC v. Westinghouse Electric Corp.*, 675 F.2d 164, 165 (8th Cir. 1982). CRST argues that the instant motion is not timely and, therefore, the interveners should not be permitted to join in the action.

The timeliness of a motion to intervene must be determined from a review of all the circumstances. *NAACP v. New York*, 413 U.S. 345, 366 (1973). "In determining timeliness, factors that bear particular consideration are the reason for the proposed intervenor's delay in seeking intervention, how far the litigation has progressed before the motion to intervene is filed, and how much prejudice the delay in seeking intervention may cause to other parties if intervention is allowed." *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993); *Winbush v. Iowa*, 66 F.3d 1471, 1479 (8th Cir. 1995) (same). No "ironclad rules" govern a determination of timeliness. *Mille Lacs Band*, 989 F.2d at 998.

Turning to the facts in the instant action, the Complaint (docket number 2) was filed on September 27, 2007. In its brief, CRST claims that shortly after the Complaint was filed, its attorney was told by EEOC's attorney that attorney Jeffrey R. Tronvold intended to file a motion to intervene and assert state law claims.[3] On February 8, 2008, the Court adopted a Scheduling Order and Discovery Plan (docket number 21) submitted by the parties. The scheduling order established a deadline of May 1, 2008 to add parties. In addition, December 7, 2008 was established as the deadline for completion of discovery. In an Order filed on August 20, 2008, the Court extended the deadline for completion of discovery to January 15, 2009. Significantly, the Court also set October 15, 2008 as the deadline for identifying class members.

CRST has apparently known of the claims of the Interveners since prior to the filing of the lawsuit. At least five of the six Interveners filed claims with the Iowa Civil Rights

---

[3] CRST did not submit any affidavits or other proof in support of its allegation.

4

Commission. *See* attachments to Interveners' Reply (docket number 47). One of the Interveners, Monica Starke, is specifically identified in EEOC's Complaint.

Apparently, CRST has taken the depositions of four of the Interveners. CRST argues that "[i]f intervention is allowed now, four of the six interveners will have had their depositions taken without having been subjected to the types of pre-deposition disclosures and discovery that would have been available to CRST had they been parties." *See* CRST's Brief (docket number 46) at 4. According to its brief, however, CRST anticipates taking "at least 75 and perhaps more than 100 depositions." The deadline for completion of discovery is more than three and one-half months away. CRST has adequate time to submit written discovery requests and redepose the Interveners, if necessary.

While the Interveners' proposed complaint adds a claim under the Iowa Civil Rights Act ("ICRA"), the state law claim does not substantially change the issues. *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008) ("In most respects, Iowa courts have used the analytical framework used for Title VII claims, and have looked to federal law for guidance, in deciding cases under the ICRA because the ICRA is modeled in part on Title VII."). Accordingly, the inclusion of an ICRA claim by the Interveners will not substantially change the discovery otherwise required by CRST.

The Interveners' retaliation claim, however, adds a new theory of recovery. Nonetheless, the Court believes that CRST is not substantially prejudiced by allowing the additional claim at this time. Much of the discovery will be the same. If, however, CRST believes that it is necessary to redepose the Interveners to seek additional information regarding the retaliation claims, it will be permitted to do so.

While the Interveners did not offer a convincing reason for their delay in attempting to join this action,[4] after a review of all the circumstances, the Court concludes that the

---

[4] In their reply, the Interveners state that "[w]e did not intervene earlier because virtually nothing was happening on the case and the intervention motion was made as the depositions of our clients were being set." *See* Reply (docket number 47) at 3.

5

motion is timely filed. The deadline for identifying class members has not expired, the discovery deadline is more than three and one-half months away, and trial is not scheduled until June 15, 2009. "Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor." *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999). The Court concludes that permitting the Interveners to join the action will not unduly delay the proceeding or prejudice CRST.

### B. Have the Movants Demonstrated a Right to Sue?

Next, CRST argues that "Movants have not established their right to sue under the ICRA." *See* CRST's Brief (docket number 46) at 5. In support of its claim, CRST argues that (1) "conspicuously absent from [the Interveners' proposed] Complaint are allegations that the movants complied with the ICRA's specific administrative exhaustion and timeliness requirements," (2) "five of the six movants' have not alleged facts demonstrating standing to sue under the ICRA," and (3) "their ICRA claims would at most duplicate the claims that the EEOC is prosecuting on their behalf under federal law." *See id.* at 5-6.

Without explicitly making the argument, CRST essentially argues that the Motion to Intervene should be denied because the proposed complaint is defective and, therefore, allowing the intervention would be futile. This argument is analogous to resisting a motion for leave to amend a complaint, on the grounds that the additional claim is unmeritorious and, therefore, the amendment would be futile.

In the context of amending a petition, "[f]utility is a valid basis for denying leave to amend." *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). The Court assumes, without deciding, that futility is also a valid basis for denying a motion for leave to intervene. When a court denies leave to amend on the ground of futility, however, it means that the court reached a legal conclusion that the amendment could not withstand a motion for judgment on the pleadings. *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). Similarly, if the Court is to deny the

movants' motion for leave to intervene in the instant action, it must determine that the proposed complaint could not withstand a motion for judgment on the pleadings.

CRST apparently claims that the movants failed to comply with the applicable administrative exhaustion and timeliness requirements. The movants apparently deny that claim. CRST notes that five of the six movants do not live in Iowa and suggests, without citing any authority, that there is "at least a substantial question" regarding whether they have standing to sue under the ICRA. CRST also argues that the ICRA claims would duplicate the claims brought by EEOC.[5] Even if that is true (and the Interveners argue that it is not), however, CRST does not cite any authority which would support a denial of the Motion for Leave to Intervene on that ground.

The Court concludes that the issue of whether the movants have "established their right to sue under the ICRA" cannot be determined on this record. If CRST believes that it is entitled to summary dismissal of all or part of the Interveners' Complaint, then it must file an appropriate motion in that regard. The Court concludes that the Motion for Leave to Intervene should be granted.

## ORDER

IT IS THEREFORE ORDERED that the Motion for Leave to Intervene (docket number 43) filed on August 18, 2008 is hereby **GRANTED**. The Clerk of Court shall detach and separately docket the Plaintiffs'/Intervenors' Complaint and Jury Demand (docket number 43-3).

DATED this 26th day of September, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[5] As noted by the Interveners, this argument undercuts CRST's earlier argument that the proposed complaint substantially changes the issue and would prejudice CRST.

7