IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

and

JANET BOOT, BARBARA GRANT,
CINDY MOFFETT, REMCEY
JEUNENNE PEEPLES, MONIKA
STARK, LATESHA THOMAS, and
NICOLE ANN CINQUEMANO,

    Plaintiffs-Intervenors,

vs.

CRST VAN EXPEDITED, INC.,

    Defendant.

No. C07-0095

RULING ON MOTION TO COMPEL

TABLE OF CONTENTS

*I.*    *INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.*   *NOTICE OF RULE 30(b)(6) DEPOSITION.* . . . . . . . . . . . . . . . . 2
     *A.*   *EEOC Positions in Prior Litigation* . . . . . . . . . . . . . . . 3
     *B.*   *Solicitation of Potential Class Members* . . . . . . . . . . . . 4
          *1.*   *Is the Testimony Protected By Attorney-Client Privilege?* . . . . 6
          *2.*   *Are the Solicitation Contacts Protected Work Product?* . . . . . 7
          *3.*   *Does Shelton Prohibit the Rule 30(b)(6) Deposition?* . . . . . . 9

*III.*  *SUMMARY.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*ORDER.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION

On the 14th day of January 2009, this matter came on for telephonic hearing on the Motion to Compel the Equal Employment Opportunity Commission to Comply With CRST's Rule 30(b)(6) Notice of Deposition (docket number 95) filed by Defendant CRST Van Expedited, Inc. on January 7, 2009. Plaintiff Equal Employment Opportunity Commission ("EEOC") was represented by its attorneys, Jean P. Kamp and Laurie Vasichek. The Plaintiffs/Intervenors were represented by their attorney, Matthew J. Reilly. Defendant CRST was represented by its attorneys, Robert T. Markowski and Kevin J. Visser.

## II. NOTICE OF RULE 30(b)(6) DEPOSITION

On December 15, 2008, CRST served the EEOC with a Notice of Rule 30(b)(6) Deposition.[1] The notice identified four "topics" for examination. Items 1 and 2 pertain to positions taken by the EEOC in two earlier lawsuits. Specifically, CRST wants to establish that EEOC previously sued two trucking companies for having a policy of not allowing female employees to receive over-the-road truck driving training from male trainers on long-haul trucks. CRST claims that "a jury will intuitively wonder why CRST makes women drive with men rather than with other women so as to prevent sexual harassment entirely."[2] CRST wants to show the jury that a policy requiring same-sex instructors would have violated EEOC's position and subjected CRST to litigation.

In items 3 and 4 of the Notice of Rule 30(b)(6) Deposition, CRST seeks discovery regarding EEOC's efforts to solicit current or former female CRST employees to participate in this litigation as class members. Specifically, CRST requests that EEOC

---

[1] *See* CRST's Brief in Support of Its Motion to Compel, Exhibit 2 (docket number 95-4).

[2] *See* CRST's Reply in Support of Its Motion to Compel (docket number 112) at 1-2.

2

identify a witness who will testify regarding EEOC's communications--oral or written--with potential class members.

## A. *EEOC Positions in Prior Litigation*

While arguing that the evidence has only "minimal relevance," EEOC has agreed to produce Kathryn Olson to testify regarding topics 1 and 2. Ms. Olson was EEOC's trial counsel in the two prior lawsuits and has the most direct knowledge of that litigation. Ms. Olson lives in Seattle, however, and is no longer employed by the EEOC. On December 19, EEOC's counsel advised CRST's counsel that Ms. Olson "is willing to come to Chicago for deposition on either January 9 or January 12."[3] On December 30, however, EEOC's counsel notified CRST's counsel that Ms. Olson "will not be able to travel to Chicago before January 15."[4] EEOC offered to make Ms. Olson available for her deposition in Seattle on January 9 or January 12. CRST rejected the alternative that Ms. Olson's deposition be taken in Seattle, and filed the instant motion to compel.

"Ordinarily, a defendant is entitled to examine a plaintiff in the forum in which the plaintiff sues." *Fast Food Gourmet v. Little Lady Foods*, 2007 WL 188014 at *2 (N.D. Ill.). The Court may order an exception, however, "if special circumstances are shown such as *undue* hardship, burden or expense to the plaintiff which outweigh any prejudice to the defendant." *Id.* (emphasis in original) *See also Lexington Ins. Co. v. Commonwealth Ins. Co.*, 1999 WL 33292943 (N.D. Cal.) at *8-10.

In its resistance, EEOC does not claim undue hardship, burden, or expense. Rather, EEOC argues that the "equities" require the deposition to be taken in Seattle. EEOC argues that the testimony is only marginally relevant and is duplicative of admissions previously made by EEOC at CRST's request. EEOC notes that because their

---

[3] *See* CRST's Brief in Support of Its Motion to Compel, Exhibit 4 (docket number 95-6).

[4] *See* CRST's Brief in Support of Its Motion to Compel, Exhibit 5 (docket number 95-7).

3

designated witness is not an EEOC employee, it cannot compel her attendance in Cedar Rapids or Chicago. The record reflects that until a problem developed in Ms. Olson's schedule, EEOC had no objection to producing her in Chicago for a Rule 30(b)(6) deposition.

As the Court indicated at the time of hearing, it concludes that the EEOC is required to produce its 30(b)(6) witness to testify in this district. With CRST's consent, however, the Court finds that the deposition may be taken in Chicago. Ms. Kamp advised the Court that she believed Ms. Olson could be available to travel to Chicago within the next couple of weeks. Mr. Markowski agreed that a short extension of the discovery deadline for that limited purpose would not be problematic. Accordingly, the Court orders that EEOC provide Kathryn Olson to testify at a deposition in Chicago not later than January 30, 2009, regarding topics 1 and 2 in the Notice of Rule 30(b)(6) Deposition.

### B. Solicitation of Potential Class Members

The more difficult issue is whether EEOC is required to produce a Rule 30(b)(6) witness to testify regarding its efforts to solicit class members. CRST claims that it has been concerned since the beginning of the lawsuit regarding EEOC's efforts to solicit class members. The litigation was commenced with the filing of EEOC's complaint on September 27, 2007. The action was initiated on behalf of "Monika Starke and a class of similarly situated female employees of Defendant CRST Van Expedited, Inc." In late January and early February 2008, counsel for both parties participated in drafting a letter from EEOC to potential class members. In an e-mail to EEOC's counsel dated February 8, 2008, CRST's counsel expressed his belief that "a mass mailing both runs a great risk of precipitating false or exaggerated claims from people who previously have made no complaint of any sort, despite the requirements of CRST's harassment policies."[5]

---

[5] *See* CRST's Brief in Support of Its Motion to Compel, Exhibit 11 (docket number 95-13).

4

While the record is somewhat imprecise, EEOC apparently sent a letter to over 2,000 prospective class members in late May 2008, using a list of female/male driver pairs and addresses which were provided by CRST on April 17, 2008.[6] As of August 18, 2008, EEOC had identified 49 class members and expected that the total class would reach between 100 and 150 individuals.[7] On August 20, 2008, the Court ordered that EEOC disclose the identity of class members not later than October 15, 2008.

Following the Court's order establishing a deadline for identifying class members, EEOC apparently stepped up its efforts to contact potential class members. At the time of hearing, Ms. Kamp represented to the Court that four or five different types of form letters were sent to potential class members, depending on whether they had previously contacted EEOC, whether they were identified in CRST's recently produced investigative files, or based on other characteristics. Apparently, a sample of one of those letters is the one sent to Gladys Morales, dated November 17, 2008.[8] The EEOC also called potential class members.

CRST believes that given the nature of the claims--including the fact that in many instances there will be only two witnesses to the alleged harassment--that the credibility of the individual class members will be critical to the jury's determination. CRST claims that "some women may have agreed to participate only after the EEOC informed them of their potential financial benefit from an award against CRST."[9] CRST argues that representations made by EEOC to prospective class members prior to their agreeing to join

---

[6] *See* Plaintiff EEOC's Response to CRST's Request for Class Member Identification Deadline (docket number 42) at 2, n.2.

[7] *Id.*

[8] *See* CRST's Brief in Support of Its Motion to Compel, Exhibit 2 (docket number 95-4).

[9] *See* CRST's Brief in Support of Its Motion to Compel, p.9 (docket number 95-2 at 13).

the class are relevant to the witness' credibility. *Berger v. Seyfarth Shaw, LLP*, 2008 WL 4570687 (N.D. Cal.) at *1 (suggesting in a different context that a witness' financial interest in the action is "relevant to credibility and bias, and discoverable."). In support of its claim, CRST submits an affidavit of Lois Gooden, claiming that she was called by an EEOC representative and told that "if I joined the lawsuit I could receive a large monetary settlement from CRST."[10]

The EEOC argues that the information sought is protected by attorney-client privilege and by the work-product doctrine. It also asserts that the only person who can testify on these matters is an EEOC attorney. Citing *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1985), EEOC argues that CRST has not satisfied the "high burden" required to compel the deposition of an opposing counsel.

### 1. *Is the Testimony Protected By Attorney-Client Privilege?*

EEOC argues that its communications "with the claimants in this matter regarding their participation in this suit, including what the claimants might obtain in any settlement or judgment, are covered by the attorney-client privilege."[11] In the introductory portion of the fourth paragraph in CRST's Notice of Rule 30(b)(6) Deposition, however, CRST explicitly limits the subject matter to EEOC's communications "with current and former CRST female employees with whom it had no attorney-client relationship at the time of such communications."[12] In its briefs and at the hearing, CRST emphasized that it is seeking to discover only communications that predate any attorney-client relationship. Communications which occur prior to the establishment of an attorney-client relationship

---

[10] *See* CRST's Brief in Support of Its Motion to Compel, Exhibit 1 (docket number 95-3).

[11] EEOC's Memorandum Opposing the Motion to Compel, p.12 (docket number 107 at 12).

[12] *See* CRST's Brief in Support of Its Motion to Compel, Exhibit 2 (docket number 95-4).

6

are not privileged, even if an attorney-client relationship is later established. *EEOC v. Johnson & Higgins, Inc.*, 1998 WL 778369 (S.D.N.Y.) at *1.

The EEOC now claims an attorney-client relationship with 186 class members.[13] The record is imprecise, however, regarding when the attorney-client relationship was allegedly established. At the time of hearing, EEOC's counsel indicated generally that an attorney-client relationship was established when either a prospective class member asked for advice or indicated a willingness to be a class member. CRST argues that communications--written or oral--by the EEOC to female employees to inquire if they were interested in joining the class necessarily occurred prior to the establishment of an attorney-client relationship.

Merely sending a letter to potential class members, or calling potential class members when they failed to respond to the letter, does not establish an attorney-client relationship. *Hinsdale v. City of Liberal, Kansas*, 961 F. Supp. 1490 (D. Kan. 1997). Accordingly, representations made in those communications in an effort to persuade the employee to join the class are not protected by the attorney-client privilege. The Court agrees with the EEOC that an attorney-client relationship is not established until the employee either asks the EEOC for advice (for example by responding to the initial solicitation letter) or agrees to become a member of the class. *Morisky v. Public Service Elec. and Gas Co.*, 191 F.R.D. 419 (D.N.J. 2000). Therefore, the Court concludes that contacts by the EEOC in an effort to solicit an attorney-client relationship are not protected by the attorney-client privilege.

2. *Are the Solicitation Contacts Protected Work Product?*

In the landmark case of *Hickman v. Taylor*, 329 U.S. 495 (1947), the Court held that communications which fall outside the scope of the attorney-client privilege may nonetheless be protected by the work-product doctrine. Work product may consist of "raw

---

[13] *See* EEOC's Updated List of Class Members and List of Those With Whom it Claims an Attorney-Client Privilege (docket number 111), filed on January 13, 2009.

7

factual information," or it may include the attorney's "mental impressions, conclusions, opinions or legal theories." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinarily, a party may not discover documents prepared in anticipation of litigation by another party unless the documents are otherwise discoverable and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A). If the Court orders discovery of those materials, however, it must protect against disclosure of "the mental impressions, conclusions, opinions, or legal theories" of the opposing party. Rule 26(b)(3)(B). *Pepsico, Inc. v. Baird, Kurtz & Dobsen, LLP*, 305 F.3d 813, 817 (8th Cir. 2002).

In its brief, EEOC argues that "statements and notes of interviews of non-parties" are protected work product. The Court agrees. That is, CRST is not entitled to discover information which EEOC learned during interviews with prospective class members. As the Court understands it, however, that is not the information which CRST seeks. CRST asks that EEOC be required to disclose the representations which EEOC made to prospective class members, *not* any information which the prospective class members provided to EEOC.

The Court has not been provided with copies of the letters which were sent to prospective class members, nor does it have a "script" of what prospective class members may have been told in phone calls. Some insight in that regard may be provided, however, by reviewing the mass mailing which was sent out in the spring of 2008, the letter to Gladys Morales on November 17, 2008, and the affidavit of Lois Gooden regarding the substance of a phone call received from the EEOC.[14] While the solicitation letters were sent in anticipation of litigation, they do not contain counsel's "mental impressions" or

---

[14] *See* docket numbers 95-13 at 7-8, 95-4 at 7-8, and 95-3.

legal theories.[15] That is, the letters appear to be "ordinary work product," rather than "opinion work product." *Baker*, 209 F.3d at 1054. Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(b)(3)(A), ordinary work product is discoverable if "the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means." *Id.* The Court believes that representations made to prospective class members in order to induce their participation in the lawsuit is relevant to the issue of their credibility. CRST has a substantial need for the information but cannot, without undue hardship, obtain the information by other means. A CRST attorney attempted to question Virginia Mason regarding the subject at her deposition, but the witness was instructed not to answer by an EEOC attorney.[16] To require CRST to redepose each of the 150+ class members on this subject would create an undue hardship for all parties. Accordingly, the Court concludes that the solicitation letters sent by EEOC to prospective class members or oral representations made to prospective class members, prior to the establishment of an attorney-client relationship, are discoverable pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(b)(3)(A).

### 3. Does Shelton Prohibit the Rule 30(b)(6) Deposition?

The EEOC claims that "[t]he only person who the EEOC can proffer to testify on these matters is an EEOC attorney."[17] In *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1985), the Court found "the increasing practice of taking opposing

---

[15] In a footnote, EEOC also suggests that simply disclosing its "determination of which potential claimants it should contact, . . . would reveal its attorneys' thought processes and opinion work product." *See* EEOC's Memorandum Opposing Motion to Compel, p.14 at n.6 (docket number 107 at 14). In this case, however, the names of potential claimants are known to CRST and, in fact, were provided by CRST.

[16] *See* CRST's Reply in Support of Its Motion to Compel, Exhibit 2 (docket number 112-3).

[17] EEOC's Memorandum Opposing the Motion to Compel, p.9 (docket number 107 at 9).

counsel's deposition as a negative development in the area of litigation, and one that should be employed only in limited circumstances." *Id.* at 1327. While not holding that opposing trial counsel is "absolutely immune" from being deposed, the Court found that such depositions

> should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Id.* The EEOC argues that CRST cannot satisfy any of the three *Shelton* prongs.

First, EEOC claims that when taking the class members' depositions, CRST could have asked what communications from EEOC may have prompted their entry into the case. When a CRST attorney asked Virginia Mason what was said during a phone call from the EEOC, however, the EEOC attorney instructed the witness not to answer.[18] The objection was that the question "inquires into privileged communication." The witness testified, however, that she did not consider the EEOC to represent her at that time and she was not seeking their legal advice. Accordingly, no attorney-client relationship existed between the witness and EEOC at that time. Even if the Court now rules that CRST is entitled to inquire of the various class members, the 150+ depositions have been completed and the discovery deadline has expired. Accordingly, there is no other practical means of obtaining the information regarding what representations were made to prospective class members, other than asking a representative of the EEOC.

The second prong of *Shelton* requires that "the information sought is relevant and nonprivileged." Here, CRST seeks information regarding representations made to current and former female employees in an effort to induce them to join in this lawsuit. CRST argues that when and why a claimant joined in the class is relevant to the issue of her

---

[18] *See* CRST's Reply in Support of its Motion to Compel, Exhibit 2 (docket number 112-3).

credibility. The Court agrees. The Court believes that the information is only relevant, however, to the 150+ persons who make up the class and will testify at trial. For the reasons set forth above, the Court concludes that the information sought is not protected by the attorney-client privilege or the work-product doctrine.

Finally, the deposition of opposing counsel may only be taken if the information sought "is crucial to the preparation of the case." As indicated above, the Court believes that the information sought by CRST is relevant to the issue of witness credibility. The issue of credibility is particularly crucial in this case because in many instances the only witnesses to the alleged harassment will be the claimant and her instructor. Therefore, the Court believes that the three prongs of *Shelton* are satisfied and CRST may depose an EEOC attorney, if necessary.

As noted by CRST, however, it is not clear that EEOC would need to designate an attorney for Rule 30(b)(6) purposes. That is, one suspects that there are other persons at the commission who would have knowledge regarding the form letters that were sent to prospective class members and the substance of the representations made during phone calls. "The testimony of a Rule 30(b)(6) designee 'represents the knowledge of the corporation, not of the individual deponents.'" *Great American Insurance Company v. Vegas Construction Company, Inc.*, 251 F.R.D. 534, 538 (D. Nev. 2008). "A Rule 30(b)(6) designee is not required to have personal knowledge on the designated subject matter." *Id.*

### III. SUMMARY

Regarding topics 1 and 2 in the Notice of Rule 30(b)(6) Deposition, EEOC has agreed to provide Kathryn Olson to testify regarding the positions taken by EEOC in two prior lawsuits. The Court concludes that EEOC must provide its witness to testify at a deposition in Chicago not later than January 30, 2009. The discovery deadline will be extended to that date for that limited purpose.

Regarding topics 3 and 4 in the Notice of Rule 30(b)(6) Deposition, the Court concludes that EEOC must provide a Rule 30(b)(6) witness to testify regarding contacts made with current and former employees in an effort to solicit their entry into the class. The discovery is limited to representations made by EEOC in an effort to induce participation by potential class members. That is, EEOC is not required to disclose information which it learned from prospective class members. The discovery is limited to representations made by EEOC to current or former employees prior to the establishment of an attorney-client relationship between EEOC and the employee. That is, after an employee asked for legal advice or indicated an intention to join the class, then any communication by EEOC to the employee is protected by the attorney-client privilege. The EEOC shall produce its witness to testify at a deposition not later than January 30, 2009. The discovery deadline will be extended to that date for that limited purpose. The deposition shall occur in Cedar Rapids, Iowa, unless the parties otherwise agree to an alternate site.

## *ORDER*

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 95) filed by CRST on January 7, 2009 is hereby **GRANTED** as set forth above.

DATED this 20th day of January, 2009.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA