# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARKE, LATESHA THOMAS, and NICOLE ANN CINQUEMANO,<br><br>Plaintiffs/Interveners,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>Defendant. | No. C07-0095<br><br>RULING ON MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on the Motion for Protective Order (docket number 103) filed by Plaintiff Equal Employment Opportunity Commission ("EEOC") on January 9, 2009, and the Response in Opposition (docket number 122) filed by Defendant CRST Van Expedited, Inc. ("CRST") on January 23, 2009. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS

On October 15, 2008, the deadline for disclosing class members, EEOC served its Ninth Supplement to Initial Disclosures, identifying Karen Shank as a person having

1

"relevant discoverable information."[1] On November 19, 2008, the Court ordered that "the EEOC shall make all women on the list [of identified class members] available to CRST for a deposition before the conclusion of discovery on January 15, 2008 [sic]."[2] The Order further provided that "[i]f the EEOC fails to make a woman available," then she will not be permitted to testify at trial and the EEOC is prohibited "from seeking relief on her behalf in this case."[3] On January 9, 2009, prior to the deadline for making Shank available for her deposition, EEOC filed the instant motion for a protective order. EEOC asks that the Court "issue an Order protecting Karen Shank from having to come to Chicago to repeat her deposition testimony as a condition for staying in EEOC's class."

In support of its motion, EEOC notes that Shank is the plaintiff in a private action against CRST in California.[4] In her California action, Shank alleges the same activities which underlie her status as a class member in the instant action. Shank alleges eight causes of action, including sexual assault and harassment, and requests compensatory and punitive damages. According to the Declaration of Elizabeth Riles,[5] Shank was deposed by a CRST lawyer for nearly six hours in the California litigation on August 22, 2007, excluding any breaks, and was deposed on the following day for nearly five hours. The deposition was apparently still not completed, and the parties have agreed to a third session.

---

[1] *See* CRST's Response in Opposition, Exhibit 2 (docket number 122-3); *See also* Corrected List of Class Members Identified by EEOC (docket number 68).

[2] *See* Order, p.9 (docket number 66 at 9).

[3] *Id.*

[4] A copy of the Complaint for Damages filed in the Superior Court for San Bernardino County is attached to CRST's Response in Opposition as Exhibit 1. (*See* docket number 122-2.)

[5] *See* docket number 103-2.

On December 17, 2008, an EEOC attorney sent an email to a CRST attorney, stating:

> I assume that you do not wish to depose Karen Shank since she was already deposed in her private suit. If I am not correct, please let me know and we will put her on the schedule.

*See* CRST's Response in Opposition, Exhibit 6 (docket number 122-7). CRST's attorney responded approximately one hour later, stating "we do wish to depose her."[6]

On the following day, EEOC's counsel suggested that CRST work with Shank's private attorney in California "to coordinate a day to finish Ms. Shanks' [sic] deposition in California." CRST responded almost immediately, stating:

> The EEOC has an obligation to produce Ms. Shank in this case and to respond to CRST's discovery in this case if it is going to pursue claims on her behalf.

*See* Declaration of Jeanne B. Szromba, Exhibit 1 (docket number 103-3 at 4).

## II. DISCUSSION

The Order entered by the Court on November 19, 2008 was explicit. The Court required EEOC to "make all women on the list [of identified class members] available to CRST for a deposition before the conclusion of discovery on January 15, 2008."[7] On November 26, 2008, the parties stipulated to an Agreed Order (docket number 80). CRST agreed to send lawyers to any city proposed by EEOC on December 11-12 and December 18-19 for the purpose of deposing class members. In fact, ten depositions were apparently taken in Los Angeles, California, on December 11-12.[8] Apparently, however, EEOC did not suggest that CRST take Shank's deposition at that time. On December 17, 2008, EEOC said it would "put [Shank] on the schedule," but it subsequently decided that it

---

[6] *See* CRST's Response in Opposition, Exhibit 7 (docket number 122-8).

[7] All parties understood that the deadline was January 15, 200<u>9</u>.

[8] *See* CRST's Response in Opposition, Exhibit 5 (docket number 122-6).

3

would not produce Shank for a deposition in this case. Rather, EEOC suggested that CRST participate in the conclusion of Shank's deposition in the California action.

In seeking a protective order, EEOC argues that CRST has failed to explain "what testimony it claims it needs from Shank that it has not already received from her in her two previous deposition days." While CRST did not respond specifically to that argument, the Court presumes that it may have questions regarding EEOC's "pattern and practice" allegation. The deposition of Karen Shank in the California action occurred prior to the filing of the instant action. Presumably, Shank was not questioned regarding her knowledge of allegations by other female employees, since at the time of her deposition the instant action had not been filed.

Upon a showing of good cause, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The courts have imposed a balancing test in determining whether good cause has been shown. *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 96 (S.D. Iowa 1992). The party seeking a protective order bears the burden of proof. *Id.* Here, EEOC argues that requiring Shank to travel to Chicago to submit to a deposition constitutes an undue burden and unnecessary expense.

Shank has apparently elected to join this case as a class member. The Court concludes that pursuant to its prior orders, EEOC is required to make Shank available for her deposition if she intends to pursue a claim in this case. EEOC could have requested that CRST take her deposition in California on December 11-12, but did not do so. EEOC has failed to meet its burden of proving that traveling to Chicago for a deposition under these circumstances constitutes an "undue burden or expense." Accordingly, the Court concludes that it is necessary for Shank to submit to her deposition in Chicago.

CRST argues that since Shank was not produced for her deposition prior to the January 15, 2009 deadline, EEOC should not be permitted to produce her at this time and, therefore, she should not be permitted to testify at trial and the EEOC should be barred

4

from seeking relief on her behalf in this case. Since the motion for protective order was filed prior to the deadline, however, the Court concludes that EEOC should be given an additional ten days to produce Karen Shank for her deposition in Chicago, if she intends to seek relief as a class member in this case.[9]

### ORDER

IT IS THEREFORE ORDERED that the Motion for Protective Order (docket number 103) filed by EEOC on January 9, 2009 is hereby **DENIED**. If EEOC intends to call Karen Shank as a witness at the time of trial or seek relief on her behalf in this case, then it must produce her in Chicago for a deposition not later than ten (10) days following the entry of this Order.

DATED this 29th day of January, 2009.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[9] It should be recalled that Shank's action in California is still pending and she is, of course, entitled to pursue relief in that case.