IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARK, LATESHA THOMAS, and NICOLE ANN CINQUEMANO,<br><br>Plaintiffs-Intervenors,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>Defendant. | No. C07-0095<br><br>ORDER REGARDING COMPLAINTS RECEIVED AFTER OCTOBER 15, 2008 |

On the 10th day of February 2009, this matter came on for hearing on the Motion to Compel CRST Van Expedited, Inc. to Provide Discovery Regarding Sexual Harassment Complaints Received After October 15, 2008 (docket number 104) filed by the Equal Employment Opportunity Commission on January 9, 2009. EEOC was represented by its attorneys, Jean P. Kamp, Brian C. Tyndall, and Jeanne Szromba. CRST was represented by its attorneys, John H. Mathias, Jr., Sally Sears Coder, Kevin J. Visser, and Thomas D. Wolle. The Plaintiff-Interveners were represented by their attorneys, Jeffrey R. Tronvold and Matthew J. Reilly.

1

## ISSUE PRESENTED

The issue presented by the instant motion is whether CRST should be required to disclose sexual harassment complaints which it received after October 15, 2008, if any. EEOC argues that CRST should disclose complaints received through January 15, 2009, the deadline for completion of discovery. CRST argues that it should only be required to disclose complaints received through October 15, 2008, the deadline for identifying class members.

## RELEVANT FACTS

Briefly stated, EEOC filed this "pattern or practice" action to recover damages for women drivers who suffered sexual harassment while employed by CRST, and to obtain injunctive relief. As part of the discovery, CRST disclosed sexual harassment complaints which it received between January 1, 2005 and October 15, 2008. In its answers to EEOC's second set of interrogatories, CRST disclosed "the total number by year from January 1, 2005 to October 15, 2008 of female drivers at CRST who availed themselves of CRST's formal human resources complaint procedures to report conduct that potentially could be covered by CRST's sexual harassment policy."[1] Specifically, CRST reported 46 complaints in 2005, 35 complaints in 2006, 58 complaints in 2007, and 44 complaints through October 15, 2008.[2] In addition, CRST has produced its "HR Investigation Files" for complaints lodged during that time period.

In selecting October 15 as the cut-off date, CRST is relying on the Court's Order of August 20, 2008, which required all class members to be identified by October 15,

---

[1] *See* CRST's Answers to Second Set of Interrogatories, attached to the Declaration of Jean P. Kamp as Exhibit 7 (docket number 104-3 at 54).

[2] After EEOC filed the instant motion, CRST supplemented its answers to EEOC's second set of interrogatories, adjusting, without explanation, the number of complaints filed during those time periods. *See* Exhibit 7 attached to Declaration of Jean P. Kamp (docket number 127-10 at 5). Originally, CRST reported 183 complaints during that time period, while in its supplemental answers the number of complaints was reduced to 174.

2008. CRST reasons that since class members cannot be added after that date, complaints received after that date are irrelevant. While EEOC acknowledges that it cannot recover damages in this action for women who filed complaints after October 15, it nonetheless argues that complaints received after October 15 are relevant to its pattern or practice allegation, the issue of punitive damages, and the award of injunctive relief.[3]

## DISCUSSION

CRST has produced "HR Investigation Files that involve a sexual harassment complaint" from January 1, 2005 to October 15, 2008, a period of nearly four years.[4] EEOC asks, however, that CRST be required to disclose complaints filed during the following three months, citing its obligation to prove a pattern or practice of sexual harassment. *See, e.g., Catlett v. Missouri Highway and Transp. Comm'n*, 828 F.2d 1260, 1265 (8th Cir. 1987).

At the time of hearing, counsel for EEOC conceded that any deadline established by the Court would be "arbitrary." That is, EEOC concedes that CRST should not be required to disclose complaints of sexual harassment right up to the June 15, 2009 trial date. EEOC asserts that the discovery deadline of January 15, 2009 is an appropriate cut-off date. CRST argues that since women filing complaints after October 15, 2008 are necessarily excluded from the class by prior Court order, the complaints are not relevant and the admission of that evidence would prejudice CRST.

---

[3] Curiously, in a footnote to Exhibit 20 attached to EEOC's Motion to Compel and for Sanctions (docket number 127), EEOC indicates that it "also intends to ask for monetary relief for victims of sex harassment who may be disclosed as a result of its pending motion to compel discovery for the period after October 15, 2008." *See* Exhibit 20 attached to Declaration of Jean P. Kamp (docket number 127-25 at 3). In its instant motion, however, EEOC does not suggest that it will be seeking monetary relief for any complainants appearing between October 15, 2008 and January 15, 2009.

[4] *See* CRST's First Supplemental Response to EEOC's Interrogatory Number 6, Exhibit 3 attached to the Declaration of Jean P. Kamp (docket number 104-3 at 28).

The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). That is, "the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* The information sought in the discovery request "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006). *See also Archer Daniels Midland Co. v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 589 (D. Minn. 1999) (The relevancy standard "is widely recognized as one that is necessarily broad in its scope, in order to allow the parties essentially equal access to the operative facts."). While the standard to be applied is one of liberality, however, "relevancy under Rule 26 is not without bounds." *Bredemus v. International Paper Co.*, 252 F.R.D. 529, 533 (D. Minn. 2008).

The party resisting production of the requested information bears the burden of establishing lack of relevancy. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).

> The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to FED. R. CIV. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."

*Id.* (quoting *Burke v. New York City Police Department*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987)). Accordingly, CRST must show that the requested information is not relevant and does not appear reasonably calculated to lead to the discovery of admissible evidence.

Obviously, complaints of sexual harassment received by CRST between January 1, 2005 and October 15, 2008 may lead to the discovery of admissible evidence regarding

4

EEOC's claim, and have been produced. CRST argues, however, that *complaints* filed after October 15, 2008 are not relevant because they are merely unproven allegations. That is, in order to establish a pattern or practice of sexual harassment, or to justify punitive damages or injunctive relief (the reasons asserted by EEOC for requiring the additional information), EEOC must establish facts, not mere allegations. The complaints themselves are not reasonably calculated to lead to the discovery of admissible evidence, since the discovery deadline has expired.

The Court concludes that any *complaints* filed during the additional three months sought by EEOC have marginal relevance, at best, and cannot lead to the discovery of relevant information since the deadline for completion of discovery has passed. Pursuant to the Court's prior Order, any complainants appearing after October 15, 2008 cannot be a part of this class. Mere allegations of sexual harassment cannot be relied upon by EEOC to establish a pattern or practice, or to support an award of punitive damages or injunctive relief. To the extent that a complainant suffered sexual harassment after October 15, 2008, her remedy lies elsewhere.

Even if the complaints filed between October 15, 2008 and January 15, 2009 have some marginal relevance, however, the Court believes that they would have little or no impact in this case. CRST has produced its files regarding sexual harassment complaints lodged between January 1, 2005 and October 15, 2008, a period of 45½ months. If EEOC cannot establish a pattern or practice of sexual harassment during that time frame, it is doubtful that an additional three months of information will get the job done. The courts have broad discretion to limit discovery and decide discovery motions. *Desert Orchid Partners, LLC v. Transaction Systems Architects, Inc.*, 237 F.R.D. 215, 218 (D. Neb. 2006). As EEOC concedes, a cut-off must be established for disclosure of ongoing complaints. The Court concludes that the logical date for that cut-off is October 15, 2008. As a consequence of the Court's prior Order, any women filing complaints after that date cannot recover monetary damages in this case and will not be permitted to testify at trial.

*See* Order (docket number 66) at 9. EEOC's claim that information regarding complaints made after October 15 is necessary to establish a pattern or practice of sexual harassment, or is required to determine punitive damages or injunctive relief, is unpersuasive.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Compel CRST Van Expedited, Inc. to Provide Discovery Regarding Sexual Harassment Complaints Received After October 15, 2008 (docket number 104) filed by EEOC on January 9, 2009 is hereby **DENIED**.

DATED this 17th day of February, 2009.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA