IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARK, LATESHA THOMAS, and NICOLE ANN CINQUEMANO,<br><br>Plaintiffs-Intervenors,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>Defendant. | No. C07-0095<br><br>ORDER REGARDING PRODUCTION OF PENDING ACTIONS REPORTS AND WATCH LISTS |

On the 10th day of February 2009, this matter came on for hearing on the Motion to Compel Discovery (docket number 133) filed by the Equal Employment Opportunity Commission on January 29, 2009. EEOC was represented by its attorneys, Jean P. Kamp, Brian C. Tyndall, and Jeanne Szromba. CRST was represented by its attorneys, John H. Mathias, Jr., Sally Sears Coder, Kevin J. Visser, and Thomas D. Wolle. The Plaintiff-Interveners were represented by their attorneys, Jeffrey R. Tronvold and Matthew J. Reilly.

## I. ISSUE PRESENTED

Two issues are presented by this motion to compel discovery: First, EEOC seeks production of reports provided periodically to CRST's board chairman, John Smith,

1

regarding pending sexual harassment complaints. Second, EEOC seeks copies of "watch lists," which are prepared monthly for use by managers at CRST.

## II. RELEVANT FACTS

### A. Pending Actions Reports

At his deposition on January 13, 2009, John M. Smith testified that he receives regular periodic reports on sexual harassment at CRST. Mr. Smith testified that he has received those reports every "four to six weeks" for the last ten or fifteen years. At the instant hearing, CRST's counsel told the Court that the report refers to complaints which are pending at that time before a court or administrative agency. That is, it is essentially a "status report" of pending actions, and the case is deleted from the report when it has been concluded. According to counsel, the report does not reference any internal complaints of sexual harassment, but is limited to formal proceedings before a court or administrative agency.

CRST has agreed to provide the reports for the period from January 1, 2005 through October 15, 2008. The EEOC argues that it "should get all the reports, going back the ten or fifteen years referred to by Mr. Smith, in order to discover all it can about the scope of the pattern or practice in this case."[1]

### B. Watch Lists

At his deposition on December 2, 2008, George Brandmayr, CRST's lead driver manager, testified that he receives monthly "watch lists." While his testimony is not a model of clarity, Mr. Brandmayr testified that "there is several watch lists, one for overall safety record and then one for behavior."[2] As an example of "behavior" which would be included on a watch list, Mr. Brandmayr referred to alteration of a log book. The entries

---

[1] See EEOC's Brief in Support of Motion to Compel Discovery (docket number 133-2) at 2.

[2] See Deposition of George V. Brandmayr, 58:11-13, attached as Exhibit 8 to Declaration of Brian C. Tyndall (docket number 133-11 at 3).

are made on "what we call the violations screen, which has both good and bad stuff on it."[3] CRST "operations" can also "enter professionalism stuff on there."[4] A report, referred to by Mr. Brandmayr as the "watch list," "kicks out monthly" from the violations screen.

At the time of hearing, the Court was provided with an example of a computer screen entitled "CRST Driver Maintenance Violations." The printed-out example refers to a variety of matters including moving violations, late deliveries, inspections, and a reference to the "watch list." CRST's attorney represented at the hearing that the "driver maintenance violations" screen and the resulting "watch list" would not include any references to sexual harassment complaints. According to counsel, any complaints of sexual harassment are shown on what is referred to as a "five screen," and would not be reflected on the "watch list" referred to by Mr. Brandmayr. CRST denies that there are any summary lists prepared regularly regarding sexual harassment complaints, with the exception of what is called a "Positive Work Environment Communication chart" ("PWE"). CRST has agreed to provide copies of the PWEs.

### III. DISCUSSION

#### A. Pending Actions Reports

CRST concedes that the reports received by Mr. Smith regarding the status of harassment claims pending before a court or administrative agency are relevant to the issues in the instant action. CRST has agreed to provide the reports for the period from January 1, 2005 through October 15, 2008. CRST argues, however, that reports generated prior to January 1, 2005 are "neither relevant to the subject matter of this action nor

---

[3] *Id.* 59:10.

[4] *Id.* 59:13-14.

reasonably calculated to lead to the discovery of admissible evidence."[5] EEOC notes that some of the allegations predate January 1, 2005, and argues that the reports are "right on point" to its pattern or practice allegation.

The familiar standard governing the scope of discovery generally is found in FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1): "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Accordingly, the Court must first determine whether the status reports received by Mr. Smith prior to January 1, 2005 are relevant to EEOC's claim or CRST's defense. In a discovery context, relevancy "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). *See also Rollscreen Co. v. Pella Products*, 145 F.R.D. 92, 94 (S.D. Iowa) ("Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'"); *Davis v. Union Pacific R.R. Co.*, 2008 WL 3992761 (E.D. Ark.) at *2 ("A request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party.'").

In its First Amended Complaint, EEOC claims that CRST has engaged in a pattern or practice of sexual harassment of female drivers "[s]ince at least July 2005."[6] In its Answer, CRST asserts that it "took reasonable care to prevent and correct unlawful

---

[5] *See* CRST's Response to Motion to Compel Discovery (docket number 137) at 2.

[6] *See* First Amended Complaint (docket number 8), ¶ 7 at 2.

4

harassment, and Monika Stark and similarly situated female employees failed to take advantage of corrective opportunities or otherwise to avoid harm, if any."[7]

CRST apparently concedes that the pending actions reports received by Mr. Smith between January 1, 2005 and October 15, 2008 are relevant either to EEOC's claims or CRST's defenses. CRST argues, however, that reports prepared prior to January 1, 2005 are not relevant. CRST bears the burden of establishing lack of relevancy. *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). The cases cited by CRST in its brief do not provide any authority for its argument in this regard.

The Court concludes that information provided to CRST's CEO prior to January 1, 2005 may be relevant to the issue of whether CRST "took reasonable care to prevent and correct unlawful harassment" during the period after January 1, 2005. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002). *See also Rowe v. Hussmann Corp.*, 381 F.3d 775, 781 (8th Cir. 2004). The Court further concludes, however, that events which occurred "ten or fifteen years" before January 1, 2005 are not relevant to EEOC's claim that CRST engaged in a pattern or practice of sexual harassment during the time frame alleged in the complaint, or to CRST's defense that it took reasonable care to prevent and correct unlawful harassment during that time period. Accordingly, the Court concludes that discovery of the pending actions reports provided to Mr. Smith should be limited to the three years prior to January 1, 2005.

### B. Watch Lists

EEOC also asks that the Court enter an order compelling CRST to provide copies of the "watch lists" received monthly by CRST managers. It would appear undisputed, however, that the "watch lists," and the "driver maintenance violations" screens from which the watch lists are generated, do not contain any reference to sexual harassment claims. Counsel for EEOC was unable to articulate why the watch lists are relevant to the

---

[7] *See* Answer and Affirmative Defenses (docket number 11), ¶ 1 at 2.

instant action. *Bredemus v. International Paper Co.*, 252 F.R.D. 529, 533 (D. Minn. 2008) ("relevancy under Rule 26 is not without bounds"). While Rule 26(b) "is widely recognized as a discovery rule which is liberal in scope and interpretation," and "the standard of relevance in the context of discovery is broader than in the context of admissibility," these familiar legal principles "should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The Court concludes that EEOC's motion to compel on this issue should be denied.

## *ORDER*

IT IS THEREFORE ORDERED that the Motion to Compel Discovery (docket number 133) filed by EEOC on January 29, 2009 is hereby **GRANTED** in part and **OVERRULED** in part as follows:

1. Not later than ten (10) days following the entry of this Order, CRST shall provide EEOC with copies of the periodic reports received by Mr. Smith regarding the status of sexual harassment actions pending before a court or administrative agency, for the period from January 1, 2002 to October 15, 2008.

2. CRST is not required to provide EEOC with copies of the monthly compilation reports drawn from the "driver maintenance violations" screens, known as "watch lists."

DATED this 17th day of February, 2009.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA