**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**and**

**JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARKE, LATESHA THOMAS, and NICOLE ANN CINQUEMANO,**

**Plaintiffs-Intervenors,**

**vs.**

**CRST VAN EXPEDITED, INC.,**

**Defendant.**

**No. C07-0095**

**ORDER REGARDING MOTION TO COMPEL AND FOR SANCTIONS**

---

**TABLE OF CONTENTS**


*I.* *INTRODUCTION* . . . . . 2

*II.* *ISSUES PRESENTED* . . . . . 2

*III.* *RELEVANT FACTS* . . . . . 3
- *A.* *Initial Disclosures* . . . . . 3
- *B.* *First Set of Interrogatories* . . . . . 4
- *C.* *Second Set of Interrogatories* . . . . . 7

*IV.* *DISCUSSION* . . . . . 8
- *A.* *Motion to Compel* . . . . . 8
- *B.* *Request for Sanctions* . . . . . 12
  - *1.* *Group 1* . . . . . 12
  - *2.* *Group 2* . . . . . 14
  - *3.* *Group 3* . . . . . 16

*V.* *ORDER* . . . . . 19

## *I. INTRODUCTION*

On the 10th day of February 2009, this matter came on for hearing on the Motion to Compel and for Sanctions (docket number 127) filed by the Plaintiff on January 27, 2009 and the Motion for Leave to Seek Relief for Class Members Who Were Not Deposed By January 15, 2009 Due to Exceptional Circumstances (docket number 134) filed by the Plaintiff on January 29, 2009. EEOC was represented by its attorneys, Jean P. Kamp, Brian C. Tyndall, and Jeanne Szromba. CRST was represented by its attorneys, John H. Mathias, Jr., Sally Sears Coder, Kevin J. Visser, and Thomas D. Wolle. The Plaintiff-Interveners were represented by their attorneys, Jeffrey R. Tronvold and Matthew J. Reilly.

## *II. ISSUES PRESENTED*

In its Motion to Compel, Plaintiff Equal Employment Opportunity Commission ("EEOC") asks that the Court enter an order compelling Defendant CRST Van Expedited, Inc. ("CRST") "to provide complete answers to EEOC's Interrogatories Numbers 6, 7, 8, and 11 (b-d)," and for sanctions. In its brief, EEOC argues that as a "sanction" for CRST's failure to timely respond to EEOC's discovery requests, the Court should "lift the proposed discovery sanctions against EEOC with respect to class members who were not identified by October 15, or produced for deposition prior to January 15."[1] Specifically,

> EEOC respectfully requests that it be permitted to seek monetary relief for (1) the 5 women who have been identified by EEOC as class members since October 15; for (2) those of the 15 women for whom CRST failed to provide its internal investigation files prior to October 15, and for whom EEOC determines to be class members; and (3) the 26 class members with whom EEOC has established an attorney client privilege, but was not able to schedule for deposition prior to January 15.

[1] *See* EEOC's Memorandum in Support of Motion to Compel (docket number 127-2) at 3.

EEOC's Memorandum in Support of Motion to Compel (docket number 127-2) at 12. At the time of hearing, it was established that the eight women identified in EEOC's second motion (docket number 134) are a subset of the class members described in group 3 above.

### *III. RELEVANT FACTS*

On September 27, 2007, EEOC filed a complaint on behalf of Monika Starke "and a class of similarly situated female employees of defendant CRST." The complaint alleges that CRST engaged in "unlawful employment practices on the basis of sex and retaliation."[2] EEOC seeks compensatory damages on behalf of the class members, punitive damages, and injunctive relief.

#### *A. Initial Disclosures*

On February 27, 2008, EEOC served its initial disclosures pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1).[3] EEOC identified 18 women who "sustained harassment" and had knowledge of the following:

> The harassment she sustained at CRST; her conduct in response to the harassment; CRST's response to the harassment; her qualifications; her work history; her financial losses; her other losses including emotional pain, suffering, and humiliation, and other nonpecuniary loss.

*See* EEOC's Initial Disclosures (docket number 127-14). The initial disclosures served by EEOC also identified Robert Freeman and Lisa Laveck, both of CRST, and the "Records custodian" at CRST.

CRST served its initial disclosures on the same date.[4] CRST identified 22 persons having knowledge, including Monika Starke. Nine of the persons listed were identified

---

[2] The "retaliation" claim was removed in an amended complaint (docket number 8) filed on November 16, 2007.

[3] *See* EEOC's Initial Disclosures, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 11 (docket number 127-14).

[4] *See* CRST's Initial Disclosures, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 12 (docket number 127-15).

as an "over the road driver," with the remaining witnesses associated with CRST. According to the initial disclosures, 17 of the witnesses had knowledge regarding the "[c]laim of harassment by Monika Starke," with the remaining witnesses having knowledge regarding driver pairings, driver training, and lead driver training. At a hearing on November 12, 2008, counsel for CRST advised the Court that "it did not occur to us" to include information regarding other potential class members in CRST's initial disclosures.[5]

While the record is imprecise, the parties apparently had discussions regarding the exchange of information following service of their initial disclosures. On March 10, 2008, CRST provided a "driver pairs" list, identifying women who had been matched with men to form a driving team. The initial list apparently did not include the women's addresses, however, and it was supplemented on April 18, 2008. It is the Court's understanding that by agreement of the parties, the driver pairs list provided on April 18, 2008 only included information through the filing of the complaint on September 27, 2007. On May 29, 2008, EEOC sent a letter (dated May 27) to approximately 2,000 prospective class members, using the driver pairs list provided by CRST.

*B. First Set of Interrogatories*

On August 15, 2008, EEOC served its first set of interrogatories. Of particular import to the instant motion are interrogatories 6, 7, and 8, which provide as follows:

> 6. For each complaint of sexual harassment received by CRST from a female truck driver or trainee since January 1, 2005, please identify (as defined in the Instructions) the complainant, the alleged harasser(s), and the person(s) to whom the complaint was made. Please state 1) the date of the complaint; 2) the substance of the complaint; and 3) any actions taken by CRST as a result of the complaint. Please identify all documents relating to each complaint.

[5] *See* Transcript of Hearing, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 14 (docket number 127-17 at 4).

> 7. Please identify ( as defined in the Instructions) every employee of CRST accused by another employee of sexual harassment since January 1, 2005. For each such individual please state 1) the date of the complaint; 2) the name of the complainant; 3) any disciplinary action taken against the employee by CRST. Please identify all documents relating to each such accusation.
>
> 8. Please identify (as defined in the Instructions) every employee of CRST who has been disciplined for sexual harassment since January 1, 2005. Identify all documents relating to such discipline.

*See* EEOC's First Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 1 (docket number 127-4).

On September 15, 2008, CRST served its answers to EEOC's first set of interrogatories. The response to interrogatories numbers 6, 7, and 8 was identical:

> CRST objects to this Interrogatory as overly broad and unduly burdensome. Without waiving the foregoing, CRST has produced or is producing all HR Investigation Files that involve a sexual harassment complaint since January 1, 2005.

*See* CRST's Answers to EEOC's First Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 3 (docket number 127-6).

Apparently, CRST has produced more than 200,000 pages of documents. Accordingly, it is difficult for the Court to determine precisely what documents were produced and when.[6] It is the Court's understanding that on September 16, CRST provided EEOC with an updated "driver pairs" list, identifying female drivers who had been paired with a male driver between September 27, 2007 (the date when the April 18, 2008 list ended) and September 9, 2008. Apparently using this information, EEOC sent a solicitation letter on September 28, 2008 to approximately 730 potential class members.

---

[6] EEOC produced an exhibit, however, which shows when various documents were produced, with references to the bates number and CRST's index. *See* "CRST Response to EEOC Interrogatories 6, 7, 8, 11(b-d)," attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 17 (docket number 127-20).

According to its response to the instant motion to compel, CRST produced "most" of its HR investigation files on September 29, 2008. CRST also provided a copy of a spreadsheet which it maintained, called the "Positive Work Environment Communication chart" ("PWE"). According to a footnote in EEOC's Memorandum, a "limited version" of the PWE was produced on September 29, 2008, a "more current version" was produced on October 6, and a "third version" was produced on December 16.[7]

On December 9, 2008, CRST served a first supplemental response to EEOC's first set of interrogatories. The answers to interrogatories 6, 7, and 8 are nearly identical, except they reference the Court's August 20, 2008 Order establishing an October 15, 2008 deadline for EEOC to disclose the identity of class members, and indicate that CRST is producing all HR investigation files through October 15, 2008.[8]

CRST served a second supplemental response to EEOC's first set of interrogatories on January 15, 2009, the discovery deadline established by Court order. The second supplemental responses to interrogatories 6, 7, and 8 include the following additional language:

> CRST refers to documents already produced by CRST showing female drivers at CRST who availed themselves of CRST's formal human resources complaint procedures from January 1, 2005 to October 15, 2008 to report conduct by males that potentially could be covered by CRST's sexual harassment policy and the resulting actions taken by CRST, including HR Files, 5-Screens, termination records, the Positive Work Environment Communications chart, and Formal Complaint Files.

*See* CRST's Second Supplemental Response to EEOC's First Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 5 (docket

---

[7] *See* EEOC's Memorandum in Support of Motion to Compel (docket number 127-2) at 6 n.6.

[8] *See* CRST's First Supplemental Response to EEOC's First Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 4 (docket number 127-7).

number 127-8). In addition, citing FEDERAL RULE OF CIVIL PROCEDURE 33(d), CRST refers EEOC to specific bates-numbered documents. CRST also provided EEOC with a number of indices connecting the bates numbers with specific class members and documents.[9] It is unclear to the Court, however, as to when those indices were produced.

### *C. Second Set of Interrogatories*

Meanwhile, on November 18, 2008, EEOC served a second set of interrogatories. Of particular interest to the instant motion to compel is interrogatory number 11, which states:

> Please state the total number of the following:
>
> a. Sex harassment complaints by female drivers at CRST made in each year from 2005 to the present.
>
> b. Sex harassment complaints by female drivers at CRST made each year from 2005 to the present which CRST investigated and found meritorious.
>
> c. Sex harassment complaints by female drivers at CRST made each year from 2005 to the present which CRST investigated and found not meritorious.
>
> d. Sex harassment complaints by female drivers at CRST made each year from 2005 to the present which CRST investigated and did not make a merits finding.

*See* EEOC's Second Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 2 (docket number 127-5).

CRST served its answers EEOC's second set of interrogatories on December 22, 2008.[10] In response to interrogatory number 11(a), CRST provided the number of

---

[9] *See* Indices, attached to CRST's Response in Opposition to Motion as Exhibit 2 (docket number 138-3).

[10] *See* CRST's Answers to EEOC's Second Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 6 (docket number 127-9).

"female drivers at CRST who availed themselves of CRST's formal human resources complaint procedures to report conduct that potentially could be covered by CRST's sexual harassment policy" by year. CRST objected generally, however, to the request that it "state the total number" of complaints which it found to be "meritorious," "not meritorious," or where CRST "did not make a merits finding." CRST asserted that while it "does exercise its best business judgment to consider, investigate, handle and respond to complaints," it is not an adjudicative body and "does not adjudicate the merits of complaints by or disputes among its employees." CRST then refers to the same documents referred to in its second supplemental response to interrogatories 6, 7, and 8, and refers EEOC to certain bates-numbered documents, citing Rule 33(d).

On January 15, 2009, the Court-imposed discovery deadline, CRST served its supplemental answers to EEOC's second set of interrogatories.[11] Notably, the number of complaints filed by year, as reported in answer to interrogatory number 11(a) is modified by year, and reduced from 183 to 174. It is unclear to the Court whether there are other changes to CRST's answers.

## *IV. DISCUSSION*

### *A. Motion to Compel*

In its motion to compel, EEOC asks that the Court enter an order compelling CRST "to provide complete answers to EEOC's Interrogatories numbers 6, 7, 8, and 11(b-d)." CRST responds that its answers "are both complete and appropriate" and that "EEOC is essentially trying to shift to CRST the burden of organizing and preparing EEOC's case for trial." A resolution of this dispute requires an examination of FEDERAL RULE OF CIVIL PROCEDURE 33(d).

Interrogatory number 6 requests that for each complaint of sexual harassment received by CRST since January 1, 2005, CRST identify the complainant, the alleged

[11] *See* CRST's Supplemental Answers to EEOC's Second Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 7 (docket number 127-10).

harasser, the person to whom the complaint was made, the date of the complaint, the substance of the complaint, and any actions taken by CRST as a result of the complaint. Interrogatory number 7 asks that CRST identify every employee accused of sexual harassment since January 1, 2005, including the date of the complaint, the name of the complainant, and any disciplinary action taken against the employee by CRST. Interrogatory number 8 asks that CRST identify every employee who has been disciplined for sexual harassment since January 1, 2005. Rather than answer the questions directly in a spreadsheet format, however, CRST refers to the numerous documents which it has produced, including "HR Files, 5-Screens, termination records, the Positive Work Environment Communications chart, and Formal Complaint Files." Citing Rule 33(d), CRST refers EEOC to various bates-numbered documents and corresponding indices.

Rule 33(d) provides that in certain instances, a party may answer an interrogatory by specifying certain business records and allowing access to those records by the interrogating party.

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

FED. R. CIV. P. 33(d).

The only case cited by EEOC in its memorandum in support of the motion to compel is *U.S. S.E.C. v. Elfindpan*, 206 F.R.D. 574 (M.D.N.C. 2002). There, in response to interrogatories submitted by the defendants, the SEC directed the defendants

"to peruse plaintiff's contempt papers and supporting documents, declarations, affidavits, and deposition excerpts." *Id.* at 576. While noting that the documents the SEC intended to use were not even business records as required by Rule 33(d), the Court summarized the purposes and procedures of the Rule.

> Its primary purpose or result is to shift the time and cost burden, of perusing documents in order to supply answers to discovery requests, from the producing party to the party seeking the information. This rule is both an elective and a self-executing procedure by the party which has been served with interrogatories. The Court normally first becomes involved when a party files a motion to compel. At that time, such party must make a prima facie showing that the use of Rule 33(d) is somehow inadequate to the task of answering the discovery, whether because the information is not fully contained in the documents, is too difficult to extract, or other such reasons. The burden then shifts to the producing party to justify use of Rule 33(d) instead of answering the interrogatories.

*Id.* at 576 (internal citations omitted). In its response, CRST cites numerous cases holding that reference to bates-numbered documents satisfies the requirements of Rule 33(d).

CRST argues that interrogatories 6, 7, and 8 "fall squarely within the scope of Rule 33(d)." According to CRST, all of the information sought in the interrogatories is contained in the HR files, PWE chart, and other documents referenced in its answers. Essentially, CRST argues that EEOC is equally capable of extracting the information from the documents and preparing a summary spreadsheet, if it believes that it is important to do so. The Court notes that the PWE chart produced by CRST contains much of the information requested by EEOC.[12] The PWE chart identifies 172 complainants, including the date of the complaint and "Party #2" (which the Court assumes is the name of the alleged harasser). In addition, the PWE chart includes initials reflecting the "outcome." The "outcomes" include "documented findings," "notified customer," "no female

---

[12] *See* Positive Work Environment Communication, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 15 (docket number 127-23).

partners," "signed agreement," "verbal warning," "not hired," "termination," "voluntary termination," and "investigation pending."[13]

CRST has represented to the Court and in its answers to interrogatories that every complaint of sexual harassment received between January 1, 2005 and October 15, 2008 is reflected in the HR investigation files, 5-Screens, PWE charts, or other documents. While the information may not be provided in the summary format suggested by EEOC in its interrogatories, the information sought in the interrogatories may be determined by examining the documents provided. The Court concludes that the burden of sifting through the various documents and preparing a spreadsheet of the 174 complaints received during that time frame would be substantially the same for either party. CRST has specified the records in sufficient detail, including bates numbers and indices, to enable EEOC to locate and identify the information as readily as CRST could. FED. R. CIV. P. 33(d)(1). Accordingly, the Court finds that the motion to compel additional responses to interrogatories 6, 7, and 8 should be denied.

Regarding interrogatory number 11(b-d), EEOC asks that CRST be compelled to state the total number of sex harassment complaints which it found to be "meritorious," "not meritorious," or where it "did not make a merits finding." In its response, CRST stated that "[i]t does not adjudicate the merits of complaints by or disputes among its employees, nor does it make findings of fact in any formal adjudicative manner."[14] That is, CRST essentially asserts that it "did not make a formal merits finding" in any of the sex harassment complaints. Therefore, the "total number" set forth in CRST's answer to interrogatory 11(a) would be identical to the number in response to interrogatory 11(d). CRST argues that it should not be required to make a determination at this point regarding

---

[13] *Id.* at 4.

[14] *See* CRST's Answers to EEOC's Second Set of Interrogatories, attached to EEOC's Memorandum in Support of Motion to Compel as Exhibit 6 (docket number 127-9).

whether a claim was "meritorious" or "not meritorious." The Court agrees. Accordingly, EEOC's motion to compel in this regard will be denied.

### *B. Request for Sanctions*

In addition to its request that CRST be required to supplement its answers to interrogatories, EEOC also asks that the Court impose "sanctions" for CRST's failure to timely respond to EEOC's discovery requests. Specifically, EEOC asks that it be permitted to include class members not identified by October 15, 2008 or deposed prior to January 15, 2009, notwithstanding the Court's prior Order in that regard. In its motion, EEOC identifies three groups of women for whom relief is sought.

#### *1. Group 1*

In its Order (docket number 44) filed on August 20, 2008, the Court established a deadline of October 15, 2008 for identifying class members. EEOC first asks that it be permitted to add five women to the class who were admittedly not identified prior to the October 15 deadline. The five women in group 1 include Sharon Nave, Patricia Wolf, Lois Hills, Bernice Schleve, and Michelle Fuentes.

Nave and Wolf were on a list of "driver pairs" which CRST provided to EEOC on March 10, 2008. The list was updated on April 18, 2008 to include the drivers' addresses. On May 29, 2008, EEOC sent a letter (dated May 27) to approximately 2,000 prospective class members, including Nave and Wolf. At the instant hearing, EEOC's counsel told the Court that Nave called EEOC's hotline on October 17, 2008 and reported that she had just received the letter mailed in May. Wolf called the EEOC hotline on July 2, 2008, but according to counsel there is no record of EEOC trying to contact her after that date.

Hills, Schleve, and Fuentes were not identified by CRST until September 16, 2008. EEOC did not serve its first set of interrogatories until August 15, 2008. CRST served its answers to EEOC's first set of interrogatories on September 15, 2008 and apparently provided an updated driver pairs list on the following day.[15] On September 23, EEOC

[15] Apparently, CRST also provided EEOC with an investigation file regarding Hills (continued...)

mailed a letter to newly-identified potential class members, including Hills, Schleve, and Fuentes. At the time of hearing, the Court was told that Hills called the EEOC hotline on October 23 and Fuentes called the hotline on November 7. Schleve did not call the EEOC hotline, but on November 6 she returned a questionnaire which had been attached to the September 23 letter.

On December 10, 2008, EEOC served its Twelfth Supplement to Initial Disclosures, identifying the women as having knowledge, and also sent CRST an e-mail regarding the proposed addition of these five women to the class. All five were offered for their deposition prior to the January 15, 2009 discovery deadline. They were not formally added as class members until EEOC filed its updated list of class members (docket number 111) on January 13, 2009.

EEOC asks that it be permitted to seek monetary relief for these five women, notwithstanding the fact that they were not identified as class members by the October 15 deadline, as a "sanction" for CRST failing to provide timely discovery. The record, however, does not support EEOC's argument. Nave and Wolf were initially identified in March 2008 and were sent a solicitation letter by EEOC in May. Nave called the hotline 4-1/2 months later, claiming that she had just received the letter. Wolf called the hotline approximately one month after the letter was mailed, but EEOC failed to contact her after that date. The failure to identify Nave or Wolf as class members prior to October 15 is not the result of any wrongdoing by CRST and, therefore, their inclusion in the class cannot be considered an appropriate "sanction."

Similarly, the failure to timely identify Hills, Schleve, and Fuentes as class members is primarily due to EEOC's failure to timely initiate discovery. For whatever reason, EEOC delayed until August 15, 2008 to serve its first set of interrogatories. CRST timely responded to the interrogatories on September 15, 2008, with an updated driver

---

[15](...continued)
on October 6, 2008. CRST also produced an investigation file on Fuentes on January 8 or 12, 2009.

pairs list served on the following day. EEOC acted promptly in sending a solicitation letter to newly-identified drivers, but did not receive responses until after the October 15 deadline. The failure to timely identify these women was not the result of delay by CRST. EEOC complains repeatedly that much of the information provided by CRST was produced just weeks before the October 15 deadline for identifying class members, but fails to note that the late disclosure is primarily a function of EEOC not serving its first set of interrogatories until mid-August. If EEOC had filed its interrogatories earlier, this problem could have been avoided. The Court concludes that the "sanction" of allowing Hills, Schleve, and Fuentes to join the class after the court-imposed deadline should be denied.

2. *Group 2*

The second group consists of women for whom CRST failed to provide its internal investigation files prior to October 15, 2008. There was some confusion at the time of hearing regarding which women should be included in Group 2, and the number expanded and contracted within minutes. After taking a recess, the parties agreed that 18 women could be added to the class list, provided they submit to a deposition not later than March 12, 2009. Specifically, the potential additional class members include:

Susan Guy
Lisa Shepherd
Faith Keenum
Paula King
Sharon Carney
Susan Hildebrandt
Tammy Kalkouli
Veronica Mora
Sara Ragland
Tracy DePasquale
Cynthia Thornborrow
Ashley Clark
Bonnie Brake
Carol Kobielnik
Sandra Williams
Misty Nason

Belinda Hamill
Cynthia Pennington

The parties agreed that the additional prospective class members would be produced by EEOC for their depositions in Chicago or Cedar Rapids by March 12, 2009. If the prospective class member does not submit to her deposition by that date, then she will not be permitted to recover in this case or testify at the trial. If any of the above-listed women submit to a deposition and become a class member, then CRST may file a motion for summary judgment regarding those women, if appropriate, not later than March 26, 2009.

The parties were unable to agree, however, regarding three women in Group 2; specifically, Michelle Fuentes, Dalane Haldane, and Joyce Foreback. Fuentes was also listed in Group 1. As set forth above, Fuentes was identified in a driver pairs list served on September 16, 2008, but her investigation file was not produced by CRST until January 2009. Since Fuentes was timely disclosed by CRST in response to discovery requests prior to the October 15 deadline, she could have been added by EEOC to the class list. The Court concludes that no "sanction" against CRST is appropriate in this instance, and EEOC will not be permitted to add Fuentes after the October 15, 2008 deadline.

At the time of hearing, the Court was advised that EEOC sent Haldane a solicitation letter on May 29, 2008, while Foreback was sent a solicitation letter on September 23, 2008. Apparently, neither woman has responded to the letters. On September 29, 2008, however, CRST provided EEOC with its HR investigation file on Haldane. An HR investigation file on Foreback was apparently produced on January 8, 2009. Both women were identified by CRST prior to the October 15 deadline. Both women were sent letters by EEOC and invited to join the class. Neither woman has responded to EEOC's solicitation letters or otherwise indicated any interest in being a member of the class. The Court concludes that EEOC's request to identify them as class members at this late date as a "sanction" against CRST should be denied.

### *3. Group 3*

Group 3 consists of 26 women who were identified as class members prior to the October 15, 2008 deadline, but whose depositions were not taken prior to the January 15, 2009 deadline. EEOC claims "exceptional circumstances" prevented eight of those women from being available for depositions, as described in EEOC's separate Motion for Leave to Seek Relief (docket number 134). According to counsel, the depositions of the remaining 18 class members were not taken because EEOC "simply ran out of time."

At the time of hearing, EEOC's counsel described "[i]ts Herculean efforts to meet the October 15 and January 15 deadlines."[16] Apparently, EEOC was surprised by the number of complainants. After it received CRST's discovery responses in mid-September, EEOC scrambled to add class members by the October 15 deadline. Following the Court's Order of November 19, requiring participating class members to be deposed by January 15, 2009, EEOC scrambled to schedule those depositions.

The record reflects, however, that the parties agreed to a procedure which would allow compliance with the Court's Order. CRST agreed to provide five lawyers to travel to any city proposed by EEOC to depose class members on December 11-12 and December 18-19, 2008. *See* Agreed Order (docket number 80). CRST notes, however, that a substantial number of the "slots" available for deposition went unused. The only explanation offered by EEOC is that it was overwhelmed by the logistics associated with scheduling the witness' depositions, arranging for travel, paying for hotels, etc.

The Court's Order of November 19 was explicit:

> [T]he EEOC shall make all women on the list available to CRST for a deposition before the conclusion of discovery on January 15, 2008. If the EEOC fails to make a woman available, as a discovery sanction the court will not permit her to testify at trial and will bar the EEOC from seeking relief on her behalf in this case.

---

[16] *See* EEOC's Memorandum in Support of Motion to Compel (docket number 127-2) at 3.

*See* Order (docket number 66) at 9. While EEOC couches its request for relief as a "sanction" against CRST, it is, in fact, a request that the Court reconsider its Order of November 19. The Court declines to do so. Those women who were not produced for depositions prior to January 15, 2009 because EEOC "ran out of time" will not be permitted to recover as class members in this case.

The Court considers separately the eight women whose depositions were not taken by January 15 due to "exceptional circumstances," as claimed by EEOC's separate motion (docket number 134). Those women include Delores Benson, Varline Fullilove, Julie Vincent, Doris Tiberio, Meko Cook, Sharon Faciane, Patricia James, and Robynn Cherry.

The Agreed Order establishing the procedure for taking class member depositions provided that "[t]he parties further reserve the right to seek relief from this schedule with respect to particular class members upon a showing of exceptional circumstances."[17] The eight women were identified in an e-mail from EEOC's attorney to CRST's attorney, dated January 12, 2009. While the e-mail states that the depositions could not be completed for the reasons described, "[w]e would like to reschedule them for next week or the week after."[18]

According to EEOC's brief, Benson, Fullilove, and Vincent "started new jobs around the time EEOC attempted to schedule them for their depositions."[19] The motion asserts that the women were each informed by their employer that "she could not take time off for her deposition so soon after starting employment or she would risk losing her job." EEOC provides no detail regarding where the women were working, when they started their new jobs, how much time they would miss from work in order to attend a deposition, or why their position would be any more secure "next week or the week after."

---

[17] *See* Agreed Order (docket number 80), ¶ 3 at 2.

[18] *See* Declaration of Jeanne B. Szromba, Exhibit A (docket number 134-2 at 4).

[19] *See* EEOC's Brief (docket number 134-3) at 2.

EEOC asserts that two class members, Tiberio and Cook, "had medical issues which made travel impossible."[20] Tiberio told EEOC that "her doctor forbids her to fly or to drive (or sit in a car) for long distances" due to uncontrolled diabetes.[21] Cook was scheduled for her deposition in Los Angeles, but it was later learned that she was "over eight months pregnant and was not able to travel."[22] Again, the record is silent regarding why EEOC believed that the women would have been available for their depositions during the week or two after the January 15 deadline.

The sixth class member, Faciane, was apparently scheduled for her deposition in Los Angeles. She failed to report at that time, however, citing a child care problem. No further explanation was provided. The final two class members, James and Cherry, told EEOC that "they were destitute and simply had no money at all to travel, despite the fact that EEOC was prepaying their flights and hotel stays."[23]

The Court concludes that employment issues, child care problems, and perceived lack of financial resources do not constitute "exceptional circumstances" justifying relief from the Court's prior Order requiring class members to submit to a deposition not later than January 15, 2009. The medical excuses provided by Tiberio and Cook are somewhat more persuasive. The Court concludes that a short extension should be granted to give Tiberio and Cook a further opportunity to submit to their deposition. As with the 18 women identified in Group 2, EEOC must produce Tiberio and Cook for their depositions in Chicago or Cedar Rapids not later than March 12, 2009. If either woman is not deposed by that date, then she will not be permitted to recover in this case or testify at the trial. If Tiberio or Cook submits to a deposition and becomes a class member, then CRST

---

[20] *Id.*

[21] *Id.* at 2-3.

[22] *Id.* at 3.

[23] *Id.*

may file a motion for summary judgment regarding her claim, if appropriate, not later than March 26, 2009.

### *V. ORDER*

IT IS THEREFORE ORDERED that the Motion to Compel and for Sanctions (docket number 127) filed by EEOC on January 29, 2009 and the Motion for Leave to Seek Relief (docket number 134) filed by EEOC on January 29, 2009 are hereby **GRANTED** in part and **DENIED** in part, as set forth above.

DATED this 19th day of February, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA