IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARK, LATESHA THOMAS and NICOLE ANN CINQUEMANO,<br><br>Plaintiffs-Interveners,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>Defendant. | No. 07-CV-95-LRR<br><br>ORDER |

"Judges are not like pigs, hunting for truffles buried in briefs" and other court filings. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) (quoted with approval in *United States v. Gurley*, 434 F.3d 1064, 1070 (8th Cir. 2006)). The court is not required to "'engag[e] in the proverbial search for a needle in the haystack.'" *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032-33 (8th Cir. 2007) (quoting *Nw. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003)). "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." *Id.*

In the present case, the court is having a very difficult time making heads or tails out of Plaintiff's resistance materials. Such materials are replete with typographic and

other technical errors. *See, e.g.*, Errata Sheet to Statement of Additional Material Facts Which Preclude Summary Judgment on EEOC's Pattern or Practice Claim ("Errata Sheet") (docket no. 177-1) (fifteen pages of corrections, mostly single-spaced); Supplement (docket nos. 173); Supplement (docket no. 174); Supplement (docket no. 177-2). Complicating matters further, Plaintiff's Response to Defendant's Statement of Undisputed Facts ("Statement") (docket no. 168-2), filed in connection with Plaintiff's resistance to Defendant's Motion for Summary Judgment on Plaintiff's Pattern or Practice Claim (docket no. 150), requires the court to stare at four documents at once with only two eyes. Plaintiff failed to directly respond to Defendant's individual statements of material fact with citations to its appendices in the Statement. Instead, Plaintiff repeatedly cross-references another document that contains the citations.

Accordingly, Plaintiff's Errata Sheet (docket no. 177-1), Supplements (docket nos. 173, 174 & 177-2), Statement (docket no. 168-2) and all of its Appendices (docket nos. 166-4 through 166-12, 167, 169 & 170) are **STRICKEN. On or before April 17, 2009 at noon**, Plaintiff shall email corrected electronic copies of these documents to the Clerk of Court, mail corrected courtesy paper copies to CRST and mail corrected courtesy paper copies to the undersigned in chambers. The Clerk of Court shall then file any corrected materials into the docket in lieu of the error-filled versions.

To minimize confusion in the record, all corrected document shall clearly state "CORRECTED" at the top of each and every page. <u>Further, Plaintiff may only correct its prior typographical and technical errors. Plaintiff is not permitted to change any aspect of its arguments in connection with pending motions or any other substantive aspect of its filings</u>.

Should Defendant find it appropriate to file any corrected reply materials or object to any of Plaintiff's corrections, Defendant may do so **on or before April 22, 2009 at noon**, in the form of a sur-reply to the pending motions.

**IT IS SO ORDERED.**

**DATED** this 13th day of April, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA