IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> and <br><br> JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARK, LATESHA THOMAS, and NICOLE ANN CINQUEMANO, <br><br> Plaintiffs-Intervenors, <br><br> vs. <br><br> CRST VAN EXPEDITED, INC., <br><br> Defendant. | No. C07-0095 <br><br> RULING ON MOTION TO STRIKE |

This matter comes before the Court on Motion to Strike from EEOC's List of Class Members Individuals Who Did Not Appear for Depositions by January 15, 2009 (docket number 171) filed by CRST Van Expedited, Inc. ("CRST") on March 19, 2009; the Response (docket number 187) filed by the Equal Employment Opportunity Commission ("EEOC") on April 3, 2009; and the Reply (docket number 189) filed by CRST on April 10, 2009. Pursuant to Local Rule 7.c, the motion will decided without oral argument.

### I. ISSUE PRESENTED

In its instant motion, CRST asks that the Court require EEOC to "remove from its list of class members" those women who did not appear for depositions prior to January

1

15, 2009. More significantly, CRST asks that EEOC be prohibited from offering evidence relating to those women in opposition to CRST's summary judgment motions, and that EEOC be prohibited from offering any evidence regarding those complaints at the time of trial.

## II. RELEVANT FACTS AND PROCEEDINGS

On November 16, 2007, the EEOC filed its First Amended Complaint on behalf of "Monika Starke and a class of similarly situated female employees."[1] EEOC alleges that CRST engaged in "unlawful employment practices on the basis of sex," and seeks compensatory damages, punitive damages, and injunctive relief. CRST filed its Answer (docket number 11) on November 30, 2007, denying the material allegations and asserting certain affirmative defenses.[2]

On February 8, 2008, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. *See* docket number 21. Among other things, the parties agreed to a May 1, 2008 deadline for adding parties, a December 7, 2008 deadline for completion of discovery, and a trial ready date of May 15, 2009. The case was then scheduled for trial before Chief Judge Linda R. Reade beginning on June 15, 2009. *See* docket number 22.

On August 7, 2008, EEOC filed a Motion to Modify the Scheduling Order. *See* docket number 37. In a response filed on the following day, CRST agreed that certain adjustments to the scheduling order were appropriate, but asked that the Court establish a date "by which EEOC completes its identification of class members."[3] CRST suggested a September 4 deadline. In a response filed on August 18, 2008, EEOC stated that it had

---

[1] *See* First Amended Complaint at 1 (docket number 8 at 1).

[2] On May 1, 2008, CRST filed an Amended Answer and Affirmative Defenses. *See* docket number 36.

[3] *See* CRST's Response to EEOC's Motion to Modify Scheduling Order at 4 (docket number 38 at 4).

2

identified "a total of 49 class members so far."[4] According to EEOC's response, 18 class members were identified on February 27, 2008, 7 more were added on April 18, 3 more on July 11, 12 more on July 25, and 9 more on August 13. EEOC predicted that the "total class will reach between 100 and 150 individuals," and suggested a December 7 deadline for identifying class members.[5]

After considering the parties' respective arguments, the Court concluded that EEOC should be required to disclose the identity of class members not later than October 15, 2008. The deadlines for disclosure of expert witnesses were moved back and January 15, 2009 was established as the deadline for completion of discovery. *See* Order Modifying Discovery Plan (docket number 44). The parties were reminded that June 15, 2009 remained "*a firm trial date and they should be prepared to proceed to trial at that time.*" (emphasis in original)

On October 29, 2008, EEOC requested a Rule 16 pretrial conference. Prior to the conference, CRST filed a motion challenging EEOC's identification of class members. *See* docket number 56. Both matters came on for hearing before Chief Judge Reade on November 12, 2008. In an Order filed on November 19, 2008, the Court addressed various issues raised at the hearing. Among other things, the Court noted that EEOC had identified approximately 270 aggrieved individuals on or before the October 15, 2008 deadline. Of significance to the instant motion, the Court stated:

> To forestall any prejudice to CRST, the court shall adopt the following three rules. First, the EEOC shall immediately file with the court a corrected list of the approximately 270 women it disclosed as of October 15, 2008. Second, the EEOC shall make all women on the list available to CRST for a deposition before the conclusion of discovery on January 15, 2008. **If the EEOC fails to make a woman available, as a discovery**

---

[4] *See* EEOC's Response to CRST's Request for Class Member Identification Deadline at 1 (docket number 42 at 1).

[5] *Id.* at 1-2.

> sanction the court will not permit her to testify at trial and will bar the EEOC from seeking relief on her behalf in this case. Third, as soon as the EEOC learns that it no longer wishes to pursue individual claims on behalf of any of the women on the list, it must immediately inform CRST and file an amended disclosure list with the court.

*See* November 19, 2008 Order at 9 (docket number 66 at 9) (emphasis added).

From time-to-time, EEOC filed an updated list of "class members." *See* docket numbers 68, 85, 111, and 121. On March 11, 2009, EEOC filed another "Updated List of Class Members." *See* docket number 159. The list identifies 254 women. The first 156 women are identified as "Class Members for Whom EEOC is Seeking Relief Based on the Court's November 19, 2008 and February 19, 2009 Orders." The remaining 98 women are identified as "Class Members who were Sexually Harassed but for whom EEOC is Not Seeking Relief Based on the Court's November 19, 2008 and February 19, 2009 Orders." In its response to the instant motion, however, EEOC acknowledges that Karen Shank was not offered for deposition by EEOC and therefore should not have been included in the first group, but should have been included in the second group. That is, "EEOC divided the class members into two groups: 155 for whom it will seek individual relief because they were deposed and 99 women who were not deposed and therefore are subject to the discovery sanction."[6]

### III. DISCUSSION

First, CRST asks that EEOC be required to remove from its list of class members those 99 women who did not appear for depositions prior to January 15, 2009. Noting that it is "the master of its own case," EEOC argues that it should be permitted to identify the women as class members even though it "[will] not be permitted to seek relief for, or to

---

[6] *See* EEOC's Response to CRST's Motion to Strike at 2 (docket number 187 at 2).

offer testimony from, women who were not deposed prior to January 15, 2009."[7] In other words, EEOC argues that the Court's November 19, 2008 Order does not remove a woman from EEOC's list of aggrieved persons, it simply provides that as a discovery sanction any woman not made available for deposition by January 15, 2009 will not be permitted to testify at trial and EEOC may not seek relief on her behalf in this case.

The issue of whether the 99 women are included in a list of "class members" is not particularly significant. EEOC concedes that the Court's prior Order prevents their recovery in this case, and prohibits their testimony at trial. Rather, the fighting issue is the extent to which EEOC may rely on complaints filed by the 99 women, either in opposing CRST's motions for summary judgment or at the time of trial. CRST asks that the Court bar EEOC "from offering evidence related to these 99 women in opposition to CRST's summary judgment motions," and that the Court bar "any reference concerning the unsupported claims of these women at trial."[8] In its response, EEOC concedes that the reports made by the 99 women "are inadmissible for the truth of the underlying complaints asserted in them," but argues that the complaints are nonetheless admissible for other reasons.[9]

EEOC argues that "[t]he reports [of the 99 women] and CRST's reactions to them are . . . independently probative of the question of the incidence and substance of *complaints* of sexual harassment reported to CRST."[10] EEOC argues that sexual harassment complaints received by CRST, including those involving women for whom EEOC cannot obtain relief, are relevant to: "1) notice to CRST of the sexually hostile environment; 2) the reasonableness of CRST's efforts to prevent and remedy sexual

---

[7] *See* EEOC's Response to CRST's Motion to Strike at 2 (docket number 187 at 2).

[8] *See* CRST's Motion to Strike at 2 (docket number 171 at 2).

[9] *See* EEOC's Response to CRST's Motion to Strike at 3 (docket number 187 at 3).

[10] *Id.*

5

harassment; and 3) punitive damages."[11] In addition, EEOC argues that the complaints are relevant to the issue of injunctive relief.

In its response to the instant motion, EEOC acknowledges that it must prove that CRST knew of harassment in the workplace and failed to take appropriate action.

> In order to prove a pattern or practice claim, the plaintiff must prove, inter alia, that the employer knew or should have known of the harassment and failed to take proper remedial action. *Jenson v. Eveleth Taconite Co.*, 824 F. Supp. 847, 876 (D. Minn. 1993). Or, put another way, proof of a pattern or practice of sex harassment requires proof of (1) a hostile environment where sex harassment is not isolated, but rather permeates the work environment, *and* (2) a company policy of tolerating (and therefore condoning and/or fostering) such an environment. *EEOC v. Mitsubishi Motor Mfg. of Am.*, 990 F. Supp. 1059, 1073 (C.D. Ill. 1998)(Emphasis added).

*See* EEOC's Response to CRST's Motion to Strike at 4 (docket number 187 at 4).

The Court agrees that *evidence* of harassment, and the employer's response to that harassment, is relevant to a claim that an employer engaged in a pattern or practice of unlawful activity. It does not follow, however, that *mere complaints* of harassment are probative to the issue of whether harassment occurred, or whether there was a hostile work environment. One cannot assume that because a complaint of harassment is lodged, that actual harassment occurred. *Adams v. O'Reilly Automotive, Inc.*, 538 F.3d 926, 930 (8th Cir. 2008) (finding that "there is no 'requirement that the employer credit uncorroborated statements the complainant makes if they are disputed by the alleged harasser.'" (quoting *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1303-04 (11th Cir. 2007))). Here, EEOC concedes that the complaints of the 99 women cannot be offered to prove the truth of the allegations contained in the complaints. The Court concludes that bare allegations, without any proof as to their truth or falsity, cannot be used to establish a pattern or practice of unlawful employment activity.

---

[11] *Id.*

EEOC cites *Zimmerman v. Cook County Sheriff's Dept.*, 96 F.3d 1017, 1018 (7th Cir. 1996), for the proposition that "[t]he sheer pervasiveness of the harassment might support an inference that the employer must have known of it." This argument ignores the fact, however, that EEOC will be unable to prove that the 99 women were harassed. At most, EEOC could prove that the 99 women *complained* of harassment. That is, EEOC cannot produce evidence from these 99 women that harassment was pervasive, it can only offer evidence that there were numerous complaints of harassment. It is not the same thing. Mere allegations, no matter how numerous, cannot support a finding that an employer knew or should have known of actual harassment in the workplace.

Furthermore, to permit evidence regarding the 99 women who were not provided for deposition by January 15, 2009 would run counter to the intent of the discovery sanction imposed by Chief Judge Reade in her Order of November 19, 2008. The purpose of the discovery sanction was "[t]o forestall any prejudice to CRST."[12] CRST has not had an opportunity to examine the 99 women regarding the factual basis for their allegations and cannot, therefore, effectively respond to those complaints. The purpose of the November 19, 2008 Order was to exclude from trial any evidence relating to women who did not timely submit to a deposition.

Finally, the Court also concludes that even if bare complaints are otherwise relevant to the issue of what CRST knew or should have known, the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* FED. R. EVID. 403. EEOC cannot rely on unsubstantiated complaints to successfully resist a motion for summary judgment, or at trial. Facts, not mere allegations, are required to successfully prove a pattern or practice of sexual harassment.

If EEOC is permitted to offer "[t]he reports and CRST's reactions to them," then CRST would be forced to respond to those 99 allegations and provide evidence regarding the merits of the complaints, or lack thereof. Since the 99 complainants were not provided

---

[12] *See* November 19, 2008 Order at 9 (docket number 66 at 9).

for deposition, CRST would be prejudiced in violation of the Court's discovery sanction, and the focus would shift to 99 claims for which recovery is not available. *EEOC v. UMB Bank Financial Corp.*, 558 F.3d 784, 794 (8th Cir. 2009) ("The district court correctly excluded the evidence because the evidence consisted of little more than allegations with limited probative value and because it would have required extensive examination of wholly collateral issues regarding not only the specifics of [a third person's] allegations, but also the truth and merits of those allegations."). This case already has 155 "class members." To allow evidence regarding 99 complaints in which the complainant is not entitled to recover would unnecessarily "introduce cumbersome collateral issues." *Id.* As the district court in *UMB Bank* noted, "[w]e have enough to manage." *Id.*

## IV. ORDER

IT IS THEREFORE ORDERED that the Motion to Strike (docket number 171) filed by CRST is hereby **DENIED** in part and **GRANTED** in part, as follows: EEOC is not required to remove from its list of class members those women for whom it is not seeking relief based on the Court's prior Orders. EEOC shall not be permitted, however, to offer evidence related to those 99 women, either in opposition to CRST's motions for summary judgment, or at the time of trial.

DATED this 16th day of April, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA