# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) **Case No. 1:07-cv-95** |
| JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARKE, LATESHA THOMAS, and NICOLE ANN CINQUEMANO, | ) ) ) ) ) ) ) |
| Plaintiffs/Interveners, | ) ) |
| v. | ) ) |
| CRST VAN EXPEDITED, INC., | ) ) |
| Defendant. | ) |

**BRIEF SUPPORTING DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF EEOC'S SECTION 706 CLAIMS ON BEHALF OF ALLEGEDLY AGGRIEVED PERSONS SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT .......................................................................................................................... 5

CONCLUSION ..................................................................................................................... 12

CERTIFICATE OF SERVICE ............................................................................................. 13

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brookhaven*, 614 F.2d at 1025 .................................................................................................. 9

*EEOC v. American Home Products Corp.*, 165 F. Supp. 2d 886 (N.D. Iowa 2001) .................. 6, 9, 10

*EEOC v. American National Bank*, 652 F.2d 1176 (4th Cir. 1981) ........................................ 9, 10

*EEOC v. Cone Solvents, Inc.*, No. 04-0841, 2006 WL. 1083406 (M.D. Tenn. April 21, 2006) ............................................................................................................................................... 7

*EEOC. v. Dial Corp.*, 156 F. Supp. 2d 926 (N.D. Ill. 2001) ..................................................... 7, 11

*EEOC v. E.I. DuPont de Nemours and Co.*, 373 F. Supp. 1321 (D. Del. 1974) ............................ 5

*EEOC v. General Electric Co.*, 532 F.2d 359 (4th Cir. 1976) ...................................................... 2

*EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974 (S.D. Ind. 2003) ........................ 8

*EEOC v. Lockheed Martin Global Telecoms., Inc.*, 514 F. Supp. 2d 797 (D. Md. 2007) .............. 7

*EEOC v. Nordstrom, Inc.*, Case No. 07-80894, 2008 WL. 5100206 (S.D. Fla. Nov. 25, 2008) ............................................................................................................................................. 7, 11

*EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250 ............................................. 8

*EEOC v. Pierce Packing Co.*, 669 F.2d 605 (9th Cir. 1982) ..................................................... 5, 6

*EEOC v. Premier Operator Services, Inc.*, 75 F. Supp. 2d 550 (N.D. Tex. 1999) ......................... 1

*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984) ................................................................................. 6

*EEOC v. Target Corp.*, No. 02-C-146, 2007 WL. 1461298 (E.D. Wis. May 16, 2007) ............... 8

*General Telegraph Co. of Nw., Inc. v. EEOC*, 446 U.S. 318 (1980) ............................................ 2

*Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355 (1977) .................................................... 6

**INTRODUCTION**

In light of this Court's April 30, 2009 Order granting summary judgment in favor of Defendant CRST Van Expedited, Inc. ("CRST") on plaintiff EEOC's "pattern or practice" claim, CRST respectfully moves for an order to show cause why all of EEOC's Section 706 claims for individual relief, other than those of plaintiffs/interveners Monika Starke and Remcey Peeples, should not be dismissed. Dismissal is appropriate because EEOC has not made pre-suit determinations of reasonable cause sufficient to allow it to seek judicial relief for any of the allegedly aggrieved persons other than Starke and Peeples, and EEOC has also failed to satisfy Title VII's mandatory pre-suit investigation and conciliation requirements.

This Court's entry of summary judgment on April 30, 2009, dismissed with prejudice EEOC's "pattern or practice" claim (Doc. No. 197, referred to herein as "P/P Summary Judgment Ruling"). The individual claims that EEOC continues to assert, except for the Starke and Peeples claims, were not the subject of an individual investigation, EEOC determination of reasonable cause, or offer to conciliate, as Title VII requires before a lawsuit can be filed based on an alleged Title VII violation.[1] CRST has asserted an affirmative defense of failure to exhaust administrative remedies. Now that the "pattern or practice" claim which EEOC has relied on to link these individual claims as the "class," as referenced in the determinations of reasonable cause that preceded this suit, has been eliminated from this case, CRST respectfully

---

[1] "Conditions precedent for the EEOC to file a lawsuit include: (1) filing with the Commission of a timely charge of discrimination at least 30 days before the suit is filed; (2) notice of the charge served on the Respondent; (3) an investigation of the charge; (4) a determination by the Commission that reasonable cause exists to believe that the charge is true; (5) an attempt by the EEOC to eliminate the unlawful employment practices by informal methods of conference, conciliation and persuasion; and (6) inability of the Commission to secure from the Respondent a conciliation agreement acceptable to the EEOC." *EEOC v. Premier Operator Servs., Inc.*, 75 F. Supp. 2d 550, 562 (N.D. Tex. 1999).

1

asks the Court to consider before trial the consequences of EEOC's failure to exhaust by investigating and conciliating all but two of the 155 individual claims.[2]

The Court queried in its P/P Summary Judgment Ruling (at p. 8):

> [I]t is unclear why the EEOC used Ms. Starke's Charge to file this lawsuit on behalf of an untold number of similarly situated women—all of whom remain unnamed in the EEOC's Complaint. In other words, it is unknown what led the EEOC to use the Charge as "a jurisdictional springboard." *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 364 (4th Cir. 1976) (cited with approval in *Gen. Tel. Co. of Nw., Inc. v. EEOC*, 446 U.S. 318, 331 (1980) ("Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable.")).

The answer is that EEOC then had in mind only the pattern or practice claim, and Starke's Charge was used as a "springboard" for that general claim, not for the other 154 highly individualized claims now before the Court.

## STATEMENT OF FACTS

EEOC's determinations of reasonable cause upon which this action is based relate only to Starke's and Peeples' sexual harassment claims and refer generally to "a class of employees and prospective employees" that was not defined. (*See* Determination as to Monika Starke, dated July 12, 2007, attached as Exhibit 1; Determination as to Remcey Peeples, dated September 27, 2007, attached as Exhibit 2.) Fifteen other female CRST drivers filed charges with EEOC claiming sexual harassment during the period involved in this case, but EEOC issued no

---

[2] As the Court's P/P Summary Judgment Ruling notes (p. 5, n. 2), CRST has not previously raised by motion its administrative exhaustion defense or the issue of EEOC's failure to conciliate the individual claims other than Starke's and Peeples' claims. CRST respectfully suggests that the issue of EEOC's failure to conciliate the individual claims standing on their own did not ripen until the Court eliminated EEOC's claim that a common pattern or practice of tolerating sexual harassment existed at CRST which commonly affected all of the allegedly aggrieved women identified by EEOC through discovery in this case.

2

determinations of reasonable cause with respect to their charges.[3] Indeed, further indicating that the individual Section 706 claims it was asserting were premised on a pattern or practice claim, EEOC dismissed three of the individual charges (those filed by Bedford, McCall, and Foster) even though it continues to pursue Section 706 claims for those individuals in this case. EEOC provided the following explanation for the dismissals:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by the charge.[4]

This Court has now determined that EEOC has failed to establish the existence of an illegal "pattern or practice" that commonly affected any of the remaining allegedly aggrieved persons on whose behalf EEOC continues to assert claims under Section 706. As a result of the P/P Summary Judgment Ruling, none of the remaining allegedly aggrieved persons has a claim that is factually related to a common practice. Instead, each individual asserts a unique claim based on particular events occurring on a specific truck, involving different witnesses, and making widely disparate damage claims. The other 153 individual claims share no material common characteristics with Starke's or Peeples' claims.

As set forth in the Court's P/P Summary Judgment Ruling at pp. 9-13, when EEOC filed its Complaint in this case on September 27, 2007, only Starke was specifically identified as a

---

[3] Because some individual administrative proceedings remained open and some individual charges were filed with EEOC after EEOC's Complaint was filed, CRST's counsel inquired whether EEOC would continue those administrative proceedings or stay them. Consistent with EEOC's position that all individual claims were tied to its pattern or practice claim, its counsel responded that the proceedings should be left open but would be suspended. (*See* email, dated March 4, 2008, from EEOC counsel to CRST's counsel; attached as Exhibit 3.)

[4] The dismissal/right-to-sue notices issued by EEOC with respect to the charges filed by Bedford, McCall, and Foster are attached as Exhibit 4.

3

claimant. Consistent with EEOC's determination of reasonable cause with respect to Starke's charge, the Complaint referred to a "class of similarly situated female employees of defendant CRST. . . ." However, the class was undefined other than by the allegation that the class members "were adversely affected" by the same "unlawful employment practices" as Starke. The "practices" were described as female drivers being subjected to sexual harassment by lead drivers or team drivers and a sexually hostile working environment which "CRST failed to prevent, correct, and protect them from. . . ."[5] (Complaint, Doc. No. 2, at p. 1.)[6]

It was not until this litigation was well underway (after EEOC had sent multiple solicitation letters to CRST's current and former female drivers and had obtained through discovery the files of CRST's Human Resources department) that the number of allegedly aggrieved persons named by EEOC skyrocketed to 270 at its high point by the October 15, 2008 cut-off date. In fact, during the eight days immediately prior to the October 15, 2008 deadline for identifying individuals for whom it sought relief, EEOC identified an additional 217 persons, quadrupling the number of individual claims that EEOC was asserting.

Except for the Starke and Peeples claims, at no time prior to filing its Complaint had EEOC made administrative determinations relating to the merits of the 270 individual claims it "identified" prior to the Court's October 15, 2008 deadline, apparently believing that its "pattern or practice" contention provided a sufficient common basis to excuse the need for the individual

---

[5] EEOC's determination of reasonable cause with respect to Peeples was also issued on September 27, 2007. (*See* Ex. 2.) However, Peeples was not named in EEOC's First Amended Complaint (Doc. No. 8) filed on November 16, 2007. Starke remained the only named claimant, and there was no change in the definition of the "class."

[6] EEOC's press release that announced the filing of the Complaint also emphasized EEOC's allegation that CRST was liable generally for its failure "to prevent, correct, and protect its female employees from the harassment." (EEOC press release, dated Sept. 27, 2007; attached as Exhibit 5.)

4

investigations, determinations, and conciliations that would otherwise be statutorily required as conditions precedent to its bringing suit on behalf of any individual.[7]

The fact that fifteen other female CRST drivers for whom EEOC sought relief once this suit was filed had filed charges with EEOC that did not result in determinations of reasonable cause or conciliation efforts demonstrates that from the outset of these proceedings EEOC was focused entirely on the pattern or practice claim and not on its pre-suit administrative obligations relating to individual claims. EEOC litigated this case as a pattern or practice claim rather than as a collection of individual claims.

Indeed, until the Court ruled that there would be no bifurcation, EEOC asserted that its pattern or practice claim should be tried first, in large part based on its contention that, if it prevailed, its burden of establishing liability with respect to individual aggrieved persons would be reduced. (Email dated Aug. 20, 2008, from EEOC counsel to CRST's counsel, attached as Exhibit 6.) At the time that it was identifying class members, EEOC admitted that if it did not prevail on its pattern or practice claim, it would not proceed with a number of individual claims. (*Id.*)

## ARGUMENT

EEOC's statutory obligation to investigate, determine reasonable cause, and conciliate is "crucial to the philosophy of Title VII." *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 608 (9th Cir. 1982) (*quoting EEOC v. E.I. DuPont de Nemours and Co.*, 373 F. Supp. 1321, 1333 (D. Del.

---

[7] The fact that EEOC was single-mindedly focused on its claim that CRST was liable across the board for a pattern or practice of tolerating sexual harassment is further supported by EEOC's failure to take any depositions of alleged harassers in this case. EEOC's discovery was largely aimed at CRST's policies and enforcement practices with respect sexual harassment and not the specific facts of individual claims.

5

1974), *aff'd*, 516 F.2d 1297 (3d Cir. 1975)). In *EEOC v. Shell Oil Co.*, 466 U.S. 54, 62-64 (1984), the Supreme Court explained the conditions that EEOC must satisfy before filing suit:

> In its current form, Title VII sets forth "an integrated, multistep enforcement procedure" that enables the Commission to detect and remedy instances of discrimination. *See Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 359(1977). The process begins with the filing of a charge with the EEOC alleging that a given employer has engaged in an unlawful employment practice. . . .
>
> After a charge has been filed, the EEOC conducts an investigation of the allegations contained therein. . . . If, after completing its investigation, the EEOC determines that there is "reasonable cause to believe that the charge is true," it must "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." § 2000e-5(b). If those methods prove ineffectual, the Commission is empowered to bring a civil action against the employer. § 2000e-5(f)(1).

"Genuine investigation, reasonable cause determination and conciliation are jurisdictional conditions precedent to suit by the EEOC. . . ." *Pierce Packing Co.*, 669 F.2d at 608. *See EEOC v. American Home Products Corp.*, 165 F. Supp. 2d 886, 906-908 (N.D. Iowa 2001) (Bennett, C.J.). Here, EEOC's administrative investigation, determinations of reasonable cause and conciliation offers related solely to Starke and Peeples and an undefined "class of employees and prospective employees." EEOC asserted the claims of all the other individual claimants for the first time after this case was filed, and those claims were not the subject of individual determinations prior to the filing of the Complaint. Indeed, most individual claims were not even identified by EEOC until more than a year after the Complaint was filed.

As this Court explained in its P/P Summary Judgment Ruling (pp. 9-10), Title VII nowhere refers to "class members" but rather only to "allegedly aggrieved persons." Nevertheless, both EEOC and some courts have occasionally used the phrase "class members" to describe the persons on whose behalf claims were being pursued related to a specifically described employment *practice* charged by EEOC as being unlawful under Title VII and

6

generally applicable to all claimants. Relying on a "class action" type procedure, some Courts have permitted EEOC to avoid having to investigate and conciliate the claims of later-added individual "class members" as a condition precedent to bringing suit on their behalf, but only if the later charges related to a generally applicable, specifically charged employment practice.

This exception to EEOC's legal duty to investigate and attempt in good faith to settle each and every claim before involving a court in litigation should be strictly limited to cases in which the specifically alleged discriminatory *practice* affecting all claimants had itself been the subject of investigation and attempted conciliation. For example, in *EEOC v. Nordstrom, Inc.*, Case No. 07-80894, 2008 WL 5100206, at *1 (S.D. Fla. Nov. 25, 2008), all the claims involved one manager who allegedly harassed Hispanic employees and thus created a hostile work environment for other similarly situated "class members." In *EEOC v. Cone Solvents, Inc.*, No. 04-0841, 2006 WL 1083406, at *1-4, 7-8 (M.D. Tenn. April 21, 2006), EEOC sought relief for individuals subjected to alleged sexual harassment by the employer's president. In *EEOC. v. Dial Corp.*, 156 F. Supp. 2d 926, 930, 942-43 (N.D. Ill. 2001), EEOC asserted and attempted conciliation with respect to a sexual harassment pattern or practice claim at one plant and alleged that all "class members" were subjected to the same hostile environment. There is no longer any similar pattern or practice claim in this case.

*EEOC v. Lockheed Martin Global Telecoms., Inc.*, 514 F. Supp. 2d 797, 806-07 (D. Md. 2007), an age discrimination case, held that EEOC's conciliation offer was sufficient on a class-wide basis because the alleged discrimination involved the termination of older workers based solely on their age. Here, the claims turn not on a general characteristic such as the claimant's sex, but on the specific conduct each individual was allegedly subjected to by a male driver. The

7

focus in all of these cases is appropriately on the fact that a general employer "practice" affected the identified claimant and the unnamed "class members" in the same way.

Courts have prevented EEOC from pursuing "class" claims in litigation that go beyond the scope of the claims it investigated and attempted to conciliate. In *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F. Supp. 2d 974 (S.D. Ind. 2003), a sex discrimination case was not permitted to proceed on a nationwide "class" basis because the investigation was limited to the employer's Indianapolis facility. As here with respect to EEOC's identification of individual claimants through discovery after the case was filed, in *Jillian's* "[i]t was only after conducting discovery with respect to its original complaint that the EEOC decided to expand its lawsuit to include a nationwide class." *Id.* at 981. *See also EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1263-69 (EEOC barred from pursuing litigation on behalf of a nationwide class because its investigation and conciliation efforts were confined to a three-state region).

In *EEOC v. Target Corp.*, No. 02-C-146, 2007 WL 1461298, at *2 (E.D. Wis. May 16, 2007), the court held that one claimant, Daniels, could not, for statute of limitations purposes, piggy-back on another claim of racial discrimination in hiring because the interviews of the two claimants were four months apart and they were interviewed by different individuals. The court also found that Daniels' claim was barred because it arose before May 2000 and EEOC had learned of the facts supporting his claim through discovery after the complaint was filed rather than through prefiling investigation, as Title VII requires. Similarly, here, the facts as to each individual claimant are unique and materially different, and EEOC did not learn of possible claims by nearly all of the individual claimants until it pursued discovery long after its Complaint was filed.

8

In *American Home Products*, 165 F. Supp. 2d at 908-14, the Court did not permit EEOC to pursue a claim of post-termination retaliation because it was not the *practice*—retaliatory termination—which had been the subject of EEOC's investigation and conciliation prior to filing the suit. Chief Judge Bennett recognized limits upon the ability of the EEOC to file suit and referenced controlling Eighth Circuit precedent as follows:

> Similarly, our own Circuit Court of Appeals has examined the permissible scope of a lawsuit by the EEOC:
>
> > The permissible scope of an EEOC lawsuit is not confined to the specific allegations in the charge; rather, it may extend to any discrimination like or related to the substance of the allegations in the charge and which reasonably can be expected to grow out of he investigation triggered by the charge. . . . The original charge is sufficient to support EEOC action, including a civil suit, for any discrimination stated in the charge or developed during a reasonable investigation of the charge, *so long as the additional allegations of discrimination are included in the reasonable cause determination* and subject to a conciliation proceeding. *Brookhaven*, 614 F. 2d at 1025.

165 F. Supp. 2d at 908 (*quoting EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668-69 (8th Cir. 1992)) (emphasis added by *American Home Products*).

The Court in *American Home Products* then continued:

> Thus, even where additional claims are like or reasonably related to the claims asserted in the original charge, and could be reasonably expected to grow out of the investigation of the original charge, the Eighth Circuit Court of Appeals requires a determination of reasonable cause *as to those claims* and the opportunity for conciliation before the EEOC may include those claims in its suit.

165 F. Supp. 2d at 909 (emphasis in original). The Court then cited with approval the Fourth Circuit decision in *EEOC v. American National Bank*, 652 F. 2d 1176, 1186 (4th Cir. 1981), *cert. denied*, 459 U.S. 923 (1982), and concluded:

> Thus, the Fourth Circuit Court of Appeals read the "reasonable cause" and "conciliation" prerequisites to suit as necessary to provide notice of the specific ***practice*** the EEOC had determined to be unlawful--hiring, layoff, promotion, etc.-- not just the ***manner*** in which the EEOC had determined the employer's practices to be unlawful--discrimination, harassment, retaliation, etc. . . . [T]he

9

> appellate court reasoned, "The crucial issue was instead whether the district court had jurisdiction over the same charges of discrimination against a single defendant, expanded to include the same *practices* at all its branch offices when the original charge and investigation focused on one city but where there was common ownership and control over branches in both that city and a nearby city, and where the challenged hiring *practices* for all branches were similar." Id. (emphasis added). When the issue was properly characterized, the Fourth Circuit Court of Appeals concluded "that jurisdiction over charges pertaining to all branches of [the company] was proper in this case because there was, through the EEOC's investigation and attempted conciliation with regard to [one city], adequate notice to the defendant of the *practices* under investigation and ample opportunity for conciliation concerning those *practices.*

165 F. Supp. 2d at 909 (emphasis in original).

Here, in contrast to the situation before the Fourth Circuit in *American National Bank*, as considered by Chief Judge Bennett in *American Home Products*, there is no longer any unlawful charged *practice* common to the individual claims of the allegedly aggrieved parties involved in this action. Instead, following the Court's P/P Summary Judgment Ruling, we are left with only the *manner* in which EEOC contends CRST has acted unlawfully, *i.e.* sexual harassment.

Congress could not possibly have intended that our federal district courts be burdened with the task of conducting mass trials of Title VII sexual harassment claims before a single jury absent some specifically charged unlawful practice commonly affecting all such claims, particularly when few of the claims were identified during the administrative process which Congress intended to act as a filter before any claims reached a federal court. Instead, EEOC should be required to satisfy the conditions precedent of charging, investigating, finding reasonable cause, and conciliating each such unrelated claim before filing suit.

The cases cited establish the principle that in a case in which all individual claims arise from the same practice, investigation and conciliation of one typical claim can reasonably provide the basis for conciliation of all related claims. If there is no common practice, the premise for "class" conciliation vanishes. This is such a case. The investigation and conciliation

10

of Starke's individual claim would provide no basis whatever for conciliating Peeples' or any of the other 153 fact-specific individual claims.[8]

EEOC has pursued this case as if it were the same type of "piggyback" vehicle described in *Nordstrom* and *Dial* which allowed it to add more "class member" claims without first having to investigate or conciliate them as Title VII generally requires. With the elimination of the pattern or practice claim as a matter of law on undisputed facts, it is clear that there never was any commonality among these otherwise highly individualized claims.

---

[8] Starke claims offensive touching and comments by one male driver and forced sexual relations by a second driver. Peeples alleges that a different male driver touched her leg once while she was driving, jumped on her bunk once without touching her, and propositioned her. (*See* CRST's summary judgment brief with respect to the plaintiffs/interveners' claims, Doc. No. 145-2, at pp. 8-12.) The only factor that is common to their claims is their failure to promptly report the alleged harassment to CRST.

11

## CONCLUSION

Under these unusual circumstances, CRST respectfully requests the Court to order EEOC to show cause why the individual Section 706 claims that it asserted after this case had been filed should not be dismissed for failing to exhaust pre-suit individual administrative remedies. Given that none of the individual claims (other than those of plaintiffs/interveners Starke and Peeples which are unaffected by this motion) are based on determinations of reasonable cause as required by Title VII, such an order would cause no undue prejudice because none of the other allegedly aggrieved persons has any entitlement to proceed with a claim in court at this time.

Dated: May 8, 2009

Respectfully submitted,

**CRST VAN EXPEDITED, INC.**

By: s/John H. Mathias, Jr.
One of its attorneys

| | |
|---|---|
| Kevin J. Visser | John H. Mathias, Jr. |
| Thomas D. Wolle | Robert T. Markowski |
| Simmons, Perrine, Moyer & | Sally K. Sears Coder |
| Bergman, P.L.C. | Jenner & Block LLP |
| 115 Third Street SE, Suite 1200 | 330 N. Wabash Avenue |
| Cedar Rapids, IA 52401 | Chicago, Illinois 60611 |
| 319 366-7331 | 312 222-9350 |

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2009, I electronically filed the foregoing document with the Clerk of the United States District Court, Northern District of Iowa, Cedar Rapids Division, using the ECF system, which will send notification of such filing to:

Jean P. Kamp
Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, Illinois 60661

Brian C. Tyndall
Equal Employment Opportunity Commission
Milwaukee Area Office
310 West Wisconsin Avenue, Suite 800
Milwaukee, Wisconsin 53203-2292
brian.tyndall@eeoc.gov

Nicholas J. Pladson
Equal Employment Opportunity Commission
330 Second Avenue South, Suite 430
Minneapolis, Minnesota 55401
nicholas.pladson@eeoc.gov

Jeffrey R. Tronvold
Matthew James Reilly
Eells & Tronvold
1921 51st Street NE
Cedar Rapids, Iowa 52402
jeff@eells-tronvold.com
matt@eells-tronvold.com

                                                             s/John H. Mathias, Jr.
                                                             One of Defendant's Attorneys