**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARKE, LATESHA THOMAS and NICOLE ANN CINQUEMANO,<br><br>Plaintiffs-Interveners,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>Defendant. | No. 07-CV-95-LRR<br><br><br><br>**ORDER** |

_____

***TABLE OF CONTENTS***

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.  RELEVANT PRIOR PROCEEDINGS* . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *A.  Summary of Argument* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    *B.  Standard for Summary Judgment* . . . . . . . . . . . . . . . . . . . . . . *4*
    *C.  Summary Judgment Facts* . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *1.  Ms. Starke* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        *2.  Ms. Payne* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        *3.  Ms. Timmons* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *D.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *14*

## I. INTRODUCTION

The matter before the court is Defendant CRST Van Expedited, Inc.'s Motion for Summary Judgment Based on Judicial Estoppel ("Motion") (docket no. 144).

## II. RELEVANT PRIOR PROCEEDINGS[1]

On February 13, 2009, Defendant CRST Van Expedited, Inc. ("CRST") filed the Motion. On March 16, 2009, the Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervener Monika Starke ("Ms. Starke") filed Resistances (docket nos. 160 & 163). On March 31, 2009, CRST filed a Reply (docket no. 178).

CRST requests oral argument on the Motion, but the court finds oral argument is not appropriate. The Motion is fully submitted and ready for decision.

## III. THE MERITS

### A. Summary of Argument

In the Motion, CRST asks the court to (1) dismiss Ms. Starke's federal and state law claims in the "Plaintiffs'/Interveners' Complaint" (docket no. 49) and (2) bar the EEOC from seeking monetary and other relief on behalf of Ms. Christina Payne and Ms. Robin Timmons.[2] CRST invokes the doctrine of judicial estoppel and points out that all three women (1) filed for bankruptcy after their alleged sexual harassment occurred, (2) failed to disclose any cause of action against CRST in their bankruptcy filings; (3) had their debts

---

[1] A more complete recitation of the prior proceedings is set forth in the court's Order (docket no. 197). The court assumes complete familiarity with the prior proceedings.

[2] CRST also asks the court to bar the EEOC from seeking relief on behalf of Ms. Antonia Aguilar, Ms. Linda Austin and Ms. Catherine Howard. On May 11, 2009, the court issued an Order (docket no. 223), in which it barred the EEOC from seeking relief for these three women on statute of limitations grounds. Therefore, the court need not discuss CRST's arguments with respect to Ms. Aguilar, Ms. Austin and Ms. Howard in the instant Order. Out of an abundance of caution, however, the court has reviewed the parties' arguments and would hold the EEOC is estopped from seeking relief for them.

discharged under Chapter 7 or are presently in repayment under Chapter 13 of the Bankruptcy Code; and (4) seek monetary damages from CRST in this action notwithstanding their prior false assertions to the bankruptcy courts.

Neither Ms. Starke nor the EEOC disputes the underlying facts. Rather, Ms. Starke argues "[s]ummary judgment is inappropriate against [her] because judicial estoppels [sic] is an affirmative defense that had to have been, but was not timely pleaded[.]" Resistance (docket no. 160), at 1. Ms. Starke also claims her failure to disclose in her bankruptcy proceeding was wholly inadvertent—she points out she is German, struggles with English and hired an attorney to help her file for bankruptcy. Finally, Ms. Starke points out she recently moved to reopen her bankruptcy case to disclose the possibility that she might recover a judgment in this case.

The EEOC claims it is categorically immune from the doctrine of judicial estoppel, because it is a federal agency with its own interests. The EEOC points out it was not a party to any bankruptcy proceeding, and Ms. Payne and Ms. Timmons are not parties to this case. The EEOC agrees with Ms. Starke that there is not "one piece of evidence that could establish the necessary intent to permit [the] inference" that Ms. Starke, Ms. Payne or Ms. Timmons intended to mislead a bankruptcy court. Resistance (docket no. 163), at 12. The EEOC also agrees that Ms. Starke's motion to reopen her bankruptcy proceeding should shield her from the judicial estoppel doctrine.

In Reply, CRST largely reasserts the arguments in its Motion. Further, CRST opines that the EEOC's argument that it is categorically immune from the doctrine of judicial estoppel is misplaced and contrary to Supreme Court precedent, which recognizes that the prior conduct of allegedly aggrieved persons may limit the relief that the EEOC may obtain in an enforcement action under 42 U.S.C. § 2000e-5. CRST opines that Ms. Starke's motion to reopen her bankruptcy proceeding came too late and, in any event, the bankruptcy court denied her motion because she failed to prosecute it.

## B. *Standard for Summary Judgment*

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see, e.g., Baum v. Helget Gas Prods., Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

### C. *Summary Judgment Facts*

The facts are largely undisputed. The court first discusses Ms. Starke and then Ms. Payne and Ms. Timmons.

### 1. *Ms. Starke*

In July and August of 2005, Ms. Starke's lead drivers, Messrs. Bob Smith and David Goodman, allegedly sexually harassed her while she was training to become a CRST truck driver. In October of 2005, Ms. Starke and her husband filed a voluntary petition as joint debtors under Chapter 7 of the Bankruptcy Code in the United States District Court for the Northern District of Texas. They did not list a claim for sexual harassment among their assets in their bankruptcy petition, any schedule attached thereto or in their statement of financial affairs ("SOFA"). To the contrary, on Schedule B, Category 21, of their bankruptcy petition, which requests identification of "[o]ther contingent and unliquidated claims of every nature," the Starkes affirmatively checked a box indicating "None." Def.'s App'x at 2956. The Starkes also listed CRST as a creditor on Schedule F in the amount of $3,100. The Starkes declared under penalty of perjury that their petition, schedules and SOFA were true and correct to the best of their knowledge, information and belief.

In December of 2005, Ms. Starke filed a charge of sex discrimination with the EEOC and the Iowa Civil Rights Commission ("ICRC") against CRST based upon the conduct of Messrs. Smith and Goodman.

In January of 2006, the Starkes amended their Schedule F to list an additional unsecured creditor but did not disclose a potential civil rights claim against CRST. In March of 2006, the bankruptcy court granted the Starkes a full discharge of their debts, including the $3,100 they owed CRST.

In September of 2007, the EEOC filed the instant lawsuit on behalf of Ms. Starke and "a class of similarly situated female employees of [CRST.]" Complaint (docket no.

2), at 1. In September of 2008, the court granted Ms. Starke permission to intervene in the instant action.

In December of 2008, the Starkes filed a motion to reopen their bankruptcy proceeding to add as a potential asset under Schedule B their pending federal and state law claims against CRST.

### 2. *Ms. Payne*

Mr. Mark Hoagland allegedly sexually harassed Ms. Payne sometime between January and April of 2005.

In October of 2005, Ms. Payne filed a voluntary petition and plan under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Ohio under the name of "Christina Sprinkle." Ms. Payne did not list a claim for sexual harassment against CRST among her assets in that petition for bankruptcy, any schedule attached thereto or in her SOFA. To the contrary, on Schedule B, Category 20 of her petition, requesting the identification of "[o]ther contingent and unliquidated claims of every nature," Ms. Payne checked the box indicating she had "None." Def. App'x at 2088. Ms. Payne declared under penalty of perjury that her petition, schedules and SOFA were true and correct to the best of her knowledge, information and belief. In December of 2005, the bankruptcy court approved her plan, which paid her creditors five cents for every dollar owed.

In September of 2007, the EEOC filed the instant lawsuit on behalf of Ms. Starke and "a class of similarly situated female employees of [CRST.]" Complaint (docket no. 2), at 1. In October of 2008, the EEOC identified Ms. Payne as one of its "class members" for whom it seeks monetary and other relief.

In June of 2008, the bankruptcy trustee moved to dismiss Ms. Payne's bankruptcy for non-payment. In November of 2008, the trustee filed an affidavit of default in support of the trustee's motion to dismiss. In December of 2008, Ms. Payne filed a resistance to

the motion to dismiss, in which she acknowledged she was in arrears but informed the court she was newly employed and planned to pay off the balance of her payment plan. She did not amend her schedules or otherwise inform the court or trustee that she was a "class member" in the instant EEOC enforcement action.

### 3. *Ms. Timmons*

In December of 2005 and January of 2006, Mr. John Boyle allegedly sexually harassed Ms. Timmons.

In September of 2007, the EEOC filed the instant lawsuit on behalf of Ms. Starke and "a class of similarly situated female employees of [CRST.]" Complaint (docket no. 2), at 1.

In March of 2008, Ms. Timmons and her husband filed a voluntary petition as joint debtors under Chapter 7 of the Bankruptcy Code in the United States District Court for the Western District of Missouri. Ms. Timmons did not disclose any potential cause of action against CRST as an asset of her bankruptcy estate. To the contrary, she affirmatively entered "None" in response to Category 21 of Schedule B of her petition, which requires the identification of any "[o]ther contingent and liquidated claims of every nature[.]" Def.'s App'x at 3171. The Timmonses listed CRST as a creditor, however, in the amount of $5,236.09. Based upon her representations, made under penalty of perjury, the bankruptcy court discharged the Timmonses' debts in June of 2008.

In October of 2008, the EEOC identified Ms. Timmons as a "class member" in this action. Ms. Timmons has not moved to reopen her bankruptcy to list her status as a "class member" in this EEOC enforcement action as a potential asset, notwithstanding the fact that she would receive money the EEOC wins on her behalf.

### *D. Analysis*

For the reasons stated in the Motion and the Reply, the court shall grant the Motion. Ms. Starke is judicially estopped from pursing her federal and state law claims in this

action because she failed to disclose them in her bankruptcy proceeding. Similarly, the court holds the EEOC is judicially estopped from seeking relief on behalf of Ms. Christina Payne and Ms. Robin Timmons. The court finds all three women have made false assertions to federal bankruptcy courts and are attempting to profit from those assertions in this court. The court finds the actions of the three women were not inadvertent.

The judicial estoppel doctrine "'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Pegram v. Herdich*, 530 U.S. 211, 227 n.8 (2000)). Put simply, "'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.'" *Id.* (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). The purpose of the judicial estoppel doctrine is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (citations and internal quotation marks omitted).

There is no rubric or settled formula for a court to apply when deciding whether to apply the doctrine of judicial estoppel. *Id.* Each case will likely turn on its own facts, and courts must not "establish inflexible prerequisites" before applying the doctrine. *Id.* at 751. Rather, the Supreme Court has identified four factors that will "typically" inform a decision to apply the judicial estoppel doctrine. *Id.* at 750. The Supreme Court stated:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court

8

> determinations, and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750-51 (citations and internal quotation marks omitted).

"In the bankruptcy context, a party may be judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1047 (8th Cir. 2006) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)). "A debtor's failure to list a claim in the 'mandatory bankruptcy filings is tantamount to a representation that no such claim existed.'" *Id.* (citing *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004)). The Eighth Circuit Court of Appeals and this court routinely dismiss civil actions, including civil rights actions, after a plaintiff/debtor affirmatively misrepresents to a bankruptcy court that her bankruptcy estate did not possess such an action and the bankruptcy court relied on the misrepresentation in some measure. *See, e.g., Strong v. Am.'s Ctr. Food Serv. Partners/Levy Rests. Ltd. P'ship*, 189 F. App'x 587, 587 (8th Cir. 2006) ("Strong represented in her earlier bankruptcy proceeding that she had no such suit, the bankruptcy court relied on that representation in granting her a no-asset discharge, and allowing Strong to proceed with this claim after her discharge would give her an unfair advantage."); *U.S. ex rel. Gebert v. Trans. Admin. Servs.*, 260 F.3d 909, 917-19 (8th Cir. 2001) (affirming dismissal of *qui tam* suit after plaintiffs/debtors failed to disclose suit in their bankruptcy proceeding and bankruptcy court granted them a discharge); *Tokheim v. Ga.-Pac. Gypsum LLC*, No. 07-CV-3057-MWB, 2009 WL 873990, *6-*10 (N.D. Iowa Mar. 31, 2009) (Bennett, J.) (dismissing sex discrimination case on judicial estoppel grounds and observing that "[n]umerous federal courts of appeals, including the Eighth Circuit Court of Appeals, have held that the

9

omission of a cause of action as an asset in bankruptcy provides an appropriate basis for imposing judicial estoppel"); *cf. Stallings*, 447 F.3d at 1046-49 (holding district court abused its discretion in applying the judicial estoppel doctrine, where the bankruptcy court never discharged the debts of the plaintiff/debtor and the plaintiff/debtor "could not have known at the time he filed his bankruptcy petition to disclose [his] claims" because he was already in Chapter 13 when the facts giving rise to his claim occurred). The Eighth Circuit Court of Appeals and this court do "not allow the debtor to conceal its claims, get rid of its creditors 'on the cheap,' and start over with a 'bundle of rights.'" *Stallings*, 447 F.3d at 1048 (citing *Payless Wholesale Distrib., Inc. v. Alberto Culver, Inc.*, 989 F.2d 570, 571 (1st Cir. 1993)). "Because the debtor obtained judicial relief on the representation that no such claims existed, the debtor is prohibited from resurrecting such claims and obtaining relief on the opposite basis.'" *Id.*

The judicial estoppel doctrine clearly applies to Ms. Starke, Ms. Payne and Ms. Timmons. Each of these women (1) affirmatively represented to a bankruptcy court that she did not have a claim against CRST yet presses such claim in the instant action; (2) persuaded a bankruptcy court to rely upon the false assertion that no claim existed to either obtain a no-asset discharge under Chapter 7 or obtain relief from her debts under Chapter 13; and (3) would gain an unfair advantage in the present case were she allowed to profit from her false assertion to the bankruptcy court. Indeed, the circumstances surrounding each woman's case present the classic case wherein other courts have invoked judicial estoppel. *See, e.g., Stallings*, 447 F.3d at 1048 ("[A] debtor who filed his bankruptcy petition, subsequently receives a right-to-sue letter from the [EEOC], and then fails to amend his bankruptcy petition to add his lawsuit against his employer as a potential asset is estopped from bringing the lawsuit because the debtor 'knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court.'" (quoting *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003)).

The actions of Ms. Starke and Ms. Timmons are especially galling. Ms. Starke and Ms. Timmons used the bankruptcy process to discharge or reduce debts *owed to CRST* and now seek to recover funds from CRST free and clear of the bankruptcy process. Judicial estoppel is "especially" appropriate under such circumstances. *See New Hampshire*, 532 U.S. at 750 ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, *especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him*.'" (Emphasis added.)).

Notwithstanding her professed reliance upon counsel and unfamiliarity with English and the American legal system, Ms. Starke's actions certainly are not inadvertent or unintentional. *See Stallings*, 447 F.3d at 1048 ("'A debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment.'" (quoting *Coastal*, 179 F.3d at 210 (emphasis in *Coastal*)); *Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006) ("[B]ad legal advice does not relieve the client of the consequences of her own acts."); *Tokheim*, 2009 WL 873990, at *6-*10 (rejecting advice of counsel defense). The fact Ms. Payne and Ms. Timmons have not undertaken *any* efforts to inform the bankruptcy courts of their false assertions and the fact that Ms. Starke only made a half-hearted, abortive and unsuccessful effort to do so are especially telling of their intentions. *See, e.g., EEOC v. J.D. Streett & Co.*, No. 05-CV-4186-JPG, 2006 WL 3076667, *4-*5 (S.D. Ill. Oct. 30, 2006) (pointing out that a plaintiff's failure to amend bankruptcy filings "is evidence that her pursuit of this case in light of her failure to list her cause of action was no unintentional error").

The judicial estoppel doctrine applies part-and-parcel to the EEOC, notwithstanding the fact that it is the "master of its own case" and does not merely stand in the shoes of the allegedly aggrieved persons for whom it seeks relief in this action under 42 U.S.C.

11

§ 2000e-5. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002). Another district court recently surveyed the law and reasoned:

> Judicial estoppel is an equitable doctrine. It is clear that had the Cooks filed this action judicial estoppel would apply and bar them from proceeding with their claims for monetary damages. It is also clear that the Cooks will receive any monetary damages recovered by the EEOC in this action. The court fails to see how it would be equitable to allow the Cooks to receive monetary damages recovered by the EEOC on their behalf after the Bankruptcy Court discharged their debts in reliance on their false disclosures when they would not be entitled to receive such monetary damages had they filed the action on their own behalf. Such a result would allow the Cooks to have their cake and eat it too, and would represent the type of abuse which judicial estoppel is designed to preclude.
>
> While not applying judicial estoppel, numerous courts . . . have recognized that where equity would preclude a claimant from seeking relief, it also operates to preclude the EEOC from seeking relief on the claimant's behalf. *See e.g. EEOC v. Sidley Austin, LLP*, 437 F.3d 695 (7th Cir.2006) (recognizing that collateral estoppel prevents EEOC from recovering damages for a claimant who had previously litigated the same claim); *EEOC v. United States Steel Corp.*, 921 F.2d 489, 496 (3d Cir. 1990) ("By claiming or accepting individual relief won by the EEOC, the individuals would necessarily concede that the EEOC was their representative and that they were embraced by the EEOC's judgment. For those individuals who had previously brought their own suits against USX and lost on the merits, this concession would be fatal. Having had their day in court, these individuals could not relitigate the same claim through a representative any more than they could relitigate the same claim on their own behalf."); *EEOC v. McLean Trucking Co.*, 525 F.2d 1007 (6th Cir. 1975) (finding that a claimant's acceptance of an arbitration award and his filing of a separate action precluded the EEOC from basing a lawsuit based solely on the claimant's charge).

*EEOC v. Dave's Detailing, Inc.*, No. 3:07-CV-516-S, 2008 WL 1968315, *3 & n.3 (W.D. Ky. May 2, 2008) (citations omitted). In short, the Supreme Court has explicitly recognized that equity may preclude the EEOC from obtaining relief on behalf of an allegedly aggrieved individual, and judicial estoppel is an equitable doctrine. The court respectfully disagrees with other district courts which have held, without citing any controlling legal authority, that the EEOC is categorically immune from a judicial estoppel defense. *See, e.g., EEOC v. Tobacco Superstores, Inc.*, No. 3:05CV00218-WRW, 2008 WL 2328330, *8 (E.D. Ark. Jun. 4, 2008); *EEOC v. Digital Connections, Inc.*, No. 3:05-0710, 2006 WL 2792219, *3 (M.D. Tenn. Sept. 26, 2006); *EEOC v. Apria Healthcare Grp., Inc.*, 222 F.R.D. 608, 613 (E.D. Mo. 2004). The court will not permit the EEOC to help Ms. Starke, Ms. Payne or Ms. Timmons profit from their false assertions to the bankruptcy courts or otherwise allow the EEOC to denigrate the integrity of the judicial system.

This brings the court to Ms. Starke's final argument. As previously indicated, Ms. Starke argues "[s]ummary judgment is inappropriate against [her] because judicial estoppels [sic] is an affirmative defense that had to have been, but was not timely pleaded[.]" Resistance (docket no. 160), at 1.[3] Even if the court assumes Federal Rule of Civil Procedure 8(c)[4] required CRST to list judicial estoppel as an affirmative defense in its responsive pleadings, the Eighth Circuit Court of Appeals has "eschewed a literal interpretation of [Federal Rule of Civil Procedure 8(c)] that places form over substance . . . ." and clings to the principle that, "'[w]hen an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal.'" *First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd.*, 477

---

[3] The EEOC does not press this argument.

[4] "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . estoppel . . . ." Fed. R. Civ. P. 8(c).

13

F.3d 616, 622 (8th Cir. 2007) (quoting *Fin. Timing Publ'ns, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 944 n.9 (8th Cir. 1990)). Here, Ms. Starke does not allege she suffered prejudice from CRST's failure to list judicial estoppel as an affirmative defense in its responsive pleadings, and the court discerns no prejudice to her. Ms. Starke knew or should have known of the possibility of the judicial estoppel defense no later than December 30, 2008, when counsel for CRST asked her about her bankruptcy at her deposition. Ms. Starke certainly knew of CRST's intention to pursue a judicial estoppel defense soon enough to make a half-hearted attempt to reopen her bankruptcy proceeding. In any event, judicial estoppel is designed to protect the integrity of the judicial process and may be raised sua sponte by the court even if not raised as an affirmative defense by a party. *Cathcart v. Flagstar Corp.*, No. 97-1977, 1998 WL 390834, *8 n.2 (4th Cir. 1998); *see, e.g., Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 468 (E.D. La. 2007) (holding defendant did not waive judicial estoppel defense by failing to include it in answer, where defendant raised the defense for the first time in a motion to summary judgment in part because the plaintiffs did not allege prejudice); *Lett v. Reliable Rushkin*, No. 1:05cv479-WHA, 2006 WL 2056582, *4-*5 (M.D. Ala. Jul. 26, 2006) (reaching same conclusion on similar facts as *Weiss* and holding that "twenty days is more than enough notice for Lett to have prepared arguments to counter Rushkin's judicial estoppel claims"). The only two cases Ms. Starke cites in support of her waiver argument are clearly distinguishable. *Cf. United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993) (holding party was not permitted to raise judicial estoppel defense for first time on appeal); *Altman v. Altman*, 653 F.2d 755, 758 (3d Cir. 1981) (same).

## *IV. CONCLUSION*

The Motion (docket no. 144) is **GRANTED**. Ms. Starke is **DISMISSED WITH PREJUDICE** from the instant lawsuit. The EEOC is **BARRED** from seeking relief in this action on behalf of Ms. Payne and Ms. Timmons. The EEOC is **ORDERED** to file an

updated list of allegedly aggrieved persons for which it intends to seek relief at trial **on or before May 14, 2009, at 5 p.m.** *See* Order (docket no. 66), *passim*.

Ms. Starke and the EEOC shall pay CRST's ordinary costs. CRST may file its request for costs **10 court days** after the disposition of the entire case. Now that CRST is a "prevailing party" as to Ms. Starke, 42 U.S.C. § 2000e-5(k), CRST may file an application for attorneys' fees from Ms. Starke within **20 court days** after disposition of the entire case.

**IT IS SO ORDERED.**

**DATED** this 13th day of May, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA