IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>and<br><br>JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, LATESHA THOMAS and NICOLE ANN CINQUEMANO,<br><br>Plaintiffs-Interveners,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>Defendant. | No. 07-CV-95-LRR<br><br><br><br>**ORDER** |

_____

Defendant's Motion for Order to Show Cause ("Motion") (docket no. 222) is **GRANTED**. Even if the court assumes without deciding that the Motion presents a nonjurisdictional question that may not be raised at any stage in the litigation, the court deems the Motion to be timely given the complex procedural history of this case and the court's recent dismissal of the EEOC's "pattern or practice claim."

After considering the parties' arguments with respect to the Motion, the court has doubts about the EEOC's ability to pursue this matter in whole or in part at trial. In *Delight Wholesale*, the Eighth Circuit Court of Appeals stated:

> The permissible scope of an EEOC lawsuit is not confined to the specific allegations in the charge; rather, it may extend to any discrimination like or related to the substance of the

> allegations in the charge and which reasonably can be expected to grow out of the investigation triggered by the charge. The original charge is sufficient to support EEOC action, including a civil suit, for any discrimination stated in the charge or developed during a reasonable investigation of the charge, *so long as the additional allegations of discrimination are included in the reasonable cause determination and subject to a conciliation proceeding*.

973 F.2d 664, 668-69 (8th Cir. 1992) (emphasis added and citations omitted). The Eighth Circuit Court of Appeals held that certain claims not included in the original charge of discrimination were "properly before the district court" but stressed that the EEOC discovered the unincluded claims during a reasonable investigation of the charge, the unincluded claims were "clearly like or related to the substance of the EEOC charge," the "EEOC included the [unincluded claims] in its reasonable cause determination" and the "EEOC gave [the employer] an opportunity to conciliate [the unincluded claims]." *Id.* at 669; *see also EEOC v. Pierce Packing Co.*, 669 F.2d 605, 608 (9th Cir. 1982) ("The [EEOC]'s functions of investigation, decision of reasonable cause and conciliation are crucial to the philosophy of Title VII. It is difficult to believe Congress directed the [EEOC] . . . [to] institute such litigation before it makes a determination.").

"Nothing less than a 'reasonable' effort to resolve with the employer the issues raised by the complainant will do." *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1260 (11th Cir. 2003). "This effort must, at a minimum, make clear to the employer the basis for the EEOC's charges against it." *Id.* "Otherwise, it cannot be said that the [EEOC] has provided a meaningful conciliation opportunity." *Id.* "[C]onciliation is at the heart of Title VII." A lawsuit is "a last resort." *Id.*[1]

---

[1] In *Asplundh*, the Eleventh Circuit Court of Appeals affirmed the dismissal of a federal enforcement action and an award of attorneys' fees against the EEOC. The Eleventh Circuit Court of Appeals opined that the EEOC may have avoided conciliation to make headlines and press its case against the employer in the media. 340 F.3d at 1261.

On **June 1, 2009, at 9:00 a.m.**, the court shall hold an evidentiary hearing in the Temporary Courthouse at Cedar Rapids, Iowa. The EEOC shall bear the burden to prove its allegations are properly before the court and should be presented to a jury. The court has reserved the entire day for the evidentiary hearing.

Discovery is **REOPENED** for the limited purpose of ascertaining whether the EEOC satisfied its "jurisdictional prerequisites" to bring this lawsuit on behalf of the approximately 140 allegedly aggrieved individuals for whom it intends to seek relief at trial. *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1185 (4th Cir. 1981); *accord Pierce Packing*, 669 F.2d at 608 ("Genuine investigation, reasonable cause determination and conciliation are jurisdictional conditions precedent to suit by the EEOC[.]"). For example, CRST may depose Ms. Pamela Bloomer, one of Plaintiff's investigators, and EEOC may depose Mr. James Barnes, CRST's human resources manager. Discovery shall close **on May 26, 2009**.

Under separate cover, the court shall send the parties a chart to complete before the evidentiary hearing. In the chart the parties shall identify each allegedly aggrieved person for whom the EEOC intends to seek relief at trial and detail the following: (1) the date(s) the EEOC investigated the allegedly aggrieved person's allegation(s) of sexual harassment; (2) the date(s) on which the EEOC issued a reasonable cause determination as to such person; and (3) the date(s) on which the EEOC and CRST engaged in conciliation or

---

In the present case, the EEOC issued a press release entitled "**TRUCKING GIANT CRST SUED FOR SEXUAL HARASSMENT OF FEMALE 'TEAM' DRIVERS**," in which Mr. John Hendrickson, Regional Attorney for the Chicago District, and Mr. John P. Rowe, District Director of the Chicago District Office, commented on CRST's alleged practices. Def.'s Ex. 5 (docket no. 222-7), at 2 (emphasis in original). For example, Mr. Hendrickson stated: "This situation is chilling to contemplate: being trained by a sexual harasser on the open road in a sleeper cab, and not getting immediate help when you complain. We think the repetitive nature of the situation as alleged here makes this case especially compelling . . . ." *Id.* at 3.

attempted to engage in conciliation as to that person. A completed chart, as well as witness and exhibit lists, shall be filed **on or before May 29, 2009, at 5 p.m.**

The court anticipates affording the parties the opportunity to submit post-hearing briefs. The Final Pretrial Conference is **RESET** to **June 15, 2009, at 9:00 a.m.**

**IT IS SO ORDERED.**

**DATED** this 18th day of May, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA