IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>and<br><br>BARBARA GRANT, CINDY MOFFETT, LATESHA THOMAS and NICOLE ANN CINQUEMANO,<br><br>    Plaintiffs-Interveners,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>    Defendant. | No. 07-CV-95-LRR<br><br><br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

II.   RELEVANT PRIOR PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . *2*

III.  STANDARD FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . *2*

IV.  SUMMARY OF THE RELEVANT LAW . . . . . . . . . . . . . . . . . . . . . *3*

V.   ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    A.   *CRST Did Not Know and Had No Reason to Know About*
          *the Sexual Harassment of Eleven Women* . . . . . . . . . . . . . . . . . . . *7*
    B.   *CRST Adequately Addressed the Sexual Harassment*
          *Complaints of Four Women* . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    C.   *The EEOC May Seek Full Relief on Behalf of*
          *Eight Women at Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
    D.   *The EEOC May Seek Partial Relief on Behalf*

1

    *of Eight Women at Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION

The matter before the court is Defendant CRST Van Expedited, Inc.'s "Motion for Summary Judgment Based on Class Members' Failure to Report the Alleged Harassment and/or CRST's Prompt and Effective Response to Reported Harassment" ("Motion") (docket no. 146).

## II. RELEVANT PRIOR PROCEEDINGS[1]

On February 13, 2009, Defendant CRST Van Expedited, Inc. ("CRST") filed the Motion. On March 16, 2009, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Resistance (docket no. 162). On March 31, 2009, CRST filed a Reply (docket nos. 181 & 182).

CRST requests oral argument on the Motion, but the court finds oral argument is not appropriate. *See* LR 7.c. The Motion is fully submitted and ready for decision.

## III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am.*, 450 F.3d 816, 820 (8th Cir. 2006)

---

[1] The court assumes complete familiarity with the prior proceedings.

(citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see, e.g., Baum v. Helget Gas Prods., Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

### IV. SUMMARY OF THE RELEVANT LAW

Under Title VII, it is generally unlawful for an employer to discriminate against a woman because of her sex. 42 U.S.C. § 2000e-2(a)(1). Sexual harassment in the form of a hostile work environment may constitute unlawful sex discrimination. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986).

To prove a claim of an actionable hostile work environment by non-supervisory coworkers,[2] a plaintiff must prove five elements. The plaintiff must prove

---

[2] Again, the court holds that CRST's trainers and co-drivers were the allegedly aggrieved persons' coworkers and not their supervisors. *See, e.g.*, Order (docket no. 197), at 60-61; Order (docket no. 249), at 17-18 & n.9; *see also Morgan v. CRST Van Expedited, Inc.*, No. 05-CV-181-JAJ, 2007 WL 402407, *8 n.4 (N.D. Iowa Feb. 1, 2007) (noting plaintiff conceded that CRST's trainers and co-drivers were coworkers and not

3

> (1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected-group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt and effective remedial action.

*Austin v. Minn. Mining & Mfg. Co.*, 193 F.3d 992, 993 (8th Cir. 1999); *Cherry v. Menard, Inc.*, 101 F. Supp. 2d 1160, 1178-79 (N.D. Iowa 2000) (Bennett, C.J.).

The fifth element, *i.e.*, that the "employer knew or should have known of the harassment and failed to take prompt and effective remedial action," tethers the employer to the conduct of an arguably rogue employee. This element is a necessary component of the plaintiff's *prima facie* case because

> there is no vicarious liability for co-worker harassment. What applies instead is a negligence standard; that is, an employer will be held liable for an atmosphere of sexual harassment by co-workers only if it knew or should have known of the harassment and failed to act. . . . .

3 Lex K. Larson, *Employment Discrimination* § 46.07[3], at 46-129-30 (2d ed. Oct. 2008).

Whether there is sufficient evidence in the summary judgment record to support the inference that the employer *knew* about the plaintiff's sexual harassment will, of course, depend on the circumstances of each case. *See id.* § 46.07[3], at 46-130 ("[R]esults in each case simply depend on an interpretation of the facts . . . .").

> Actual notice may be found if the employee reported the harassment to the [employer]'s personnel office or equal employment office, to management personnel who are designated in [the employer's] policies as the appropriate recipients of such complaints, to other appropriate management personnel who are authorized to take such complaints, or to the EEOC or relevant state

---

supervisors for purposes of Title VII).

4

> anti[-]discrimination agency. Even if harassment is not reported, the employer may be held to be on notice if an authorized supervisor actually witnessed the harassment. It is also not necessary for a plaintiff to follow the [employer]'s precise reporting procedures for the [employer] to be imputed with notice.

*Id.* § 46.07[3], at 46-131-32.

Whether a reasonable jury could find the employer *should have known* about the sexual harassment of the plaintiff also depends on the circumstances of each case. *See id.* § 46.07[3], at 46-130. In some cases, "notice may be presumed where the work environment is permeated with pervasive harassment." *Wilson v. Chrysler Corp.*, 172 F.3d 500, 509 (7th Cir. 1999), *abrogated on other grounds by Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 802-07 (1999). For example, notice may be presumed when the plaintiff worked in "a peculiarly communal employment forum" and the sexual harassment occurred "in common areas," "in open view," "in the presence of other employees" and "was public and deliberately exhibitionist." *Id.* Under such circumstances, a reasonable jury could infer management was not "oblivious to such openly hostile behavior." *Id.*; *see, e.g.*, *Franklin v. King Lincoln-Mercury-Suzuki, Inc.*, 51 F. Supp. 2d 661, 666 (D. Md. 1999) (holding a reasonable jury could find the employer had constructive notice of coworker sexual harassment where "virtually all of the alleged acts of sexual harassment[, including a penis measuring contest, verbal abuse and sexually explicit gestures,] took place on the showroom floor of the dealership which, by design, is a distinctively communal employment forum"). Notice may also be presumed if sexual harassment at the employer's plant was general knowledge and management had received prior sexual harassment complaints about the plaintiff's alleged harasser. *Ciszewski v. Engineered Polymers Corp.*, 179 F. Supp. 2d 1072, 1097-98 (D. Minn. 2001).

To show an employer "'failed to take proper remedial action,'" *Joens v. John Morrell & Co.*, 354 F.3d 938, 940 (8th Cir. 2004) (citation omitted), the plaintiff must

5

show the employer did not undertake a course of action "reasonably calculated to stop the harassment," *Carter v. Chrysler Corp.*, 173 F.3d 693, 702 (8th Cir. 1999).

> Factors in assessing the reasonableness of remedial measures may include the amount of time that elapsed between the notice and remedial action, the options available to the employer, possibly including employee training sessions, transferring the harassers, written warnings, reprimands in personnel files, or termination, and whether or not the measures ended the harassment.

*Id.* (citations omitted). "The promptness and adequacy of an employer's response will often be a question of fact for the factfinder to resolve." *Id.*

"As one might predict, examples of improper employer action abound, ranging from dilatory or inadequate discipline of the offender . . . ." 3 Lex K. Larson, *Employment Discrimination* § 46.07[3], at 46-135 (2d ed. Oct. 2008). Proper "corrective actions may take the form of promptly interviewing the alleged harasser and victim and many potential witnesses, reviewing any documentary or physical evidence and meting out appropriate discipline." *Id.* "Title VII does not necessarily require that an employer fire a harasser." *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 912 (8th Cir. 2006).

## V. ANALYSIS

In the Motion, CRST asks the court to bar the EEOC from seeking relief in this case on behalf of thirty-one[3] allegedly aggrieved persons. CRST argues the EEOC has provided the court with insufficient evidence to prove that, with respect to each of the thirty-one allegedly aggrieved persons, CRST both (1) knew or should have known of sexual harassment and (2) failed to take prompt and effective remedial action. In other

---

[3] The Motion only lists twenty-nine allegedly aggrieved persons. As previously indicated, however, the court considers the parties' arguments with respect to Mss. Belinda Bedford and Faith Shadden in conjunction with the Motion. Order (docket no. 223), at 20-22 & 25.

6

words, CRST maintains a reasonable jury would be unable to find the fifth elements of each of the sexual harassment "claims" of these thirty-one women to be proved by a preponderance of the evidence. The EEOC resists the Motion in its entirety.

The court need not catalogue for the reader all of the sordid facts relating to each of the thirty-one allegedly aggrieved persons at issue in the Motion. After considering the parties' arguments in conjunction with the voluminous record before the court, the court rules as follows:

### A. *CRST Did Not Know and Had No Reason to Know About the Sexual Harassment of Eleven Women*

First, the court holds that there is insufficient evidence in the summary judgment record to show that CRST knew or should have known that the following eleven women suffered sexual harassment: Mss. Bonnie Batyick, Christine Bell-Boyer, Bethany Broeker, Kim Chisolm, Samantha Cunningham, Denise Desonier, Jeana Allen, Delila Katzka, Tina Lott, Vernona McIver and Rachel Tucker. Indeed, Mss. Bell-Boyer, Chisolm, Allen, Katzka, Lott and Tucker *never* informed CRST of the sexual harassment while they were working for CRST. By failing to report their alleged harassment promptly to CRST, these eleven women did not provide CRST with an opportunity to take remedial action reasonably calculated to end their harassment. CRST may not be held liable for sexual harassment it could not stop and that had already ended by the time it was made aware of it. *See, e.g., Anda v. Wickes Furn. Co.*, 517 F.3d 526, 532 (8th Cir. 2008) (affirming dismissal of sexual harassment claim in part because plaintiff failed to fully notify her employer of the harassment and there was no other evidence in the record that tended to show that the employer should have known of the harassment); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 851 (8th Cir. 2005) (affirming dismissal of coworker sexual harassment claim in part because the plaintiff failed to notify manager of sexual harassment until after the coworker had been reassigned to another jobsite); *Whitmore v. O'Connor Mgmt., Inc.*, 156 F.3d 796, 800 (8th Cir. 1998) ("We believe that in cases not

involving vicarious liability, employees have some obligation to inform their employers, either directly or otherwise, of behavior that they find objectionable before employers can be held responsible for failing to correct that behavior, at least ordinarily."); *Bombaci v. Journal Cmty. Pub'g Group, Inc.*, 482 F.3d 979, 983-84 (7th Cir. 2007) ("A plaintiff alleging co-worker harassment must offer evidence that she notified the employer about the harassment or that the harassment was so pervasive that a jury may infer that the employer knew about it."); *Woods v. Delta Beverage Group, Inc.*, 274 F.3d 295, 299-300 (5th Cir. 2001) ("Delta Beverage cannot be held liable for conduct of which it had no knowledge. Woods had the obligation to report the alleged harassment to Delta Beverage as she had been instructed. Her failure to do so is fatal to her case.").

For example, Ms. Batyick alleges her trainer, Mr. Phillip Buckner, sexually harassed her. Mr. Buckner trained Ms. Batyick from January 27, 2008 to February 25, 2008. It is undisputed that Ms. Batyick did not report the alleged sexual harassment to management until the day she got off Mr. Buckner's truck. She had numerous opportunities to report the sexual harassment while training under Mr. Buckner but failed to do so. Indeed, on February 23, 2008, Ms. Batyick submitted a driver evaluation to CRST in which she rated Mr. Buckner a "five out of five" in the category of "appearance and actions were professional." Def.'s App'x at 310. At trial, the EEOC would be required to prove that CRST "'knew or should have known of the conduct and failed to take proper remedial action.'" *Joens*, 354 F.3d at 940. The EEOC has failed to generate a genuine issue of material fact as to this element with respect to Ms. Batyick. CRST did not know about Mr. Buckner's conduct until after it ended even though CRST had trained Ms. Batyick to promptly report sexual harassment to management.

Likewise, the record is devoid of any evidence from which a reasonable jury might find CRST should have known Mr. Buckner was sexually harassing Ms. Batyick. There is no evidence CRST had reason to believe Mr. Buckner may have sexually harassed other

8

women before driving with Ms. Batyick. *Cf. Ciszewski*, 179 F. Supp. 2d at 1097-98. As the court recognized when it dismissed the EEOC's "pattern or practice claim," Order (docket no. 197), *passim*, the EEOC has not presented the court with any expert evidence to support its supposition that male truck drivers are likely to sexually harass their female coworkers due to CRST's "intrinsically coercive" business model. Brief in Support of Resistance (docket no. 168-1), at 4. Finally, CRST does not operate a unified workplace. As a consequence, the court may not simply presume management knew what was happening in the isolated cabs of eleven semi-truck tractors. *Cf. Wilson*, 172 F.3d at 509; *Franklin*, 51 F. Supp. 2d at 666.

Accordingly, the court shall bar the EEOC from seeking relief at trial on behalf of Mss. Batyick, Bell-Boyer, Broeker, Chisolm, Cunningham, Desonier, Allen, Katzka, Lott, McIver and Tucker.

### B. *CRST Adequately Addressed the Sexual Harassment Complaints of Four Women*

Second, the court holds that there is insufficient evidence in the summary judgment record to show that CRST failed to adequately address the sexual harassment complaints of Mss. Maybi Fernandez-Fabre, Ginger Laudermilk, Faith Shadden and Diana Vance. To the extent these four women reported the sexual harassment they suffered to CRST in a timely manner, CRST responded appropriately under the circumstances. Indeed, Ms. Vance expressly refused CRST's attempt to remove her from a bad situation.

Accordingly, the court shall bar the EEOC from seeking relief at trial on behalf of Mss. Fernandez-Fabre, Laudermilk, Shadden[4] and Vance.

---

[4] CRST responded appropriately to Ms. Shadden's complaint of sexual harassment against Mr. Carl Bowling. Although there is no evidence CRST responded appropriately to her complaints about three other men, Ms. Shadden testified all three men were "one-timers pretty much" insofar as they all "hit on [her] once," she told them "no" and "they kind of g[o]t the picture." Def.'s App'x at 2602. The sexual harassment by each of these three men is not actionable because it was not severe or pervasive. *See, e.g., Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 993 (8th Cir. 2003) (holding that a single

9

### C. The EEOC May Seek Full Relief on Behalf of
### Eight Women at Trial

Third, the court declines to bar the EEOC from seeking anything less than full relief at trial on behalf of eight women: Mss. Belinda Bedford, Mary Bender, Lillie Bingaman, Darleaner Deese, Cynthia Fisk, Robryna Fitch, Pamela Hoffman and Bobbi O'Dell. A reasonable jury could find CRST should have known about the sexual harassment of Mss. Bedford, Fisk and O'Dell, because there is circumstantial evidence to show CRST knew that their harassers had previously sexually harassed other women but CRST did not take reasonable steps to prevent recidivism. *Cf. Ciszewski*, 179 F. Supp. 2d at 1097-98.

For instance, when Ms. Fitch reported sexual harassment to one of CRST's managers, *the manager* then sexually harassed Ms. Fitch. There is sufficient evidence from which a reasonable jury could find Ms. Binagaman complained about sexual harassment, CRST failed to address her complaint and, as a direct consequence, Ms. Binagaman was sexually assaulted. Further, a reasonable jury could find CRST failed to adequately respond to the sexual harassment complaints made by Mss. Bender, Deese and Hoffman, which resulted in further sexual harassment of them.

Accordingly, the court places no bar upon the EEOC's ability to seek relief on behalf of Mss. Bedford, Bender, Bingaman, Deese, Fisk, Fitch, Hoffman and O'Dell at trial.

### D. The EEOC May Seek Partial Relief on Behalf of Eight Women at Trial

Fourth, the court places a partial bar on the EEOC's ability to seek relief at trial on behalf of Mss. Pamela Barlow, Peggy Blake, Donna Dickson, Nicole Edwards, Zelestine Grant, Martha Griffin, Carole Pettit and Rhonda Wellman ("the remaining eight women"). Although there is no evidence to show that CRST knew or should have known about the

---

incident of grabbing a co-worker's buttock with force and later joking about it was not sufficiently severe or pervasive to support a sexual harassment claim).

sexual harassment of the remaining eight women, the EEOC has presented the court with evidence from which a jury could find CRST's response to their complaints of sexual harassment left the eight remaining women worse off and thus does not qualify as "effective remedial action" for purposes of establishing a Title VII sexual harassment claim.[5]

"The cases recognize that there are some actions an employer might take in response to a worker's complaint of harassment that will, irrespective of their success in bringing the harassment to a halt, subject the employer to liability." *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 811 (7th Cir. 2000). As Judge Posner has observed, in some circumstances merely separating the complainant from the harasser will cause the employer to incur liability under Title VII.

> *A remedial measure that makes the victim of sexual harassment worse off is ineffective per se*. A transfer that reduces the victim's wage or other remuneration, increases the disamenities of work, or impairs her prospects for promotion makes the victim worse off. Therefore such a transfer is an inadequate discharge of the employer's duty of correction.

*Guess v. Bethlehem Steel Corp.*, 913 F.2d 463, 465 (7th Cir. 1990) (Posner, J.) (emphasis added); *see also Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994) ("[A] victim of sexual harassment should not have to work in a less desirable location as a result of the employer's remedial plan").

> Negligence of this nature exposes the employer not to liability for what occurred before the employer was put on notice of the harassment, but for the harm that the employer inflicted on the

---

[5] The EEOC does not allege retaliation, and the court's discussion in the remainder of this section should not be construed as a description of a retaliation claim. *Hostetler v. Quality Dining, Inc.*, 218 F.3d 798, 811 n.9 (7th Cir. 2000). The issue is whether the EEOC may prove the eight remaining women suffered harm as a result of CRST's ineffective remedial actions.

> plaintiff as a result of its inappropriate response. Recall that in the usual case of coworker harassment, the employer becomes liable to the employee only when it knows or should know that wrongdoing is afoot and yet fails to take steps reasonably designed to stop it. *See Guess*, 913 F.2d at 465. In that scenario, the employer (provided it exercised due care in hiring the harasser) typically is held to account only for injuries that occur *after* the point at which it is on notice of the harassment—in other words, injuries that the employer could have prevented but did not. Where, however, the employer takes action that puts a stop to the harassment, but in a way that inappropriately forces the plaintiff to bear the costs, it is the plaintiff's loss in pay, her demotion, or the other "disamenities of work" for which she is entitled to compensation.

*Hostetler*, 218 F.3d at 811 (emphasis in original).

On the record presently before the court, a reasonable jury could conclude that CRST's response to the sexual harassment complaints of the eight remaining women left them worse off. For example, a reasonable jury could find CRST removed the women from the trucks they shared with their harassers, which left the women stranded in distant locations waiting without pay for new assignments or without provisions for food, shelter or transportation.[6] Although CRST may not be held liable for its employees' sexual harassment of the eight remaining women, it may be held liable for its responses to their complaints of sexual harassment insofar as CRST's responses left them worse off and are thus ineffective per se. *Guess*, 913 F.2d at 465.

Accordingly, the court shall bar the EEOC from seeking relief on behalf of Mss. Barlow, Blake, Dickson, Edwards, Grant, Griffin, Pettit and Wellman for any sexual harassment they suffered while working for CRST. However, the court shall permit the

---

[6] Indeed, some women were left in worse positions than their alleged harassers, who continued to drive the trucks.

EEOC to seek relief on behalf of these eight remaining women to the extent that CRST's responses to their complaints left them worse off and are thus ineffective per se.

## VI. CONCLUSION

The Motion (docket no. 146) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1)   The EEOC is **BARRED** from seeking relief at trial on behalf of fifteen women: Mss. Jeana Allen, Bonnie Batyick, Christine Bell-Boyer, Bethany Broeker, Kim Chisolm, Samantha Cunningham, Denise Desonier, Maybi Fernandez-Fabre, Delila Katzka, Ginger Laudermilk, Tina Lott, Vernona McIver, Faith Shadden, Rachel Tucker and Diana Vance.

(2)   The EEOC is **PARTIALLY BARRED** from seeking relief at trial on behalf of Mss. Pamela Barlow, Peggy Blake, Donna Dickson, Nicole Edwards, Zelestine Grant, Martha Griffin, Carole Pettit and Rhonda Wellman. The EEOC may not hold CRST to account for the sexual harassment these eight women suffered; CRST is only potentially liable for any losses these eight women suffered as a direct result of a negligent response to their sexual harassment complaints.

(3)   The court declines to bar the EEOC from seeking full relief at trial on behalf of Mss. Belinda Bedford, Mary Bender, Lillie Bingaman, Darleaner Deese, Cynthia Fisk, Robryna Fitch, Pamela Hoffman and Bobbi O'Dell.

(4)   The EEOC is **ORDERED** to file an updated list of allegedly aggrieved persons for which it intends to seek relief at trial **on or before June 22, 2009, at 5 p.m.** *See* Order (docket no. 66), *passim*.

**IT IS SO ORDERED.**

**DATED** this 18th day of June, 2009.

                                    LINDA R. READE
                                  CHIEF JUDGE, U.S. DISTRICT COURT
                                  NORTHERN DISTRICT OF IOWA