**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| and | No. 07-CV-95-LRR |
| BARBARA GRANT, CINDY MOFFETT, LATESHA THOMAS and NICOLE ANN CINQUEMANO, | **ORDER** |
| Plaintiffs-Interveners, | |
| vs. | |
| CRST VAN EXPEDITED, INC., | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant CRST Van Expedited, Inc.'s "Motion for Summary Judgment Against Class Members Whose Claims Fail on Two or More Grounds" ("Motion") (docket no. 149).

## *II. RELEVANT PRIOR PROCEEDINGS*[1]

On February 13, 2009, Defendant CRST Van Expedited, Inc. ("CRST") filed the Motion. On March 16, 2009, Plaintiff Equal Employment Opportunity Commission ("the EEOC") filed a Resistance (docket no. 166). On March 31, 2009, CRST filed a Reply (docket no. 179).

---

[1] The court assumes complete familiarity with the prior proceedings.

1

CRST requests oral argument on the Motion, but the court finds oral argument is not appropriate. *See* LR 7.c. The Motion is fully submitted and ready for decision.

### III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see, e.g., Baum v. Helget Gas Prods., Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006)

(quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## IV. RELEVANT LAW

The relevant law is set forth in the court's Order (docket no. 256) of July 6, 2009 and Order (docket no. 251) of June 18, 2009. The court need not repeat the relevant law here.

## V. THE MERITS

### A. Outline of Arguments

In the Motion, CRST asks the court to bar the EEOC from seeking relief on behalf of fifty-five allegedly aggrieved persons.[2] CRST argues the EEOC has provided the court with insufficient evidence to prove that these fifty-five allegedly aggrieved persons suffered actionable sexual harassment. With respect to nearly all of the fifty-five allegedly aggrieved persons, CRST argues (1) the allegedly aggrieved person did not suffer severe or pervasive sexual harassment and, in the alternative, (2) there is insufficient evidence CRST knew or should have known of the alleged sexual harassment but failed to take proper remedial action.

The EEOC concedes four of the fifty-five allegedly aggrieved persons, Mss. Kathy Cannoles, Madeline Lovins, Laura Taylor and Laurie Thompson, did not suffer actionable sexual harassment. The EEOC resists the remainder of the Motion in its entirety.

### B. Rulings

The court need not catalogue all of the sordid facts relating to each of the fifty-five allegedly aggrieved persons at issue in the Motion. After considering the parties' arguments in conjunction with the voluminous record before the court, the court rules as follows:

---

[2] The Motion lists only fifty-four allegedly aggrieved persons, but the court previously indicated it would consider the allegations of Ms. Linda Skaggs in conjunction with the instant Order. *See* Order (docket no. 223), at 22-23, 26.

### 1. *The EEOC concedes four women did not suffer actionable sexual harassment*

On April 30, 2009, the court held that, to the extent the EEOC purported to assert a "pattern or practice claim" in this litigation, such claim must be dismissed. *See* Order (docket no. 197), *passim*. In light of such ruling, the EEOC concedes Mss. Kathy Cannoles, Madeline Lovins, Laura Taylor and Laurie Thompson did not suffer actionable sexual harassment.[3] Accordingly, the court shall grant the Motion in part and bar the EEOC from seeking relief on behalf of them at trial.

### 2. *The court already barred the EEOC from seeking relief on behalf of two women*

On May 13, 2009, the court held the EEOC was judicially estopped from seeking relief on behalf of Mss. Christina Payne and Robin Timmons at trial, because they had failed to disclose their sexual harassment claims in their bankruptcy proceedings. Accordingly, the court shall deny the Motion in part as moot.[4]

### 3. *A reasonable jury could not find forty-two women suffered actionable sexual harassment.*

A reasonable jury could not find forty-two of the allegedly aggrieved persons at

---

[3] The EEOC's unwritten premise—that the mere presence of a "pattern or practice claim" would somehow save the "individual claims" of Mss. Cannoles, Lovins, Taylor and Thompson—is unsupported and unsound. *See, e.g.,* Order (docket no. 197), at 26-32 (discussing *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287 (8th Cir. 1997) and the EEOC's flawed proposal for a burden-shifting framework for sexual harassment cases); Order (docket no. 156), at 5-6 (foreclosing the EEOC from seeking "class-wide" punitive damages).

[4] Even if the court had not already barred the EEOC from seeking relief on behalf of Mss. Payne and Timmons, the court would do so now. Ms. Payne did not suffer severe or pervasive sexual harassment. There is insufficient evidence in the summary judgment record to show that CRST knew or should have known Ms. Timmons was sexually harassed yet failed to take prompt and effective remedial action.

issue in the Motion suffered actionable sexual harassment. Specifically, the court holds:

- For the reasons expressed in Part V.B.1 of the court's Order (docket no. 256) of July 6, 2009, the court shall grant the Motion in part and hold that a reasonable jury could not find that two women, Mss. Sylvia Griffith and Linda Skaggs, suffered severe or pervasive sexual harassment. The court need not decide whether there is sufficient evidence in the summary judgment record to show that CRST knew or should have known Ms. Griffith or Ms. Skaggs suffered sexual harassment yet failed to take proper remedial action.

- For the reasons expressed in Parts V.A and V.B of the court's Order (docket no. 251) of June 18, 2009, the court shall grant the Motion in part and hold that there is insufficient evidence in the summary judgment record to show that CRST knew or should have known that the following nineteen women suffered sexual harassment yet failed to take proper remedial action: Mss. Antoinette Baldwin, Mary Beaton, Natasha Brown, Catherine Coronado, Catherine Fletcher, Angelene Gatewood, Zainabu Jenga, Diane Johnson, Bonnie Moesch, Leah Meyers-Graham, Tammi Pile, Sharon Pinchem, Donna Quigley, Danette Quintanilla,[5] Janet Ranney, Kathleen Seymour, Mary "Emily" Smith, Jennifer Susson and Betsy Ybarra. The court need not decide whether any of these nineteen women suffered severe or pervasive sexual harassment.

- With respect to twenty-one women, Mss. Kristi Allen, Linda Connor, Tamara Demery, Dorothy Dockery, DeQuinda Harris, Debra Hindes, Tracy Hughes,

---

[5] The EEOC does not argue CRST should have known of the sexual harassment of Ms. Quintanilla because there is circumstantial evidence to show that CRST knew her harasser had previously sexually harassed another woman but did not take reasonable steps to prevent recidivism. The court deems any such argument to be waived. *Cf.* Order (docket no. 251), at 10 (declining to bar the EEOC from seeking anything less than full relief at trial on behalf of three women, because there was circumstantial evidence to show CRST knew their harassers had previously sexually harassed other women and did nothing about it).

Brenda Kennett,[6] Patricia Marzett, Virginia Mason, Lucinda McBlair, Nona McCuien, Rosalyn McDaniels, Darlene Miller, Sherry O'Donnell, Shirley Parker, Sheree Phillips, Peggy Pratt, Jonne Shepler, Christine Taylor and Sharon Wyrick, the court grants the Motion in its entirety. The claims of these twenty-one women fail on multiple grounds. For the reasons expressed in Part V.B.1 of the court's Order (docket no. 256) of July 6, 2009, the court holds that a reasonable jury could not find that any of these twenty-one women suffered severe or pervasive sexual harassment. In the alternative, for the reasons expressed in Parts V.A and V.B of the court's Order (docket no. 251) of June 18, 2009, the court holds there is insufficient evidence in the summary judgment record to show that CRST knew or should have known that any of the foregoing twenty-one women suffered sexual harassment yet failed to take proper remedial action.

Accordingly, the court shall grant the Motion in part and bar the EEOC from seeking relief on behalf of the foregoing forty-two women at trial.[7]

### *4.    A reasonable jury could find seven women suffered actionable sexual harassment*

The court holds that a reasonable jury could find that seven allegedly aggrieved

---

[6] Mr. Larry Caruso's actions do not constitute severe or pervasive sexual harassment. There is no evidence Ms. Kennett reported the actions of any other coworkers to CRST.

[7] The court notes that the EEOC did not make the argument set forth in Part V.D of the court's Order (docket no. 251) of June 18, 2009. The court deems any such argument for partial relief to be waived.

persons, Mss. Gwen Allen, Stacy Barager, Denise Roundtree,[8] Jammie Scott,[9] Annette Smith, Rebecca Waisr and Tiani Warden-Thompson,[10] suffered actionable sexual harassment. A reasonable jury could find each of these seven women suffered severe or pervasive sexual harassment. A reasonable jury could also find CRST knew or should have known of the alleged sexual harassment but failed to take proper remedial action with respect to each woman.

Accordingly, the court shall decline to bar the EEOC from pursing relief at trial on behalf of Mss. Allen, Barager, Roundtree, Scott, Smith, Waisr or Warden-Thompson.

## VI.  CONCLUSION

The Motion (docket no. 149) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1)   The EEOC is **BARRED** from seeking relief at trial on behalf of forty-eight allegedly aggrieved persons: Mss. Kristi Allen, Antoinette Baldwin, Mary Beaton, Natasha Brown, Kathy Cannoles, Linda Connor, Catherine Coronado, Tamara Demery, Dorothy Dockery, Catherine Fletcher, Angelene Gatewood, Sylvia Griffith, DeQuinda Harris, Debra Hindes, Tracy Hughes, Zainabu Jenga, Diane Johnson, Brenda Kennett, Madeline Lovins, Patricia Marzett, Virginia Mason, Lucinda McBlair, Nona McCuien, Rosalyn McDaniels, Leah Meyers-Graham, Darlene Miller, Bonnie Moesch, Sherry O'Donnell,

---

[8] Only Mr. Christian Turner's actions are actionable. Mr. Michael Worth did not sexually harass Ms. Roundtree. Mr. Worth only (1) listened to a radio station on which radio personalities used profanity and talked about sex and (2) smelled Ms. Roundtree's pillow.

[9] Only Mr. Mike Robertson's actions are actionable. There is no evidence Ms. Scott reported the actions of any other coworkers to CRST.

[10] With respect to Ms. Warden-Thompson, there is no evidence CRST knew about her severe or pervasive sexual harassment. At most, a reasonable jury could find CRST should have known about it.

Shirley Parker, Christina Payne, Sheree Phillips, Tammi Pile, Sharon Pinchem, Peggy Pratt, Donna Quigley, Danette Quintanilla, Janet Ranney, Kathleen Seymour, Jonne Shepler, Linda Skaggs, Mary "Emily" Smith, Jennifer Susson, Christine Taylor, Laura Taylor, Laurie Thompson, Robin Timmons, Sharon Wyrick and Betsy Ybarra.

(2)     The court declines to bar the EEOC from seeking full relief at trial on behalf of seven allegedly aggrieved persons: Mss. Gwen Allen, Stacy Barager, Denise Roundtree, Jammie Scott, Annette Smith, Rebecca Waisr and Tiani Warden-Thompson.

(3)     The EEOC is **ORDERED** to file an updated list of allegedly aggrieved persons for which it intends to seek relief at trial **on or before July 13, 2009, at 5 p.m.** *See* Order (docket no. 66), *passim*.

**IT IS SO ORDERED.**

**DATED** this 9th day of July, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA