# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

BARBARA GRANT, CINDY
MOFFETT, LATESHA THOMAS,
NICOLE ANN CINQUEMANO,
MONIKA STARKE AND REMCEY
JEUNENNE PEEPLES,

    Plaintiffs-Interveners,

vs.

CRST VAN EXPEDITED, INC.,

    Defendant.

No. 07-CV-95-LRR

**ORDER**

_____

## I. INTRODUCTION

The matters before the court are Plaintiff-Intervener Monika Starke's "Motion to Reconsider Court's Order Granting Summary Judgment Against Monika Starke" ("Starke Motion") (docket no. 267) and Plaintiff-Intervener Remcey Jeunenne Peeples' "Motion to Reconsider Court's Order Granting Summary Judgment Against Remcey Jeunenne Peeples" ("Peeples Motion") (docket no. 269).

## II. RELEVANT PRIOR PROCEEDINGS[1]

### A. Starke Motion

On May 13, 2009, the court entered an Order ("Starke Order") (docket no. 225) granting Defendant CRST Van Expedited, Inc.'s ("CRST") motion for summary judgment (docket no. 144) against Starke. The court dismissed Starke from this lawsuit with prejudice on judicial estoppel grounds, based on her failure to disclose her claims against CRST in her Chapter 7 bankruptcy proceeding.

---

[1] The Court assumes complete familiarity with the prior proceedings.

On August 21, 2009, Starke filed the Starke Motion. On September 8, 2009, CRST filed a Resistance (docket no. 271). Starke requests oral argument on the Motion, but the court finds oral argument is not necessary. The Motion is fully submitted and ready for decision.

### B. Peeples Motion

On June 2, 2009, the court entered an Order ("Peeples Order") (docket no. 249) granting CRST's motion for summary judgment (docket no. 145) against Peeples. The court dismissed Peeples from this lawsuit with prejudice. The court dismissed Peeples' sexual harassment claims based on her failure to report the sexual harassment to CRST in a timely manner. The court also dismissed Peeples' retaliation claims because there was no causal connection between her complaint of harassment and any adverse employment action. On August 28, 2009 Peeples filed the Peeples Motion. On September 14, 2009, CRST filed a Resistance (docket no. 272).

## IV. ANALYSIS

### A. Starke Motion

#### 1. Summary of Argument

Starke argues that the "fact that the bankruptcy has subsequently been reopened is a basis to reconsider the non-final decision dismissing [Starke's] claim." Pl. Brief (docket no. 267-2) at 1. Starke contends the dismissal of her claims was based on the court's finding that her earlier efforts to reopen the bankruptcy were "half-hearted, abortive and unsuccessful . . . ." Starke Order at 11. Starke asserts the subsequent reopening of the bankruptcy proceeding merits reconsideration of the Starke Order. Starke argues that, if allowed to reopen her case, there would be no miscarriage of justice because CRST would be forced to respond to the merits of her claims and it would possibly allow her bankruptcy creditors to be paid from any recovery she might obtain.

## 2. Analysis

The reopening of Starke's bankruptcy proceeding does not change the court's conclusion that she is estopped from pursuing her claims against CRST. Courts have routinely rejected the notion that amendment or reopening of bankruptcy proceedings negates judicial estoppel for the initial non-disclosure. *See, e.g.*, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (refusing to allow debtor/plaintiff to reopen bankruptcy proceeding and amend petition because "[j]udicial estoppel was designed to prevent such abuses"); *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1160 (10th Cir. 2007) ("That [debtor's] bankruptcy was reopened and his creditors were made whole once his omission became known is inconsequential. A discharge in bankruptcy is sufficient to establish a basis for judicial estoppel, 'even if the discharge is later vacated.'") (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001); *DeLeon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291-92 (11th Cir. 2003) (rejecting Chapter 13 debtor's argument that efforts to reopen bankruptcy proceeding were evidence of inadvertence because "he did not amend his bankruptcy documents to add a potential employment discrimination claim until after [defendant] relied on it in its motion to dismiss the case"); *Smith v. Am. Gen. Life Ins. Co.*, 544 F. Supp. 2d 732, 735 (C.D. Ill. 2008) ("[M]ost courts have found that the doctrine [of judicial estoppel] bars previously undisclosed claims (whether amended scheduling occurred or not) unless the prior omission was 'inadvertent or mistaken.' Inadvertence or mistake exists where (1) the plaintiff lacked knowledge of the undisclosed claim or (2) had no motive to conceal the claim.") (citation omitted).

The court acknowledges there are cases in which courts have permitted plaintiffs

to reopen a bankruptcy proceeding or otherwise pursue their claim despite an initial failure to disclose the claim. These cases are distinguishable from the instant action because, in these cases, the debtor/plaintiffs' failure to disclose was inadvertent. *See, e.g.*, *Vandiver v. Little Rock Sch. Dist.*, No. 4:03-CV-00834 GTE, 2007 WL 2973463, at *6-7 (E.D. Ark. Oct. 9, 2007) (declining to apply judicial estoppel in part because plaintiff's "employment claim was only potential throughout the entire bankruptcy proceedings, and no decision had been made to 'go through with an employment discrimination claim.'"); *In re Daniel*, 205 B.R. 346, 349 (N.D. Ga. 1997) (reopening bankruptcy proceeding where "Debtor's conduct can equally be explained as honest error."). *See also Copeland v. Hussmann Corp.*, 462 F. Supp. 2d 1012, 1020 (E.D. Mo. 2006) (agreeing with *Burnes* and *Superior Crewboats* for proposition that amending bankruptcy filings will not negate judicial estoppel but declining to apply doctrine because debtor's actions in omitting claim were not intentional).

Starke's omission is distinguishable. Starke likely knew of her employment claim before filing her bankruptcy petition and certainly knew of her claim prior to her Chapter 7 discharge. The reopening of the bankruptcy does not defeat judicial estoppel when the original omission was not inadvertent or mistaken. A failure to disclose in a bankruptcy proceeding is inadvertent "'only when, in general, the debtor either lacks knowledge of the undisclosed claim *or* has no motive for their concealment.'" *Stallings v. Hussman Corp.*, 447 F.3d 1041, 1048 (8th Cir. 2006) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999) (emphasis in *Coastal*)). Starke claims that she was sexually harassed in July and August of 2005. However, she failed to disclose the potential claim in her bankruptcy filing in October of 2005.

Even more telling is the fact that, when Starke amended her bankruptcy filing in January of 2006 to list an additional unsecured creditor, she *still* failed to disclose her claim against CRST, despite having filed charges with the EEOC and ICRC in December

4

of 2005, just one month earlier. The undisputed fact that Starke amended the bankruptcy filings *after* filing the charges makes it clear that she knew about this claim during the pendency of her bankruptcy proceedings. *See Burnes*, 291 F.3d at 1288 ("at the time [the debtor] petitioned the bankruptcy court to convert his case to Chapter 7, he had already filed, and was pursuing, the employment claims. Nevertheless, he once again failed to disclose the pending lawsuit to the bankruptcy court.")

Starke cites *Lampl v. Smith*, 169 B.R. 432 (D. Colo. 1994), in support of her argument. In *Lampl*, the court declined to apply judicial estoppel because "the question of whether [the debtor's] claims [were] barred by the doctrine of judicial estoppel [was] moot." *Id.* at 435. The issue was moot because the debtor had converted her bankruptcy case from a Chapter 7 to a Chapter 13 proceeding, and the debtor's earlier bankruptcy discharge had been revoked. *Id.* Starke's discharge, in contrast, has not been revoked in her bankruptcy proceeding. Furthermore, many courts have held that even a revocation of the bankruptcy discharge is insufficient to negate judicial estoppel. *See, e.g.*, *Eastman*, 493 F.3d at 1160.

Allowing Starke to pursue her claims simply because she ultimately succeeded in reopening the bankruptcy proceeding would provide the wrong incentive to litigants. Litigants would be encouraged to be less than truthful in bankruptcy proceedings, wait and see if anyone notices, and if so, reopen the bankruptcy case and be free to assert their previously-concealed claims.

  3.  *Summary*

In light of the foregoing, the court finds that Starke's reopening of her bankruptcy proceedings has no impact on the application of judicial estoppel. Accordingly, the court shall deny the Starke Motion.

### B. Peeples Motion

Peeples asks the court to reconsider its Order (docket no. 249) in which the court

dismissed her claims. Peeples argues that reconsideration is warranted because "CRST's response to [her] claim of harassment left her worse off and was thus ineffective per se . . . ." Peeples Motion at 1. The Peeples Motion simply raises the same facts and arguments the court already considered in the Order dismissing Peeples' claims. Peeples has provided no persuasive reason for the court to reconsider the Order. Accordingly, the court shall deny the Peeples Motion.

## V. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED**:

(1) the Starke Motion (docket no. 267) is **DENIED**; and

(2) the Peeples Motion (docket no. 269) is **DENIED**

**IT IS SO ORDERED.**

**DATED** this 21st day of September, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA