# ATTACHMENT 1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| JANET BOOT, BARBARA GRANT, CINDY MOFFETT, REMCEY JEUNENNE PEEPLES, MONIKA STARKE, LATESHA THOMAS, and NICOLE ANN CINQUEMANO, | ) ) ) ) ) ) |
| Plaintiffs/Interveners, | ) ) |
| v. | ) ) |
| CRST VAN EXPEDITED, INC., | ) ) |
| Defendant. | ) |

Case No. 1:07-cv-95

**DECLARATION OF JOHN H. MATHIAS, JR. IN SUPPORT OF CRST'S
PETITION IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS**

I, John H. Mathias, Jr., Esq., declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a Partner in the Chicago office of Jenner & Block LLP ("Jenner & Block"). I am lead counsel for Defendant CRST Van Expedited, Inc. ("CRST") in the above-captioned case. I am familiar with the facts, legal issues, and proceedings in this case, and have knowledge of and am competent to testify concerning the matters set forth herein. I submit this declaration in support of CRST's Petition In Support of its Motion for Attorneys' Fees and Costs Pursuant to 42 U.S.C. § 2000e-5(k).

2. As explained in more detail below, the Jenner & Block attorneys on this case have substantial litigation and trial experience, including experience with class actions cases, as well as various other complex litigation matters.

3. In my opinion, this case was appropriately and efficiently staffed by Jenner & Block, primarily with 3 senior partners, a junior partner, an Of Counsel lawyer (who was a senior associate at the outset of this case), a mid-level associate, and various other junior associates, mid-level associates, counsel and partners as needed at various stages of the litigation. In my opinion, each of them did work on the case appropriate for his or her level of expertise.

4. CRST seeks a total of $7,121,569.25 in attorneys' fees and costs incurred for the services of Jenner & Block in this case. These fees and costs pertain to the work required for this complex litigation, including conducting extensive discovery and investigation into the claims of the Equal Employment Opportunity Commission ("EEOC") through interviews, depositions, and other tasks, analyzing and preparing legal strategy for the case, preparing and filing numerous motions and briefs, preparing for and presenting oral arguments, and preparing for trial.

**Experience of the Jenner & Block Attorneys**

5. Jenner & Block is nationally recognized for its accomplishments in major complex litigation. Jenner & Block is a national law firm with approximately 470 attorneys and offices in Chicago, Los Angeles, New York, and Washington, DC. Founded in 1914, Jenner & Block's clients range from the top ranks of the Fortune 500, large privately-held corporations and financial services institutions to emerging companies, family-run businesses and individuals. In 2006, *The American Lawyer* selected Jenner & Block as having one of the top five litigation departments in the United States.

6. I am a senior partner in the Firm's Litigation Department. I have served as lead counsel in many complex litigation matters over my 35-year career, and I have a substantial amount of jury and bench trial experience in complex civil litigation in cases in state and federal courts across the country. For example, I was lead trial counsel for the plaintiff in the cases of

*CSX Transportation v. Admiral Insurance Company, et al.*, No. 96-00415, Circuit Court of Duval County, Florida (jury trial regarding insurance coverage for thousands of employee solvent claims) and *Steven J. Friedheim v. John D. Pezold*, *et al.*, M.D. Tenn. (Nashville) (jury trial re libel in connection with sale of TV stations).  I am a graduate of Dartmouth College (1969) and Harvard Law School (1972).

7. Robert T. Markowski is a senior partner in the Firm's Litigation Department.  He has practiced law at Jenner & Block for 30 years and has extensive experience in complex civil litigation in cases in state and federal courts across the country.  He graduated *magna cum laude* from the University of Illinois College of Law in 1978 where he was Order of the Coif and on the Board of Editors of the *University of Illinois Law Review Forum* (now *Law Review*).

8. Jim T. Malysiak is a senior partner in the Firm's Litigation Department.  He has extensive experience in various civil litigation and counseling matters, as well as a broad range of experience in both federal and state courts.  He graduated from Yale Law School in 1973 and was a Fulbright Scholar at Oxford University.  He clerked for Judge Charles Renfrew on the United States District Court for the Northern District of California and for Justice Byron R. White on the United States Supreme Court.

9. Sally K. Sears Coder is a junior partner in the Firm's Litigation Department.  She has litigation experience in complex and novel commercial disputes, including successfully first-chairing a significant real-estate dispute.  She graduated *cum laude* from the University of Michigan Law School in 1999, where she was Order of the Coif and Managing Editor of the *University of Michigan Journal of Law Reform*.

10. Emma J. Sullivan is an Of Counsel lawyer at Jenner & Block and is a member of the Firm's Litigation Department and Labor and Employment Practice.  She has extensive

employment law experience, including cases involving sexual harassment and discrimination. She also has experience counseling clients on a variety of employment related topics, including Title VII, and the Fair Labor Standards Act, among other issues. She graduated *magna cum laude* from the University of Illinois College of Law in 1999 where she was Order of the Coif, Section Editor of the *University of Illinois School of Law Legislative Update* and Section Editor of the *Illinois Bar Journal.* Ms. Sullivan has published extensively on employment issues.

11. J. Andrew Hirth is a mid-level associate and a member of the Firm's Litigation Department and the Labor and Employment Practice. He graduated *cum laude* from the University of Missouri - Columbia School of Law in 2005, where he served as Editor-in-Chief of the *Missouri Law Review* and was Order of the Coif. He clerked for Judge Nanette K. Laughrey on the United States District Court for the Western District of Missouri.

12. In addition to these attorneys listed above who worked the greatest number of hours on this case, various other Jenner & Block attorneys assisted with work appropriate for their experience levels. Also, paralegals and project assistants performed tasks to support the attorneys.

**Jenner & Block's Rates**

13. Jenner & Block charges for the services of its attorneys, paralegals, and project assistants on the basis of hourly rates which reflect, among other things, their years of practice and experience.

14. I have practiced litigation with Jenner & Block for over 30 years. Through this service, I am familiar with the hourly rates in our firm. I believe they are competitive with the hourly rates charged by other firms of comparable size and capabilities. The hourly rates detailed in Attachment 3 to CRST's Fee Application are those that Jenner & Block customarily charged

for services by the listed attorneys and paralegals when these services were rendered on behalf of CRST in this case. I believe that these hourly rates are comparable to rates charged by other comparable law firms in Chicago for services by attorneys and paralegals with similar levels of experience on matters of the size and complexity of this case.

**Fees and Costs Incurred in this Case**

15.     Sally K. Sears Coder prepared the Jenner & Block invoices for Attachment 2 to CRST's Fee Application, which include an itemized list of the time expended and services rendered in this litigation. The Jenner & Block portion of Attachment 2 is derived from the Accounting Department records of Jenner & Block. Kevin Visser prepared the invoices of Simmons Perrine Moyer & Bergman, P.L.C ("the Simmons Firm") for Attachment 2 to the Fee Application, which includes an itemized list of the time expended and services rendered in this litigation by Iowa Counsel. The summary of CRST fees was prepared by the legal staff at Jenner & Block.

16.     Based on the firm's billing practices, the time entries listed in Attachment 2 were recorded by the listed attorneys and paralegal staff on or near the date on which the services were rendered in this proceeding and submitted for entry into Jenner & Block's timekeeping systems. CRST has been a good and long-standing client of Jenner & Block. In reviewing our invoices, it is my objective to only bill for amounts that I believe to be fair and reasonable. In this case, because of its special demands, we worked with CRST's management to find ways to reduce the expense of the defense of this case and, as part of that effort, involved our co-counsel at the Simmons Firm extensively to reduce the attorneys' fees expense. Before Jenner & Block invoices were sent to CRST in this case, which I recognized was imposing a significant financial burden on CRST, I often reduced the attorney time billed to CRST, generally to reduce the

burden on CRST and to avoid billing CRST for time that might have been less than fully productive or efficient. In light of these considerations, as detailed on Attachment 5 to CRST's Fee Application, I reduced the invoices in total by over $1 million before sending them to CRST for payment.

17. The record of the time entries contained in Attachment 2 has been edited to protect privileged communications with CRST and to continue to protect aspects of litigation strategy or attorney mental impressions that are protected by the attorney work product doctrine.

18. In preparing this petition for the award of fees, the time records in Attachment 2 have been reviewed to exclude additional attorney time for work that we performed for CRST, and for which CRST paid, but that was not in our judgment sufficiently related to our representation of CRST in the EEOC lawsuit to include it in this petition for fees. We also reduced the invoices to account for the fact that EEOC had made a pre-suit determination of probable cause and offered to conciliate Remcey Peeples' claim, and to account for work generated solely in response to filings by interveners' counsel.

19. In my judgment, the amount sought in this fee petition is a reasonable amount given the complexity and demands of this lawsuit.

20. The rates and hours spent by Jenner & Block attorneys and non-attorney staff members on this litigation are compiled into a table in Section III.B of CRST's Fee Application.

21. The Local Rule 54.1 Summary represents a division of the time on the submitted invoices, apportioned according to the five designated categories, based on estimates from Jenner & Block's time records. The work spent on: (a) investigation includes work such as discovery, interrogatories, document production and review, correspondence with various witnesses and relevant parties to the claims, extensive investigation factual investigation relating to the

allegations made by the allegedly aggrieved women, preparing for and taking depositions, use of and correspondence with experts, and various pre-trial strategy meetings and teleconferences; (b) trial preparation includes trial strategy meetings and issues in anticipation of trial, work related to the jury study, the designation of and issues related to exhibit and witness lists, designating deposition transcripts for trial, creating trial preparation documents in furtherance of trial strategy and in preparation for presentation of each individual claim; (c) interviewing includes interviews with witnesses and others with knowledge as to the claim; (d) legal research includes time spent researching the various issues that arose throughout the litigation during briefing and in preparation for trial, and correspondence regarding such research; and (e) drafting of pleadings, motions, and briefs includes work related to the drafting, revision, cite-checking and preparation for filing of motions and briefs, and their accompanying exhibits, including protective orders, summary judgment briefs, and the motion to show cause, among other filings.

22. Attachment 7 to CRST's Fee Application also contains a summary report from the Accounting Department of Jenner & Block of disbursements that Jenner & Block made in furtherance of this case. Associate Ashley Schumacher has reviewed the costs and expenses listed as disbursements in Attachment 7 and verified that they were billed to CRST.

23. The itemized expenses set forth in the invoices are actual out of pocket costs incurred in connection with our representation of CRST and were paid by CRST for Jenner & Block's services, with the exception of certain private investigator fees. As detailed in Section IV.C of the Fee Application, CRST has paid $12,500.00 of those fees to date due to a billing dispute.

24. CRST paid in full each of Jenner & Block's invoices.

I declare under the penalty of perjury the foregoing is true and correct.

Executed this 30th day of October, 2009.

|  |  |
|---|---|
| Dated: October 30, 2009 | Respectfully submitted,<br><br>**CRST VAN EXPEDITED, INC.**<br><br>By:  s/ John H. Mathias, Jr.<br>       One of its attorneys |

| | |
|---|---|
| Kevin J. Visser | John H. Mathias, Jr. |
| Thomas D. Wolle | Robert T. Markowski |
| Simmons, Perrine, Moyer & | Sally K. Sears Coder |
|    Bergman, P.L.C. | Jenner & Block LLP |
| 115 Third Street SE, Suite 1200 | 353 N. Clark Street |
| Cedar Rapids, IA 52401-1266 | Chicago, Illinois 606654 |
| 319-366-1917 | 312-222-9350 |