# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3159
_____

Equal Employment Opportunity Commission

*Plaintiff - Appellant*

v.

CRST Van Expedited, Inc.

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 11, 2014
Filed: December 22, 2014
_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.
_____

SMITH, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals the district court's award of $4,694,442.14 in attorneys' fees, expenses, and costs to CRST Van Expedited, Inc. (CRST) following the parties' $50,000 settlement of the only remaining claim, out of 154 individual claims, against CRST. For the reasons

discussed *infra*, we reverse and remand for further proceedings consistent with this opinion.

## I. *Background*

A more extensive factual background of this case is available in our prior opinion. *See EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012) ("*CRST IV*"). We will provide only an abbreviated procedural history to provide context for the present dispute.

## A. *Underlying Action*

"The . . . EEOC . . . filed suit in its own name against CRST . . . , alleging that CRST subjected Monika Starke 'and approximately 270 similarly situated female employees' to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964 ('Title VII'), 42 U.S.C. § 2000e *et seq*." *Id*. at 664. Specifically, "[t]he EEOC alleged that CRST was responsible for severe and pervasive sexual harassment in its New-Driver Training Program ('Training Program')." *Id*. at 665.

Thereafter, the district "court granted Janet Boot, Barbara Grant, Cindy Moffett, Remcey Jeunenne Peeples, Starke and Latetsha Thomas's request to intervene." *EEOC v. CRST Van Expedited, Inc.*, No. 07–CV–95–LRR, 2013 WL 3984478, at *4 n.5 (N.D. Iowa Aug. 1, 2013) ("*CRST III*").

For approximately two years after the filing of the suit, the EEOC failed to identify the women comprising the putative class; as a result, the district court ordered the EEOC "to (1) immediately amend its list of 270 women as soon as it learned of any women whose claims it no longer wished to pursue and (2) make all women on whose behalf it sought relief available to CRST for deposition." *CRST IV*, 679 F.3d at 670 (citation omitted). The penalty for failing to present a particular woman for deposition before the conclusion of discovery "would result in a 'discovery sanction' forbidding that woman from testifying at trial and barring the

-2-

EEOC from seeking relief on her behalf in the case." *Id*. (citation omitted). "Although the EEOC complied with the court's directive and filed updated and corrected lists of allegedly aggrieved individuals, it failed to make all of the identified individuals available for deposition before [the deadline]." *CRST III*, 2013 WL 3984478, at *3. The district court then enforced its prior order and "barred the EEOC from pursuing relief for any individual not made available for deposition before the deadline." *Id*. Thereafter, "the EEOC filed an Updated List of Class Members, which listed 155 allegedly aggrieved individuals for whom the EEOC was still pursuing relief and 99 individuals who the EEOC alleged were sexually harassed but for whom the EEOC was not pursuing relief based on the court's . . . [o]rder." *Id*. (footnote omitted).

In a series of orders, the district court ruled on CRST's various motions for summary judgment. First, CRST moved for summary judgment on the EEOC's purported pattern-or-practice claim. The district court found the motion "odd" because no "pattern[-]or[-]practice claim" appeared in the EEOC's complaint. "'[T]he EEOC did *not* allege that CRST was engaged in 'a pattern or practice of illegal sex-based discrimination or otherwise plead a violation of Section 707 of Title VII, 42 U.S.C. § 2000e-6.'" *CRST IV*, 679 F.3d at 676 n.13 (quoting *EEOC v. CRST Van Expedited, Inc*. ("*CRST II*"), No. 07–CV–95–LRR, 2009 WL 2524402, at *7 n.14 (N.D. Iowa Aug. 13, 2009)).

> The district court had "*assumed* [that] the EEOC had the right to maintain a pattern-or-practice claim in this case but dismissed it with prejudice. The court held as a matter of law that there was insufficient evidence from which a reasonable jury could find that it was CRST's 'standard operating procedure' to tolerate sexual harassment."[1]

---

[1] In its April 30, 2009 order, the district court stated, "In other words, the court assumes without deciding that this is a sexual harassment pattern[-]or[-]practice case."

-3-

Case 1:07-cv-00095-LRR   Document 406   Filed 12/22/14   Page 3 of 25
Appellate Case: 13-3159     Page: 3     Date Filed: 12/22/2014 Entry ID: 4228272

*Id.* (alteration in original) (emphasis added) (quoting *CRST II*, 2009 WL 2524402, at *7 n.14); *see also CRST III*, 2013 WL 3984478, at *3 ("Specifically, the court held that, to the extent the EEOC asserted a pattern[-]or[-]practice claim, such claim was dismissed with prejudice and, consequently, CRST was liable only to the extent the EEOC could prove individual claims of sexual harassment."). In *CRST IV*, "[w]e, like the district court, 'express[ed] no view as to whether the EEOC's investigation, determination and conciliation of Starke's Charge would be sufficient to support a *pattern [-]or-practice* lawsuit.'" 679 F.3d at 676 n.13 (quoting *CRST II*, 2009 WL 2524402, at *16 n.21).

Second, CRST moved for summary judgment based on the statute of limitations and other grounds; the district court "found that the applicable statute of limitations barred the EEOC from seeking relief on behalf of 9 individuals and barred, in part, the EEOC from seeking relief on behalf of another 3 individuals." *CRST III*, 2013 WL 3984478, at *3 (citation omitted).

Third, "the district court granted CRST summary judgment against three women, including Starke, reasoning that the women were judicially estopped from prosecuting their claims." *CRST IV*, 679 F.3d at 670 (footnote omitted) (citing *EEOC v. CRST Van Expedited, Inc.* ("*CRST I*"), 614 F. Supp. 2d 968 (N.D. Iowa 2009)).

Fourth, CRST moved for summary judgment against certain interveners' claims, and the district court granted in part and denied in part the motion. *CRST III*, 2013 WL 3983378, at *4. The court concluded that Boot's claims were frivolous or, in the alternative, that she did not generate a genuine issue of material fact regarding CRST's knowledge of the purported harassment and CRST's alleged failure to take proper remedial action. *Id.* Additionally, the court dismissed Peeples's claims and Nicole Cinquemano's claims, concluding that CRST lacked actual or constructive knowledge of the alleged harassment. *Id.* "The court further held that the EEOC was

-4-

barred from seeking relief at trial to the same extent these Plaintiffs-Interveners were barred." *Id.* (citation omitted).

Fifth, CRST moved for summary judgment based on the class members' failure to report the alleged harassment or CRST's prompt and effective response to the reported harassment. *Id.* The district court granted the motion in part and denied it in part, finding "that the EEOC was barred from seeking relief on behalf of [(1)] 11 individuals because CRST did not know or have reason to know that they were sexually harassed and [(2)] 4 individuals because CRST adequately addressed the sexual harassment." *Id.*

Sixth, CRST moved for summary judgment against class members who did not experience severe or pervasive sexual harassment, and the court granted the motion in part and denied it in part, concluding "that the EEOC had failed to generate a genuine issue of material fact as to whether 11 individuals had experienced severe or pervasive sexual harassment and, consequently, held that the EEOC was barred from seeking relief on their behalf." *Id.*

Seventh, CRST moved for summary judgment against class members whose claims purportedly failed on two or more grounds, and the court granted the motion in part and denied it in part. *Id.* The court prohibited the EEOC from seeking relief on behalf of 46 women. *Id.* The EEOC conceded that "4 individuals did not suffer actionable sexual harassment," and the court

> found that a reasonable jury could not find 42 individuals suffered from actionable sexual harassment because they did not suffer severe or pervasive sexual harassment and/or there was insufficient evidence to show that CRST knew or should have known that the individuals suffered sexual harassment yet failed to take proper remedial action.

*Id.*

"Finally, . . . the district court barred the EEOC from seeking relief for the remaining 67 women after concluding that the EEOC had failed to conduct a reasonable investigation and *bona fide* conciliation of these claims—statutory conditions precedent to instituting suit." *CRST IV*, 679 F.3d at 671 (citing *CRST II*, 2009 WL 2524402). The district court dismissed the EEOC's complaint because it had "disposed of all the allegedly aggrieved women in the EEOC's putative 'class.'" *Id*.

After the district court dismissed the action, CRST filed a bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920 and moved for attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k). The district "court awarded CRST $92,842.21 in costs, $4,004,371.65 in attorneys' fees[,] and $463,071.25 in out-of-pocket expenses, for a total of $4,560,285.11." *CRST III*, 2013 WL 3984478, at *5 (citations omitted).

### B. *Appeal*

"[T]he EEOC appeal[ed] the district court's dismissal of its claims as to 107 women." *CRST IV*, 679 F.3d at 670. On appeal, the EEOC argued that the district court (1) erroneously barred it "from pursuing claims as to 67 women based on its failure to reasonably investigate or good-faith conciliate," *id*. at 671; (2) erroneously granted summary judgment on Starke's, Payne's, and Timmons's individual claims, as well as on the EEOC's claims on their behalf, based on judicial estoppel, *id*. at 677; (3) erroneously granted summary judgment on the merits of several of its hostile work-environment claims against CRST, *id*. at 682–86; and (4) abused its discretion in awarding CRST attorneys' fees and expenses, *id*. at 694.

After analyzing each of the EEOC's contentions,

we affirm[ed] in part, reverse[d] in part, and remand[ed] for further proceedings consistent with this opinion. Specifically, we reverse[d] the district court's grant of summary judgment on the EEOC's claims as to

-6-

Monika Starke because the EEOC, suing as a plaintiff in its own name under § 706, may not be judicially estopped because of Starke's independent conduct. Additionally, we reverse[d] the district court's grant of summary judgment on the EEOC's claims on behalf of Tillie Jones because the EEOC . . . produced sufficient evidence to create a genuine fact issue as to the severity or pervasiveness of harassment that she allegedly suffered. Finally, we vacate[d], without prejudice, the district court's award of attorneys' fees to CRST because, in light of these aforementioned rulings, CRST [wa]s no longer a "prevailing" defendant under 42 U.S.C. § 2000e–5(k). We affirm[ed] the remainder of the district court's orders and remand[ed] for further proceedings consistent with th[e] opinion.

*CRST IV*, 679 F.3d at 695 (footnote omitted).

## C. *Remand*

On remand, the EEOC withdrew its claim on behalf of Jones, explaining that "the law of the case, specifically this Court's order of August 13, 2009 . . . , bars its claim on behalf of Tillie Jones." The referenced order was the one in which the district court barred the EEOC from seeking relief on behalf of some claimants for the EEOC's failure to fulfill the statutory conditions precedent to instituting suit, i.e., a reasonable investigation and *bona fide* conciliation.

Subsequently, CRST and the EEOC settled the case and jointly moved for an order of dismissal. The Settlement Agreement that the parties entered provided that CRST would pay $50,000 in settlement of the EEOC's claim on behalf of Starke. It further provided:

4. This Agreement does not preclude CRST from pursuing attorney[s'] fees and costs pursuant to the Order of the Eighth Circuit dated May 8, 2012.

-7-

5. Further, this Agreement does not preclude either [the] EEOC or CRST from making any arguments relating to CRST's pursuit of attorney[s'] fees and costs, including arguments relating to whether [the] EEOC or CRST is the prevailing party.

The district court granted the motion to dismiss, and CRST then filed a bill of costs and moved for an award of attorneys' fees. The EEOC resisted the bill of costs and motion for attorneys' fees. First, it argued that its "case was comprised of a single claim and that it won that claim." *CRST III*, 2013 WL 3984478, at *9. The district court found this argument meritless, concluding that "on the face of the Complaint, it is clear that the EEOC sought relief on behalf of at least two individuals and, thus, there were at least two claims," i.e., Starke's claim and at least one class member's claim. *Id*. Ultimately, the court found "that the EEOC asserted multiple and distinct claims against CRST" and that CRST only lost on one of those claims—Starke's claim. *Id*. at *10. Applying Supreme Court precedent, the court reasoned that "CRST need not prevail on every claim to be entitled to an award of attorneys' fees"; therefore, it "consider[ed] whether there was a judicial determination on the merits in favor of CRST on each claim other than the claim on behalf of Starke." *Id*. (citing *Fox v. Vice*, 131 S. Ct. 2205 (2011)).

Second, the EEOC argued that CRST was not a prevailing defendant because "'a large portion of the claim was not determined on the merits.'" *Id*. (citation omitted). The EEOC conceded "that 'CRST defeated the claim on the merits for 83 women for whom it was granted summary judgment.'" *Id.* (citation omitted). But it "argue[d] that 'CRST won on reasons other than the merits as to [98] of the women who were never deposed, and as to 67 women for whom . . . [the] EEOC failed to meet the statutory prerequisites for suit.'" *Id*. (alterations in original) (citation omitted). The court rejected the EEOC's argument.

-8-

As an initial matter, it found that CRST was the prevailing party as to the EEOC's pattern-or-practice claim despite the EEOC's argument that it never asserted a pattern-or-practice claim in its complaint. The court reasoned "that CRST justifiably filed a motion for summary judgment on the pattern-or-practice claim given the confusion the EEOC created as to whether it was pursuing such a claim" and that the court subsequently granted CRST's motion for summary judgment on the merits of that claim. *Id*. (citation omitted).

The court then observed that after the dismissal of the purported pattern-or-practice claim, "there were 154 allegedly aggrieved individuals remaining and, thus, CRST was required to defend against 154 sexual harassment claims." *Id*. (footnote omitted). The court rejected the EEOC's contention that "the court's dismissal of claims due to the EEOC's failure to satisfy the Title VII administrative prerequisites is not a judicial determination on the merits." *Id*. The court found that the EEOC's obligation to pursue administrative resolution is "an ingredient of the EEOC's claim" as opposed to a "jurisdictional prerequisite"; therefore, the court concluded that its "dismissal of claims due to the EEOC's failure to satisfy its pre-suit obligations is a dismissal on the merits of the EEOC's claims." *Id*.

The court also found that CRST was a prevailing party as to Jones's claim because, although the EEOC voluntarily dismissed the claim on remand, "had the EEOC not withdrawn its claim on behalf of Jones, the court would have dismissed it pursuant to its August 13, 2009 Order." *Id*. at *11.

Having determined that "CRST is the prevailing party on the EEOC's pattern-or-practice claim and 153 of the EEOC's individual claims," the court then "consider[ed] whether those claims on which CRST prevailed are frivolous, unreasonable or groundless." *Id*.

The district court *did not* individually analyze whether each of the 153 claims and purported pattern-or-practice claim were frivolous, unreasonable, or groundless. Instead, in summary fashion, it found that all the claims satisfied this standard.

As to attorneys' fees, expenses, and costs, the court concluded that CRST was entitled to $3,724,065.63 in attorneys' fees incurred pre-appeal. *Id*. at *18.

The court also awarded CRST "the reasonable amount of attorneys' fees incurred during the appeal proceedings" in the amount of $465,230.47. *Id*. at *18–19. The court justified its award as follows:

> Specifically, the court has already found that CRST is the prevailing party and that the *Christiansburg*[2] standard is satisfied as to all of the claims that the EEOC appealed, other than the claim on behalf of Starke. Moreover, the court finds that CRST provided sufficient documentation and, as discussed above, the court finds that $465,230.47 reflects the total appellate fees that CRST would not have incurred but for the EEOC's unreasonable or groundless claims.

*Id*. at *19.

Thus, the district court awarded $4,189,296.10 in attorneys' fees. *Id*. at *21. And, the court awarded $413,387.58 in out-of-pocket expenses to CRST. *Id*. Finally, the court also awarded CRST $91,758.46 in costs. *Id*.

In total, the court found that CRST was entitled to $4,694,442.14 for attorneys' fees, expenses, and costs. *Id*.

---

[2]*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

-10-

## II. *Discussion*

On appeal, the EEOC argues that the district court erred in awarding $4,694,442.14 for attorneys' fees, expenses, and costs to CRST. First, the EEOC argues that the district court erred in finding that CRST was the prevailing party because it "erroneously viewed [the] EEOC's case as 154 separate claims and thought CRST deserved fees for its success on 153 of them." The EEOC maintains that it "had only one claim—that CRST violated Title VII by failing to prevent and remedy sexual harassment of its female trainees and drivers—and EEOC's settlement obtaining relief for one claimant was sufficient to render [the] EEOC the prevailing party." Second, the EEOC argues that the district court erroneously concluded that its dismissal of the "EEOC's claim based on deficiencies in its presuit processing constituted a ruling on the merits of [the] EEOC's claim." According to the EEOC, a dismissal based on failure to satisfy presuit obligations does not equate to a merits-based decision necessary for the court to find CRST to be a prevailing party. Third, the EEOC asserts that even if this court agrees with the district court that CRST is a prevailing party, "the district court erred in awarding fees to CRST because [the] EEOC's claim and conduct of this litigation were not frivolous, groundless, or unreasonable." Finally, the EEOC contends that the district court erred in awarding CRST appellate fees because the "EEOC's decision to appeal the initial dismissal of its case was reasonable, grounded in sound legal precedent, and supported by a reasonable hope of reversal on appeal." We consider each of these arguments in turn.

Whether a party is a "prevailing party" is a question of law that we review de novo. *DocMagic, Inc. v. Mortgage P'ship of Am., L.L.C.*, 729 F.3d 808, 812 (8th Cir. 2013). "We review for an abuse of discretion the district court's actual award of fees and costs." *Id.*

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg*, 434 U.S. at 415 (citation omitted). "But Congress has authorized courts to deviate

from this background rule in certain types of cases by shifting fees from one party to another." *Fox*, 131 S. Ct. at 2213 (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992) (listing federal fee-shifting provisions)). Like 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k) is one of those "fee-shifting" provisions. *Burlington*, 505 U.S. at 562. "The standards for assessing claims for attorney's fees pursuant to section 1988 and under the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), are identical." *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 158 n.6 (3d Cir. 2001) (citations omitted). As a result, "cases used to interpret one statute may be used to interpret the other." *Id.* (citations omitted).

Just as § 1988 "allows the award of 'a reasonable attorney's fee' to 'the prevailing party,'" *Fox*, 131 S. Ct. at 2213, so too does § 2000e-5(k). 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."). Section 2000e-5(k) "authoriz[es] the award of attorney's fees to either plaintiffs *or defendants*, and entrust[s] the effectuation of the statutory policy to the discretion of the district courts." *Christiansburg*, 434 U.S. at 416 (emphasis added) (footnote omitted).

With this legal framework in mind, we now address each of the EEOC's arguments in favor of reversal.

## 1. *Single v. Multiple Claims*

First, the EEOC argues that CRST cannot be a prevailing party because the EEOC brought only one "claim" against CRST—that CRST violated Title VII by failing to prevent an remedy sexual harassment of its female trainees and

-12-

drivers—and CRST did not prevail on this claim, as evidenced by the EEOC obtaining a $50,000 settlement on Starke's behalf.[3]

Our task is to determine (1) how many claims the EEOC alleged in its complaint and (2) what types of claims it alleged.

"Section 706 of Title VII authorizes the EEOC to bring claims involving the rights of aggrieved individuals challenging an unlawful employment practice on an individual or class-wide basis[.]" *U.S. EEOC v. Global Horizons, Inc.*, 860 F. Supp. 2d 1172, 1191 (D. Haw. 2012) (citations omitted). The EEOC may "seek class action-type relief without complying with . . . Federal Rule of Civil Procedure 23." *Id*. (quotation and citations omitted).

Here, the EEOC brought suit under Title VII "to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Monika Starke *and* a class of similarly situated female employees of defendant CRST." (Emphasis added.) The "Statement of Claims" provides that "two of [CRST's] lead drivers subjected Starke to sexual harassment during their supervision of Starke" and that "[o]ther similarly situated female employees of CRST were also subjected to sexual harassment and a sexually hostile and offensive work environment while working for CRST."

----

[3]The EEOC argues at length that it is a "prevailing party" plaintiff because it obtained the $50,000 settlement on Starke's behalf. We need not address whether the EEOC is a "prevailing plaintiff" and instead focus on whether CRST is a "prevailing defendant" because, as the district court explained, the EEOC "is not entitled to a fee award under 42 U.S.C. § 2000e-5(k)." *CRST III*, 2013 WL 3984478, at *10 n.7 (citation omitted). This is because § 2000e-5(k) permits fees to prevailing parties "other than the Commission or the United States." "Thus, it is of no consequence whether the EEOC qualifies as a prevailing party." *CRST III*, 2013 WL 3984478, at *10 n.7.

-13-

Case 1:07-cv-00095-LRR   Document 406   Filed 12/22/14   Page 13 of 25
Appellate Case: 13-3159   Page: 13   Date Filed: 12/22/2014 Entry ID: 4228272

We agree with the district court that the EEOC alleged more than one claim. As the court explained, although the EEOC did not specify "how many individuals the EEOC was pursuing relief on behalf of until the litigation was well under way," "the face of the Complaint" shows that "the EEOC sought relief on behalf of at least two individuals and, thus, there were at least two [sexual-harassment] claims. By October 15, 2008, it became clear that the EEOC was asserting approximately 270 claims, although that number dropped to 255 by May 12, 2009." *CRST III*, 2013 WL 3984478, at *9. Furthermore, the EEOC's argument that it asserted only one claim against CRST in its complaint is undermined by our prior opinion. Throughout the opinion, we referred to the EEOC's "claims." *CRST IV*, 679 F.3d at 670–74, 682–83, 685, 688, 689–90, 694–95. We disagree with the EEOC's assertion that we used the term "claims" in the "non-technical sense." For example, we explained that "our de novo review of the EEOC's *claims concerning each woman* confirms the district court's conclusion that no fact issue remained" as to each woman's sexual-harassment claim. *Id*. at 690 (emphasis added). Therefore, we agree with the district court "that this case contained multiple and distinct claims for relief." *CRST III*, 2013 WL 3984478, at *9.

As to what types of claims the EEOC's complaint alleges, we reiterate our prior observation in the first appeal that "'the EEOC did *not* allege that CRST was engaged in 'a pattern or practice' of illegal sex-based discrimination or otherwise plead a violation of Section 707 of Title VII, 42 U.S.C. § 2000e-6.'" *CRST IV*, 679 F.3d at 676 n.13 (quoting *CRST II*, 2009 WL 2524402, at *7 n.14). The district court merely *assumed without deciding* that the EEOC brought a pattern-or-practice claim and dismissed it with prejudice. *Id*. But the face of the complaint alleges no pattern-or-practice claim; therefore, it "seeks only to vindicate the rights of the individuals under Section 706." *U.S. EEOC v. Pioneer Hotel, Inc.*, No. 2:11–CV–1588–LRH–RJJ, 2013 WL 129390, at *4 (D. Nev. Jan. 9, 2013). Accordingly, to the extent that the district court's order awarded attorneys' fees to CRST based on a purported pattern-or-practice claim, we reverse.

-14-

In summary, we find that the EEOC's complaint alleged multiple sexual-harassment claims seeking to vindicate the rights of individuals.

## 2. *Ruling on the Merits*

The EEOC next argues that the district court's dismissal of 67 claims for the EEOC's failure to satisfy Title VII's presuit obligations does not constitute a ruling on the merits; therefore, the EEOC contends, CRST cannot be a prevailing party with respect to those claims.

"[P]roof that a plaintiff's case is frivolous, unreasonable, or groundless is not possible without a judicial determination of the plaintiff's case on the merits." *Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842, 852 (8th Cir. 1994) (citation omitted). "At the very least, this means that the [defendant] must have made a motion for summary judgment on the merits," as opposed to, for example, moving for dismissal for lack of subject matter jurisdiction, on res judicata grounds, or on statute-of-limitations grounds. *Id*. (citations omitted) (holding that defendant was not a prevailing party for award of attorney fees in Title VII action where plaintiff took voluntary dismissal with prejudice before any summary judgment motion was made).

We previously set forth the EEOC's presuit obligations in *CRST IV*:

First, an employee files with the EEOC a charge "alleging that an employer has engaged in an unlawful employment practice." [*Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 359(1977)]. Second, "[t]he EEOC is then required to investigate the charge and determine whether there is reasonable cause to believe that it is true." *Id*. If reasonable cause does exist, the EEOC moves to the third step, which attempts to remedy the objectionable employment practice through the informal, nonjudicial means "'of conference, conciliation, and persuasion.'" *Id*.

-15-

(quoting 42 U.S.C. § 2000e–5(b)). However, if unsuccessful, the EEOC may move to the fourth and final step and bring a civil action to redress the charge. *Id*. at 359–60, 97 S.Ct. 2447 (quoting 42 U.S.C. § 2000e–5(f)(1)).

679 F.3d at 672 (alteration in original).

The EEOC's ability to bring suit and the administrative process are "*sequential steps in a unified scheme* for securing compliance with Title VII." *Id*. (quotations and citations omitted).

Whether the district court's dismissal of several claims for failure of the EEOC to satisfy its Title VII presuit obligations constitutes a ruling on the merits depends on whether such presuit obligations constitute claim elements, as opposed to jurisdictional prerequisites or nonjurisdictional prerequisites to filing suit. In *Arbaugh v. Y & H Corp.*, the Supreme Court addressed "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." 546 U.S. 500, 503 (2006). Title VII requires "as a prerequisite to its application, the existence of a particular fact, *i.e.*, 15 or more employees." *Id*. at 513. The Court observed that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id*. at 516. "Applying that readily administrable bright line to th[at] case, [the Court] h[e]ld that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id*.

After *Arbaugh*, the Fifth Circuit "conclude[d] that the EEOC's conciliation requirement is a precondition to suit but not a jurisdictional prerequisite." *EEOC v. Agro Distrib., Inc.*, 555 F.3d 462, 469 (5th Cir. 2009). As a result, it held that the EEOC's failure to conciliate does not deprive a federal court of subject matter

-16-

jurisdiction. *Id*. But the Fifth Circuit *did not* address whether conciliation is an element of the Title VII claim or merely a nonjurisdictional prerequisite to filing suit. *See id*.

Thereafter, the Supreme Court again addressed the issue of prerequisites to filing suit in *Reed Elsevier*, *Inc. v. Muchnick*, holding that the Copyright Act's requirement that copyright holders register their works before suing for copyright infringement "is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." 559 U.S. 154, 157 (2010). The Court reached this conclusion by comparing the numerosity requirement examined in *Arbaugh* to the Copyright Act's registration requirement and finding that neither were jurisdictional requirements. *Id*. at 161–66. But the Court also noted a difference between the numerosity requirement at issue in *Arbaugh* and the registration requirement, stating, "That the numerosity requirement in *Arbaugh* could be considered an element of a Title VII claim, *rather than a prerequisite to initiating a lawsuit*, does not change this conclusion . . . ." *Id*. at 165–66 (emphasis added). According to the Court, "[a] statutory condition that requires a party to take some action before filing a lawsuit is not automatically 'a *jurisdictional* prerequisite to suit.'" *Id*. at 166 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The Court concluded that the registration requirement fit the "mold" of a nonjurisdictional prerequisite to filing suit because it "imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions." *Id*. (citation omitted). As a result, the Court found that the registration requirement "imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents." *Id*.

Here, neither party argues that the EEOC's preconditions to filing suit are jurisdictional. *See Agro*, 555 F.3d at 469. Instead, the EEOC argues that its Title VII presuit obligations are nonjurisdictional preconditions, as in *Reed*, while CRST argues that such requirements are elements of the EEOC's cause of action, as in

-17-

*Arbaugh*. If CRST is correct, then the district court's dismissal of claims for the EEOC's failure to satisfy its presuit obligations would constitute a ruling on the merits, as the EEOC would have failed to satisfy elements of the claims at issue.

*Reed* makes clear that a statutory condition, although not jurisdictional, may be a nonjurisdictional precondition to filing suit, as opposed to an element of the claim. *See id*. at 165–66. We agree with the EEOC that its presuit obligations constitute nonjurisdictional preconditions that *are not* elements of the claim. The EEOC's Title VII presuit obligations set forth in 42 U.S.C. § 2005e-5(b) are more akin to the registration requirement in *Reed*. First, Title VII requires the EEOC to issue a reasonable cause finding and attempt conciliation before filing *any* lawsuit, not just a sexual-harassment lawsuit. *See* 42 U.S.C. § 2000e-5(b).

Second, we have never labeled such presuit obligations as "elements" of a Title VII sexual-harassment claim. Instead, as we explained in *CRST IV*, a plaintiff asserting a Title VII claim must show

> (1) [that she belongs to] a protected group; (2) [that she suffered] unwelcome harassment; (3) [that there was] a causal nexus between the harassment and her membership in the protected group; (4) that the harassment affected a term, condition, or privilege of [her] employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action.

679 F.3d at 685 (alterations in original) (quotations and citations omitted).

Finally, in contrast to the Title VII numerosity requirement at issue in *Arbaugh*, the EEOC's Title VII presuit obligations do not distinguish which employers are subject to Title VII or whether an employer has violated Title VII. Instead, the EEOC's compliance with its presuit obligations provides employers an opportunity to resolve the dispute in lieu of litigation.

-18-

Because the EEOC's Title VII presuit obligations are not elements of the claim, the district court's dismissal of 67 claims for the EEOC's failure to satisfy Title VII's presuit obligations does not constitute a ruling on the merits. Therefore, CRST is not a prevailing party as to these claims, and it is not entitled to an award of attorneys' fees on such claims. *See Marquart*, 26 F.3d at 852.[4]

### 3. *Frivolous, Groundless, Unreasonable*

Having determined that CRST may not recover attorneys' fees for (1) claims that the district court dismissed based on the EEOC's failure to satisfy its presuit obligations and (2) the purported pattern-or-practice claim, we next address whether CRST is entitled to an award of attorneys' fees based on "several of the district court's dispositive rulings concerning the merits of [the EEOC's] hostile work-environment claims against CRST." *CRST IV*, 679 F.3d at 682–83.

"In interpreting section 706(k) [of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k),] the Supreme Court has distinguished between prevailing Title VII plaintiffs and prevailing Title VII defendants." *Marquart*, 26 F.3d at 848. A district "court may award attorneys' fees to a prevailing Title VII plaintiff in all but very unusual circumstances." *Id*. (quotation and citation omitted). By contrast, a district "court may not award attorneys' fees to a prevailing Title VII defendant unless the 'court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Id*. (alteration in original) (quoting *Christiansburg*, 434 U.S. at 422).

"In applying these criteria," the district court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."

---

[4]For the same reason, CRST is not a prevailing party as to Jones's claim, which the EEOC voluntarily dismissed for its failure to satisfy its presuit obligations.

-19-

*Christiansburg*, 434 U.S. at 421–22. "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id*. at 422. "[T]he course of litigation is rarely predictable," and "[d]ecisive facts may not emerge until discovery or trial." *Id*. Additionally, "[t]he law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Id*. "Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id*. "So long as the plaintiff has some basis for the discrimination claim, a prevailing defendant may not recover attorneys' fees." *EEOC v. Kenneth Balk & Assocs.*, 813 F.2d 197, 198 (8th Cir. 1987) (quotation and citation omitted).

In summary, "a prevailing Title VII defendant is not entitled to attorneys' fees unless we determine that the plaintiff's claim was frivolous, unreasonable, or groundless." *Marquart*, 26 F.3d at 848 (citations omitted). Thus, "more rigorous standards apply for fee awards to prevailing defendants than to prevailing plaintiffs in Title VII cases." *Id*. (quotation and citation omitted). Only in "very narrow circumstances" is a prevailing defendant entitled to an attorneys' fee award. *Id*. (quotation and citations omitted). "[A] court may not award attorneys' fees solely because the plaintiff did not prevail." *Id*. (citation omitted).

In announcing the "frivolous, unreasonable, or groundless" standard, *Christiansburg* did not address a scenario "involving multiple claims for relief that implicate a mix of legal theories and have different merits." *Fox*, 131 S. Ct. at 2213. "Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees." *Id*. at 2213–14. The Supreme Court addressed the multiple-claim scenario in *Fox*, holding "that a court may grant reasonable fees to the defendant [where the plaintiff asserts both frivolous and non-

-20-

Appellate Case: 13-3159   Page: 20   Date Filed: 12/22/2014 Entry ID: 4228272

frivolous claims], but only for costs that the defendant would not have incurred but for the frivolous claims." *Id*. at 2211. The Court explained that "a defendant may deserve fees even if not all the plaintiff's claims were frivolous"; the defendant is entitled to relief for "expenses attributable to frivolous charges." *Id*. at 2214. The defendant's entitlement to relief "remains true when the plaintiff's suit also includes non-frivolous claims." *Id*. While a defendant "is not entitled to any fees arising from these non-frivolous charges," "the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed." *Id*. (citation omitted).

Pursuant to *Fox*, "a court may reimburse a defendant for costs under [§ 2000e-5(k)] even if a plaintiff's suit is not wholly frivolous." *Id*. "Fee-shifting to recompense a defendant (as to recompense a plaintiff) is not all-or-nothing: A defendant need not show that every claim in a complaint is frivolous to qualify for fees." *Id*. The core issue is "what work . . . the defendant [may] receive fees for" when the "lawsuit involve[s] a mix of frivolous and non-frivolous claims." *Id*. "[A] defendant may not obtain compensation for work unrelated to a frivolous claim." *Id*. But a "defendant may receive reasonable fees for work related exclusively to a frivolous claim." *Id*. As to "work that helps defend against non-frivolous and frivolous claims alike—for example, a deposition eliciting facts relevant to both allegations," *id*., the Court in *Fox* held that "a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all." *Id*. at 2218. The district court is prohibited from awarding the defendant "compensation for any fees that he would have paid in the absence of the frivolous claims." *Id*.

As in *Fox*, this is a multiple-claims case involving at least one non-frivolous claim (Starke's claim). To properly apply the *Christiansburg-Fox* standard, we must first know why the district court concluded that a particular claim was frivolous, unreasonable, or groundless. *See Christansburg*, 434 U.S. at 422. This is because, in a multiple-claims case, "[s]ome claims succeed; others fail. Some charges are

-21-

frivolous; others (even if not ultimately successful) have a reasonable basis." *Fox*, 131 S. Ct. at 2213–14. Second, if the district court concludes that "the plaintiff asserted both frivolous and non-frivolous claims," then the court may award attorneys' fees "only for costs that the defendant would not have incurred but for the frivolous claims." *Id*. at 2211.

Here, the district court did not make particularized findings of frivolousness, unreasonableness, or groundlessness as to each individual claim upon which it granted summary judgment on the merits to CRST. The district court did not discuss specific claimants, choosing instead to make a universal finding that all of the EEOC's claims were without foundation. More problematic for our review is that the district court included in this universal finding claims for which we now find that CRST is not entitled to attorneys' fees—(1) the purported pattern-or-practice claim and (2) the claims dismissed for the EEOC's failure to satisfy its presuit obligations.

While we recognize that it is an arduous task, the *Christiansburg* standard requires the district court to make findings as to why a particular "claim was frivolous, unreasonable, or groundless." 434 U.S. at 422. Here, the district court did not make these particularized findings. Therefore, we necessarily remand to the district court to identify those claims dismissed because they were frivolous, unreasonable, or groundless. Because CRST *did not* prevail on Starke's non-frivolous claim, on remand, if the court concludes that a frivolous claim or claims exists, then it must necessarily apply the *Fox* standard to determine what fees, if any, CRST "expended solely because of the frivolous allegations." *Fox*, 131 S. Ct. at 2218.

### 4. *Appellate Costs*

Finally, the EEOC argues that the district court erred in awarding CRST its fees on appeal. First, it asserts that CRST should have filed its motion for appellate fees with this court, not the district court. Second, it contends that the district court failed to offer any explanation to support such an award.

-22-

Eighth Circuit Rule 47C governs motions for appellate fees and provides:

(a) Motion for Fees. A motion for attorney fees, with proof of service, must be filed with the clerk within 14 days after the entry of judgment. The party against whom an award of fees is sought must file objections to an allowance of fees within 7 days after service. The court may grant on its own motion an allowance of reasonable attorney fees to a prevailing party.

(b) Determination of Fees. On the court's own motion or at the request of the prevailing party, a motion for attorney fees may be remanded to the district court or administrative agency for appropriate hearing and determination.

(c) Mandate. The clerk will prepare and certify an award of attorney fees granted by the court for insertion in the mandate. Issuance of a mandate will not be delayed for an award of attorney fees. If a mandate issues before final determination of a motion for attorney fees, the clerk of the district court, on the request of the clerk of this court, will add the award and its amendments to the mandate.

"The usual practice for awarding fees and costs . . . is for this Court to fix the compensation for services rendered before it, and for the District Court to do so for services rendered before it." *Little Rock Sch. Dist. v. State of Ark.*, 127 F.3d 693, 696 (8th Cir. 1997) (citing *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 138 (8th Cir.1982) (en banc)). The purpose of Rule 47C is to permit "the court most familiar with the legal services in question" to make the fee award. *Id*.

But "Rule 47C cannot and does not affect the jurisdiction of the district courts." *Id*. Despite our local rule, "the district courts retain jurisdiction to decide attorneys' fees issues that we have not ourselves undertaken to decide." *Id*. "[D]iscretionary and practical considerations continue to be relevant to a district court's decision whether

-23-

to grant a motion for attorneys' fees for services before an appellate court." *Id*. at 697. Rule 47C "is not a rigid jurisdictional rule." *Id*. It permits us "to grant attorneys' fees on [our] own motion" and exercise our "discretion to remand the question to the District Court, instead of determining the award [ourselves]." *Id*. (citing 8th Cir. R. 47C(a)–(b)). "The Rule thus preserves multiple procedural options for the determination of attorneys' fees." *Id*. Whether the district court or this court determines the appellate-fee award, the goal is the same: "calculation of a fair award." *Id*.

Although the district court in this case had the power to grant an attorneys' fees award, it could only do so after finding that the EEOC's "appeal was frivolous, unreasonable[,] or without foundation." *Barket, Levy, & Fine, Inc. v. St. Louis Thermal Energy Corp*., 21 F.3d 237, 243 (8th Cir. 1994). "To find the appeal unreasonable, we must conclude that no reasonable person would have thought he could succeed on appeal; to find the appeal unfounded, we must conclude that the appeal had no foundation in law upon which the appeal could be brought." *Wrenn v. Gould*, 808 F.2d 493, 504 (6th Cir. 1987). "Although a district court's determination that the plaintiff's original action was frivolous or meritless may be probative of the efficacy of the appeal, such a determination is neither necessary nor sufficient to support an appellate award." *Bugg v. Int'l Union of Allied Indus. Workers of Am.*, *Local 507 AFL-CIO*, 674 F.2d 595, 600 n.10 (7th Cir. 1982).

Here, the district court made no particularized findings as to why the EEOC's appeal to this court was frivolous, unreasonable, or without foundation; instead, it found only that "CRST is the prevailing party and that the *Christiansburg* standard is satisfied as to all of the claims that the EEOC appealed, other than the claim on behalf of Starke." *CRST III*, 2013 WL 3984478, at *19. The district court's conclusion that the EEOC's original action was frivolous, unreasonable, or groundless is insufficient to support an appellate award. *See Bugg*, 674 F.2d at 600 n.10. Furthermore, we have already concluded that the district court must make particularized findings on remand as to why it considers individual claims frivolous, unreasonable, or groundless.

-24-

Therefore, we remand to the district court to consider anew whether CRST is entitled to an award of appellate fees. The district court must explain why "no reasonable person would have thought he could succeed on appeal" or why "the appeal had no foundation in law." *Wrenn*, 808 F.2d at 504.

### III. *Conclusion*

The present litigation has become what the Supreme Court cautioned against in *Fox*—"a second major litigation" over the attorneys' fees award. 131 S. Ct. at 2216. Nonetheless, remand is required in the present case for a reassessment of whether CRST is entitled to fees. In summary, we conclude that CRST is not entitled to an award of attorneys' fees for (1) claims that the district court dismissed based on the EEOC's failure to satisfy its presuit obligations and (2) the purported pattern-or-practice claim. On remand, the district court must individually assess each of the claims for which it granted summary judgment to CRST on the merits and explain why it deems a particular claim to be frivolous, unreasonable, or groundless. Because CRST *did not* prevail on Starke's non-frivolous claim, on remand, if the court concludes that a frivolous claim or claims exists, then it must necessarily apply the *Fox* standard to determine what fees, if any, CRST "expended solely because of the frivolous allegations." *Id*. at 2218. Thereafter, the district court must consider anew whether CRST is entitled to an award of appellate fees and explain why "no reasonable person would have thought he could succeed on appeal" or why "the appeal had no foundation in law." *Wrenn*, 808 F.2d at 504.

Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

--------------------------------

-25-