IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>CRST VAN EXPEDITED, INC.,<br><br>    Defendant. | No. 07-CV-95-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is the Equal Employment Opportunity Commission's ("EEOC") "Motion for Relief from Judgment Pursuant to Rule 60(b)(6)" ("Motion") (docket no. 414).

## *II. PROCEDURAL HISTORY*[1]

On September 27, 2007, the EEOC filed the instant lawsuit on behalf of Monika Starke and a class of similarly situated female employees of Defendant CRST Van Expedited, Inc. ("CRST"). Original Complaint (docket no. 2) at 1. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC brought suit in its own name "to correct [CRST's] unlawful employment practices on the basis of sex, and to provide appropriate relief to . . . Starke and a class of similarly situated female employees of [CRST] who were adversely affected by such practices." First Amended Complaint (docket no. 8) at 1. On November 30, 2007, CRST filed an Answer (docket no. 11). On May 1, 2008, CRST filed an Amended Answer (docket no. 36). On August 13, 2009, the court found

---

[1] For purposes of the instant Order, the court finds it appropriate to provide only an abbreviated history of the case.

that EEOC was barred from seeking relief on behalf of 67 individuals because the EEOC "wholly abandoned its statutory duties" by: (1) failing to investigate those individuals' claims until after the EEOC filed the Complaint; (2) not including the 67 individuals as members in the Letter of Determination's "class" until after the EEOC filed the Complaint; (3) failing to make a reasonable cause determination as to the specific allegations of any of the 67 individuals; and (4) not attempting to conciliate the specific allegations of the 67 individuals prior to filing the Complaint. *See* August 13, 2009 Order (docket no. 263). The Clerk of Court entered a Judgment (docket no. 279) on October 1, 2009. On August 1, 2013, the court awarded CRST attorney's fees and costs. August 1, 2013 Order (docket no. 400). On December 22, 2014, the Eighth Circuit Court of Appeals reversed and remanded the attorney's fees award. *See EEOC v. CRST Van Expedited, Inc.*, 774 F.3d 1169 (8th Cir. 2014). On May 19, 2015, CRST filed a petition for a writ of certiorari, which the Supreme Court granted on December 4, 2015. *See* Notice of Writ of Certiorari (docket no. 411); *CRST Van Expedited, Inc. v. EEOC*, ___ S. Ct. ___, ___, No. 14-1375 (2015).

On July 10, 2015, the EEOC filed the Motion. On July 27, 2015, CRST filed a Resistance (docket no. 415). On August 6, 2015, the EEOC filed a Reply (docket no. 417). On November 11, 2015, CRST filed a supplement ("CRST Supplement") (docket no. 431). On November 16, 2015, the EEOC filed a supplement and response ("EEOC Supplement") (docket no. 433). On November 18, 2015, CRST filed a response ("CRST Supplement Response") (docket no. 435). The Motion is fully submitted and ready for decision.

### III. ANALYSIS
#### A. Parties' Arguments

The EEOC requests that the court grant relief from the court's August 13, 2009 Order and the Judgment of October 1, 2009, to the extent such judgment is based on the August 13, 2009 Order, vacate the dismissal of the EEOC's complaint on behalf of 67

2

allegedly aggrieved individuals and set the matter for trial. The EEOC argues that *Mach Mining, LLC v. EEOC*, 135 S.Ct. 1645 (2015), "clarified the EEOC's pre-suit obligations" and that the court's decision dismissing the 67 allegedly aggrieved individuals is contrary to that decision. Brief in Support of the Motion (docket no. 414-1) at 3. The EEOC argues that the court should grant relief because "*Mach Mining* constitutes a change in applicable law" sufficient to justify relief under Rule 60 and "the denial of a trial on the merits strongly weighs in favor of granting a Rule 60 motion." *Id.* at 6-10. The EEOC also argues that litigation in this case is still ongoing with respect to attorney's fees and the case would be "close to ready for trial." *Id.* at 11.

CRST argues that the court should deny the Motion because "*Mach Mining* did not change the law governing the Title VII pre-suit requirements issue in this case" and, even if it did, relief under Rule 60 requires a showing of "extraordinary circumstances" which are not present in the instant action. Resistance at 2-3.

### B. *Applicable Law*

Rule 60(b) allows the court to

> relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (formatting omitted). Relief under Rule 60 is "an extraordinary remedy for exceptional circumstances." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013) (quoting In re *Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989)) (quotation marks omitted). "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not

by itself an extraordinary circumstance warranting Rule 60(b) relief from a final judgment." *Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000) (quoting *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assoc.*, 194 F.3d 922, 925 (8th Cir. 1999)) (quotation marks omitted). However, "[a] change in governing law can represent so significant an alteration in circumstances as to justify both prospective and retrospective relief from the obligations of a court order." *City of Duluth*, 702 F.3d at 1154. Therefore, to determine whether relief in the instant action is warranted, the court must consider whether extraordinary circumstances exist.

### C. *Application*

#### 1. *Change in the law*

The EEOC argues that *Mach Mining* "changed the governing law and established the incorrectness of the dismissal of the case." Brief in Support of the Motion at 6. In *Mach Mining*, the Supreme Court considered the question of "whether and how courts may review" the EEOC's conciliation efforts in an employment discrimination case. *See Mach Mining*, 135 S. Ct. at 1649. The Supreme Court held "that a court may review whether the EEOC satisfied its statutory obligation to attempt conciliation before filing suit. But . . . the scope of that review is narrow, thus recognizing the EEOC's extensive discretion to determine the kind and amount of communication with an employer appropriate in any given case." *Id.* In dicta, the Supreme Court also noted that where the EEOC's conciliation efforts are insufficient, "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Id.* at 1656.

The EEOC states that dismissal for failure to conciliate is impermissible following *Mach Mining*. Brief in Support of the Motion at 6. Furthermore, the EEOC argues that the court erroneously "faulted the EEOC for not telling CRST the size of the class and the identity of class members, . . . a requirement *Mach Mining* specifically rejects." Brief in Support of the Motion at 6. However, the issue in *Mach Mining* was to what extent a court may inquire into the EEOC's conciliation process. The class definition was not a

contested issue. Here, the court was not inquiring into the sufficiency of the conciliation process itself, but rather found that no investigation or conciliation with respect to the 67 individual claims occurred at all. *See* August 13, 2009 Order at 30-31, 36-37 ("Because the EEOC did not investigate, issue a reasonable cause determination or conciliate the claims of the 67 allegedly aggrieved persons, the court shall bar the EEOC from seeking relief on their behalf . . . ."). Therefore, *Mach Mining* is inapplicable to the instant action, insofar as it concerns inquiry into the specifics of the EEOC's conciliation process.

Furthermore, it is the court's opinion that *Mach Mining*'s statement that "the appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance" does not necessarily prevent a court from dismissing a case where no investigation occurs. *See Mach Mining*, 135 S. Ct. at 1656. The issue in *Mach Mining* was limited to the sufficiency of the EEOC's conciliation process and the permissible level of judicial inquiry into that process. *Mach Mining* did not address the appropriate remedy when the EEOC fails to engage in any investigation of claims prior to the conciliation process. *See EEOC v. CollegeAmerica Denver, Inc.*, 2015 WL 6437863, at *3 (D. Colo. Oct. 23, 2015) (finding that dismissal was not inappropriate in a case involving the EEOC's failure to provide notice, as well as a failure to conciliate, even in light of *Mach Mining*). In the court's opinion, the fact that *Mach Mining* clarifies a stay as the appropriate remedy upon a finding that the EEOC's conciliation efforts were insufficient would not impact the result in this case. *Cf. EEOC v. OhioHealth Corp.*, ___ F. Supp. 3d. ___, ___, 2015 WL 3952339, at *5 (S.D. Ohio June 29, 2015) (finding that conciliation efforts did not occur and ordering a stay of proceedings so the parties could conciliate, but noting that if the EEOC "fails to engage in good faith efforts at conciliation as ordered," the district court would "impose any or all consequences available, including . . . dismissal of this action for failure to prosecute"). *But see EEOC v. Jetstream Ground Servs., Inc.*, 2015 WL 5697315, at *10 n.12 (D. Colo. Sept. 29, 2015)

(noting that if "the EEOC did not attempt to engage in a discussion about conciliating a claim, the proper remedy is not dismissal" following *Mach Mining*).

The EEOC argues that *EEOC v. Autozone, Inc.* demonstrates that the court went too far by "not limit[ing] its review to the letter of determination but examin[ing] the kind and extent of investigation conducted and whether the investigation supported the EEOC's class finding in its reasonable cause determination." *See* EEOC Supplement at 2; *EEOC v. Autozone, Inc.*, 2015 WL 6710851, at *4 (N.D. Ill. Nov. 2, 2015) (applying *Mach Mining* to an EEOC investigation and finding that such investigation was sufficient to support a pattern-or-practice claim against the defendant). However, *Autozone* concerned a pattern-or-practice claim alleging that the defendant employer's attendance policy discriminated against certain applicants. The *Autozone* court found that an adequate investigation had occurred with respect to that claim. Here, the issue was not that the EEOC's conciliation discussions or investigation were merely inadequate, but that no investigation of the 67 claims was conducted and therefore no conciliation actually occurred with respect to those claims. Indeed, as noted in the court's August 13, 2009 Order, 27 of the individuals had not even been sexually harassed prior to the filing of the Complaint. *See* August 13, 2009 Order at 31-32. Under these circumstances, dismissal could still be an appropriate remedy even in light of *Mach Mining*. However, even if the court assumes that dismissal is unavailable post-*Mach Mining*, and that the only appropriate remedy is now a stay, the change in the law would have to constitute extraordinary circumstances to justify retrospective relief under Rule 60.

### 2. *Extraordinary circumstances*

Even if the court assumes that *Mach Mining* constitutes a change in the law applicable to the instant action, such a change does not normally constitute the extraordinary circumstances required for Rule 60(b) relief. *See Kan. Pub. Emps. Ret. Sys.*, 194 F.3d at 925 ("Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary

circumstance. Society's powerful countervailing interest in the finality of judgments simply requires that each case have an end, though the law continues to evolve." (citations omitted)).

The EEOC argues that a Supreme Court decision "may constitute exceptional circumstances for granting a Rule 60(b)(6) motion" and that *Mach Mining* is "just such a case." Brief in Support of the Motion at 6. The EEOC also argues that the denial of a trial on the merits of the 67 claims "strongly weighs in favor of granting" the Motion. *Id.* at 10. Finally, the EEOC argues that the following factors weigh in favor of granting the Motion: "the importance of injunctive relief to remedy discriminatory workplace conditions; that the parties have not changed their positions as a result of the judgment . . ; that discovery has been completed, there is a fully-developed factual record, and the case is close to ready for trial; and that litigation is ongoing with respect to one aspect of the case (attorney's fees)." *Id.* at 11. CRST argues that a change in the law does not normally constitute extraordinary circumstances and that the fact that the 67 claims were not decided on the merits does not justify relief. Resistance at 14-15.

Relief under Rule 60(b) is warranted only in exceptional circumstances. *See Jones v. Ferguson Pontiac Buick GMC, Inc.*, 374 Fed. App'x 787, 789 (10th Cir. 2010). Such relief "is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)) (quotation marks omitted). "This is especially true in an application of subsection (6) of Rule 60(b) . . . ." *Id*. "This is because 'almost every conceivable ground for relief is covered' under the other [five] subsections" and, "[c]onsequently, courts must apply Rule 60(b)(6) relief only in 'unusual and extreme situations where principles of equity mandate relief.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). "Rule 60(b) relief is . . . appropriate

only when it offends justice to deny such relief." *Jones*, 374 Fed.App'x at 789 (quoting *Zurich N. Am. v. Matrix Serv. Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005)).

The court finds that the general proposition that a change in the law "is not by itself an extraordinary circumstance" governs in the instant action. *See Kan. Pub. Emps. Ret. Sys.*, 194 F.3d at 925. The parties fully briefed this issue when it arose in 2009 and argued their respective positions to the court. *See* August 13, 2009 Order at 23-24. Judgment entered on October 1, 2009. *See* Judgment. Whether *Mach Mining* constitutes a change in the applicable law is, under these circumstances, a moot point in the instant action. It has been six years since this issue was decided by the court.[2] To grant relief in the instant action would open the floodgates for countless other decisions that were issued based on laws that may have changed in the interim. This scenario is the basis for the importance of the "finality of judgments" and the need for limiting relief under Rule 60(b) to truly extraordinary cases, cases where the denial of relief offends justice. *See Jones*, 374 Fed. App'x at 789. The instant action does not present such extraordinary circumstances to warrant relief. Accordingly, the court shall deny the Motion.

## IV. CONCLUSION

In light of the foregoing, the "Motion for Relief from Judgment Pursuant to Rule 60(b)(6)" (docket no. 414) is **DENIED**.

**IT IS SO ORDERED.**

---

[2] The court notes that the EEOC did not pursue Supreme Court review of the Eighth Circuit's decision regarding presuit requirements in this case, despite requesting and receiving a stay of the Eighth Circuit's mandate for that purpose. *See* EEOC Motion for a 90-Day Stay of Mandate, *EEOC v. CRST Van Expedited, Inc.*, No. 09-3764 (8th Cir. June 13, 2012).

8

**DATED** this 14th day of December, 2015.

					_____
					LINDA R. READE
					CHIEF JUDGE, U.S. DISTRICT COURT
					NORTHERN DISTRICT OF IOWA