# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | No. 07-CV-95-LRR |
| vs. | **ORDER** |
| CRST VAN EXPEDITED, INC., | |
| Defendant. | |

The matter before the court is CRST Van Expedited, Inc.'s ("CRST") "Motion for Leave to File Brief Addressing the Impact of the Supreme Court's Ruling" ("Motion") (docket no. 447), which CRST filed on June 16, 2016. On June 20, 2016, the Equal Employment Opportunity Commission ("EEOC") filed a Resistance (docket no. 448). On June 21, 2016, CRST filed a Reply (docket no. 449).

On June 28, 2016, the Eighth Circuit Court of Appeals issued a Judgment (docket no. 451), vacating its prior opinion and remanding the case for further proceedings. *See also* Mandate (docket no. 452). The Eighth Circuit directed that such further proceedings be "consistent with the Supreme Court's opinion in *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016)." Judgment at 1.

In *CRST Van Expedited, Inc.*, the Supreme Court reversed the Eighth Circuit's holding that a defendant may only be a "prevailing party" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, when the defendant obtains a favorable ruling on the merits. *See CRST Van Expedited, Inc.*, 136 S. Ct. at 1646. After the Supreme Court granted certiorari, the EEOC "abandoned its defense of the [Eight Circuit's] reasoning" and instead urged the Supreme Court "to hold that a defendant must obtain a preclusive judgment in order to prevail." *Id.* at 1653. The Supreme Court

declined to decide that question and expressed concern that the EEOC may have waived such argument. *Id*. The Supreme Court also noted that the parties contested whether the court's judgment was preclusive in nature. *Id*. Having resolved that it would not decide such issues, the Supreme Court left "these legal and factual issues for the Court of Appeals to consider in the first instance." *Id*. The Supreme Court further declined to find that failure to satisfy presuit obligations was not frivolous, unreasonable or groundless under the standard espoused in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978). *Id*. The Eighth Circuit did not invite additional briefing or argument on these questions on remand from the Supreme Court but instead remanded the case for further proceedings. *See* Judgment at 1; *see also* Mandate at 1.

The court finds that it is appropriate for the parties to submit additional briefing addressing the issues identified by the Supreme Court in *CRST Van Expedited, Inc*.[1] The

---

[1] The court notes that "[a] vacated opinion has no further force and effect." *Creighton v. Anderson*, 922 F.2d 443, 449 (8th Cir. 1990). "[A]n inferior court has no power or authority to deviate from the mandate issued by an appellate court." *United States v. Kennedy*, 682 F.3d 244, 252 (3d Cir. 2012) (quoting *Briggs v. Pa. R.R. Co.*, 334 U.S. 304, 306 (1948)). Here, the Eighth Circuit vacated the entirety of its previous opinion. *See* Judgment at 1 ("We vacate our prior panel opinion, *E.E.O.C. v. CRST Van Expedited, Inc.*, 774 F.3d 1169 (8th Cir. 2014), and remand the case to the district court for further proceedings consistent with the Supreme Court's opinion in *CRST Van Expedited, Inc., v. E.E.O.C.*, 136 S.Ct. 1642 (2016)."); Eighth Circuit Order (docket no. 450) at 1 ("[T]his court's judgment, dated December 22, 2014, is vacated, the mandate is hereby recalled, and the case is reopened."). Because that opinion is of no further force and effect, the court's original order regarding attorney's fees stands, save for those portions to be addressed on remand according to the Eighth Circuit's mandate. *See* Aug. 1, 2013 Order (docket no. 400). The court has no power to rehear or readjudicate the issues addressed in the August 1, 2013 Order not touched upon by the Mandate. *See Kennedy*, 682 F.3d at 252 ("Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded." (quoting Ex parte *Sibbald v. United*

(continued…)

parties are **DIRECTED** to brief the following issues: (1) whether a defendant must obtain a preclusive judgment in order to qualify as a "prevailing party" under Title VII; (2) whether the dismissal of claims pursuant to the EEOC's failure to fulfill presuit requirements constituted a "preclusive judgment"; and (3) whether the EEOC waived this argument by failing to raise it until the case reached the Supreme Court.[2] Accordingly, the court **ORDERS** the following briefing schedule:

(1) **No later than 30 days from the date of this Order**, CRST will submit a brief, **not to exceed twenty pages in length**, regarding the issues raised by the Supreme Court;

(2) **No later than 30 days after CRST files its brief**, the EEOC will submit a response to CRST's brief, **not to exceed twenty pages in length**; and

(3) **No later than 7 days after the EEOC files its response**, CRST will submit a reply brief, if any, **not to exceed five pages in length**.

In light of the foregoing, the Motion (docket no. 447) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

---

[1](…continued)
*States*, 37 U.S. 488, 492 (1838))). Because of the sweeping language of the Judgment and Mandate, the only issues before the court on remand are those upon which it shall request briefing.

[2] Although the Supreme Court declined to decide the issue of whether the EEOC's failure to satisfy its presuit obligations was frivolous, unreasonable or groundless, the court has already determined that such failure was frivolous, unreasonable or groundless in its August 1, 2013 Order. *See* Aug. 1, 2013 Order at 24-25. Nothing in the record has called into question the court's determination and therefore, in light of the Mandate and Judgment, there is nothing for the court to reconsider regarding its original determination on that issue.

**DATED** this 13th day of October, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA