IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 1:07-cv-00095-LRR |
| CRST VAN EXPEDITED, INC. | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S BRIEF ON ISSUES REMANDED BY THE SUPREME COURT**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| **Introduction** | | 1 |
| **I.** | **A Preclusive Judgment is Necessary in Order for a Defendant to Prevail Because only such a Judgment Can Materially Alter the Legal Relationship Between the Parties.** | 3 |
| **II.** | **The Judgment was Not Preclusive with Respect to the Individual Claims.** | **7** |
| **III.** | **EEOC has not Waived its Argument that a Preclusive Judgment is Required** | 10 |
| **IV.** | **Conclusion** | 13 |

The U.S. Supreme Court, in its decision in this case, reiterated its long standing test for awarding attorney's fees to prevailing defendants in employment discrimination cases: "district

1

courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. EEOC,* 136 S. Ct. 1642, 1646 (2016) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978)). The Court, however, rejected the Eighth Circuit rule that in order for a party to prevail, it must have obtained a favorable judicial determination on the merits. *EEOC v. CRST Van Expedited, Inc.,* 774 F.3d 1169, 1179 (8th Cir. 2014). The Supreme Court acknowledged the basis for the Eighth Circuit rule in the *Christiansburg* standard: "A merits-based disposition is necessary, the [Eighth Circuit] reasoned, because 'proof that a plaintiff's case is frivolous, unreasonable or groundless is not possible without a judicial determination of the plaintiff's case on the merits.'" *CRST*, 136 S.Ct. at 1650 (*quoting CRST*, 744 F.3d at 1179 (quotations and alterations omitted)). However, the Court held that "[c]ommon sense undermines the notion that a defendant cannot 'prevail' unless the relevant disposition is on the merits." *Id.* at 1651. It declined, however, to reach EEOC's arguments that a preclusive judgment was necessary for a prevailing party, or the alternative argument, that EEOC's position that it had satisfied its pre-suit obligations was not frivolous, unreasonable or groundless, an issue not resolved by the Eighth Circuit. *Id.* at 1653.

The Supreme Court and the Eighth Circuit have now directed this Court to resolve the issues of whether a judgment must be preclusive in order to support a claim as a prevailing defendant, of whether the judgment in this case was, in fact, preclusive, and of whether EEOC has waived those arguments. Unresolved by the Supreme Court and the Eighth Circuit is the question whether EEOC's lawsuit was frivolous, unreasonable, or without foundation under the *Christiansburg* standard. The "preclusion" questions and the *Christiansburg* issue provide entirely distinct and separate bases for EEOC's contention that CRST is not entitled to fees here.

2

Complying with this Court's directive of October 13, 2016, ECF No. 453, this brief addresses only the preclusion/waiver questions this Court identified in its order for supplemental briefing. Nevertheless, it remains the EEOC's position that the primary basis for denying CRST any fees here is CRST's failure to satisfy *Christiansburg*'s rigorous standard of "frivolous, unreasonable, or without foundation." *Christiansburg*, 434 U.S. at 421.

Addressing the preclusion/waiver questions, the EEOC respectfully submits 1) that a preclusive judgment is necessary in order for a defendant to be a prevailing party because the two cases decided by the Eighth Circuit since the Supreme Court's decision here addressing the issue have required a judgment which materially alters the legal relationship between the parties prior to a fee award, and that the rule is particularly applicable to a case decided under the *Christiansburg* standard; 2) that the judgment here dismissing EEOC's claims for failure to meet pre-suit requirements was not preclusive with respect to what this Court has characterized as 153 of EEOC's 154 individual claims, Order at p. 38, (Aug. 1, 2013), ECF No. 400, several of which proceeded after the decision barring EEOC's actions; and 3) EEOC did not waive the argument that a preclusive judgment was required for prevailing party status either when it successfully made the related argument, based on then controlling Eighth Circuit precedent, *CRST*, 136 S. Ct at 1650, that a judgment on the merits was required, or when it chose to appeal the underlying decision on the merits, and to file a motion under Fed. R. Civ. P 60(b), rather than to re-file the case following a new attempt to meet a standard for pre-suit requirements.

I. **A Preclusive Judgment is Necessary in Order for a Defendant to Prevail Because only such a Judgment Can Materially Alter the Legal Relationship Between the Parties.**

When the Eighth Circuit decided *Marquart v. Lodge 837, Machinists and Aerospace Workers,* 26 F.3d 842 (1994), the case that established the principle that fees are not appropriate

3

under *Christiansburg* absent a decision on the merits, the Eighth Circuit did not have the benefit of the Supreme Court's later decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598 (2001). *Buckhannon*, 532 U.S. at 605-606, held that to qualify as a prevailing party, a party must have achieved a material alteration of the legal relationship of the parties that is judicially sanctioned. After the Supreme Court decided *Buckhannon* in 2001, the Eighth Circuit continued to apply its merits/non-merits framework without considering whether *Buckhannon* had undermined the *Marquart* rule. Not until CRST petitioned the Supreme Court, challenging the Eighth Circuit's merits/non-merits framework in the narrow context of EEOC's satisfaction of Title VII pre-suit requirements, was there any reason for the EEOC to consider how to reconcile the policy considerations underlying *Marquart* with the legal standards the Supreme Court articulated in *Buckhannon*.

The policy considerations underlying *Marquart* and the legal standards established in *Buckhannon* are reconcilable under the rule that, to be entitled to attorney's fees, and particularly under the *Christiansburg* standard, a defendant must obtain a preclusive judgment. Without a preclusive judgment, a defendant cannot establish a material alteration in the relationship between the parties because the plaintiff can bring the same claims against the defendant again. The *Buckhannon* requirement that a judgment supporting a fee award must be a judicially-sanctioned change in the relationship between the parties is a less stringent requirement than the Eighth Circuit's former rule that such a judgment must be on the merits. But it is more stringent than a rule simply stating that any judgment in favor of defendant is sufficient.

CRST misleadingly states that the Supreme Court rejected EEOC's argument that a preclusive judgment is necessary for a defendant to be a prevailing party. *See* CRST Brief on Issues Remanded by the Supreme Court ("CRST Br.") at 2 ("the Court declined to accept the

4

EEOC's argument that only a preclusive judgment can render a defendant a prevailing party and instead suggested that a defendant prevails 'whenever the plaintiff's challenge is rebuffed.'"). The page of the Court's opinion that CRST cites is the portion of its decision that rejected the Eighth Circuit's merits/non-merits dichotomy. *See CRST*, 136 S. Ct. at 1651 ("This Court … now holds that a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'"). The Supreme Court did not state that "a defendant prevails 'whenever the plaintiff's challenge is rebuffed,'" but rather that "the defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed" and that "the defendant *may prevail* even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *Id.* (italics added).

The Supreme Court did not reject EEOC's argument; it did not reach it. *See CRST*, 136 S. Ct.. at 1653 ("The Court declines to decide" whether "a defendant must obtain a preclusive judgment in order to prevail"). Instead, the Court remanded that question to the Eighth Circuit, and the Eighth Circuit thereafter remanded it to this Court to decide. CRST misrepresents the Supreme Court's ruling in suggesting otherwise.

Since the decision of the Supreme Court here, the Eighth Circuit has cited it twice; both times holding that attorney's fees were inappropriate despite the defendant rebuffing the plaintiff's challenge. Neither case involved the *Christiansburg* standard for a fee award; in both cases, the test for an award of fees was less rigorous than that for defendants under Title VII.

In *U.S. v. $32,820.56 in United States Currency,* 838 F.3d 930 (8th Cir. 2016), a case cited by CRST, CRST Br., p. 2, the Court, citing both *Buckhannon* and this case, refused to find that a defendant who obtained a dismissal without prejudice of the United States' forfeiture action was a prevailing party. 838 F.3d at 935-36. Although attorney's fees under the Civil

5

Asset Forfeiture Reform Act ("CAFRA") do not require a defendant to prove the *Christiansburg* standard, but merely to show that she "substantially prevailed" in the case, the Court nonetheless affirmed the denial of fees where the dismissal without prejudice permitted the government to re-file the suit, should its policy guidance change. The decision was not preclusive, and was properly without prejudice. *Id.* at 937. The fact that the CAFRA claimant, analogous to a civil defendant, had won the case, and that the court had entered a dismissal, did not mean that she had substantially prevailed where there was no judicially sanctioned change in the relationship between the parties. *Id.* at 936. The holding is directly relevant to the facts here.[1]

Similarly, in *East Iowa Plastics, Inc. v. PI, Inc.,* 832 F.3d 899, 906 (8th Cir. 2016), an action seeking cancellation of a trademark, the Eighth Circuit reversed the granting of attorney's fees, citing the Supreme Court's decision here, where "[e]ach party brought virtually identical claims with respect to the same trademark, and neither was successful. . . . The Supreme Court has said that the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties… (internal quotation marks omitted)" *Id.* (quoting *CRST,* 136 S.Ct. at 1646). The counter-defendant, East Iowa Plastics, successfully rebuffed the counter-plaintiff's, P.I., Inc.'s, claims by obtaining their dismissal, but the Court did not allow fees because the legal relationship between the parties was not materially altered; both sides walked away with nothing.

Thus, the Eighth Circuit has made it clear in *$32,820.56 in U.S. Currency* and in *East Iowa Plastics* that it is not the rule that a defendant prevails for purposes of an attorney's fee award whenever the plaintiff's challenge is rebuffed. In both cases fees were denied despite the

---

[1] It is not clear how CRST's attempted distinction, that the dismissal was voluntary, unlike this case where EEOC resisted and appealed the dismissal, is significant. In either case, the plaintiff is not precluded from bringing the suit again.

fact that the plaintiff's claims had not succeeded. And *$32,820.56 in U.S. Currency*, 838 F.3d at 934, makes clear that not only must a defendant rebuff a plaintiff's challenge to be entitled to fees, but it must do so by way of a preclusive judgment. Without a preclusive judgment, the legal relationship between the plaintiff and defendant has not changed because the judgment does not preclude the plaintiff from suing again.

## II.     The Judgment was Not Preclusive with Respect to the Individual Claims.

The reason that a preclusive judgment should be required before an award of attorney's fees to a prevailing defendant is evident from the facts here. The Court barred EEOC from seeking relief at trial for women whose claims it found had not been individually investigated or conciliated by EEOC. This judgment did not change the legal status of those claims with respect to CRST's potential liability to the alleged victims of sexual harassment. The dismissed claims could be refiled by either the claimants or the EEOC.

An ongoing issue in this litigation has been whether EEOC brought one claim of hostile environment sexual harassment, or 154 individual claims. This Court has ruled, and the Eighth Circuit affirmed, that there were 154 individual claims of sexual harassment. *CRST,* 774 F.3d at 1179. Despite EEOC's objection, this is now the law of the case. Several of those claims were refiled after being dismissed by the Court.

The sixty-seven claims[2] dismissed for failure to satisfy pre-suit requirements were claims both of the EEOC and of the victims. Several of the claims for which EEOC was barred from seeking relief by the Court, Order at 39-40, (August 13, 2009), ECF No. 263, in fact proceeded

---

[2] EEOC has not argued that the individual grants of summary judgment in 87 of the claims, *see* Order, p. 10, n. 6 (August 1, 2013), ECF No. 400, were not preclusive with respect to those claims. Whether any of those claims were frivolous, unreasonable, or groundless, has not been determined by any court, and is not before the Court at this time. *See* Order at 2, n. 1, (Oct. 13, 2016), ECF No. 453.

7

following that Order.  Barbara Grant, Cindy Moffett, Latesha Thomas and Nicole Ann Cinquemano - all plaintiffs-intervenors - requested notices of right to sue and continued to litigate to successful resolution.  *See* Stipulations of Dismissal, ECF. Nos. 274, 275, 276, 277; Affidavit of Matt J. Reilly, ECF No. 389-2.  Diana Chester filed an individual suit on February 3, 2014.  Notice of Removal, *Chester v. CRST Van Expedited, Inc.,* N.D. Iowa, 14-CV-31 EJM, ECF No. 1-2.  CRST's argument that her claim was precluded by the *res judicata* effect of the Order in this case was rejected.  Order at 3, *Chester v. CRST Van Expedited, Inc.*, No. 14 cv 31 EJM, (Apr. 23, 2014), ECF No. 14 ("Here, Diana Chester's claim has not been reached on the merits").  Karen Shank, whose claim was dismissed by this Court as a discovery sanction, pursued her claim in the California state courts, resulting in a judgment of approximately $1,500,000.  *See Shank v. CRST Van Expedited, Inc.,* 2015 WL 176628 at * 1, 18, 125 Fair Empl. Prac. Cases (BNA) 1542, (Cal.App. 4 Dist. Jan. 14, 2015) (Not officially published).

The fact that the Order was not preclusive with respect to the claims when brought by the individual claimants is relevant to the question whether the Order significantly altered the legal relationship between the parties (and the success of those claims is obviously relevant to the *Christiansburg* determination), even though it does not answer the question of whether it was preclusive against the EEOC with respect to those claims.

CRST argues that the August 13, 2009 Order, ECF No. 263, was preclusive with respect to EEOC.  As EEOC argued in the Supreme Court, this is not correct.  A "judgment for the defendant which rests on the prematurity of the action, or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied."  Restatement § 20(2), at 170.  Ordinarily "[n]o more need be done" to bring a second action than "satisfy the precondition."  18A Charles Alan

8

Case 1:07-cv-00095-LRR-KEM    Document 458    Filed 12/09/16    Page 8 of 16

Wright et al., *Federal Practice & Procedure* § 4437 at 180 (additional citations omitted). This principle is consistent with the Supreme Court's decision in *Mach Mining v. EEOC,* 135 S. Ct. 1645 (2015), holding that the remedy for EEOC's failure to meet the statutory precondition of conciliation would be a stay, rather than dismissal, and with the Eighth Circuit's decision in *Sandy Lake Band of Mississippi Chippewa v. United States,* 714 F.3d 1098 (8th Cir. 2013). In *Sandy Lake*, cited by CRST, CRST Br., p. 4, for the proposition that collateral estoppel and issue preclusion may apply to non-merits decisions, the Court affirmed a finding of collateral estoppel with respect to a district court's finding of no jurisdiction for failure to exhaust administrative remedies, but directed that the judgment be without prejudice, because the plaintiff "may reassert the same claims that it alleged in *Sandy Lake I* but only after it exhausts its administrative remedies." *Id*. at 1103-04.

Thus, this Court's August 2009 ruling barring the EEOC from seeking relief at trial in the lawsuit filed in September 2007 had no preclusive effect against the EEOC concerning the allegations of these claimants, because the EEOC could have reopened the administrative process, completed the individualized investigation and issued cause findings that this Court held Title VII requires, and filed a new lawsuit. But the fact that this Court issued a ruling stating that Title VII required something different or more in the administrative process in no way altered the legal relationship between CRST and EEOC.

What the EEOC does during the administrative process does not affect legal rights. In cases where the EEOC decides to file a lawsuit, the administrative process becomes a statutory prerequisite. But in all other respects, the administrative process offers a non-litigation vehicle for resolving many charges. The administrative process, itself, has no ability to alter the legal relationships between the EEOC and a respondent employer or between a charging party and a

respondent employer.  Thus, neither this Court's August 2009 order nor the subsequent final judgment precluded the EEOC from reopening the administrative process, completing the administrative prerequisites to suit for these 67 women, and filing a new lawsuit seeking relief for these sexual harassment victims.  CRST's arguments to the contrary are simply incorrect.  *Sandy Lake,* 714 F.3d at 1103-04.   The fact that the EEOC chose not to do so is not evidence that such an option was unavailable to the Commission.  EEOC has consistently challenged the rulings with respect to its pre-suit requirements on the merits by direct appeal, by a motion pursuant to Fed. R. Civ. P. 60(b), and by arguing in opposition to CRST's attorney's fees request that CRST cannot meet the *Christiansburg* standard because EEOC's position is not frivolous, but rather is meritorious.  Taking that strategy, as opposed to a strategy of attempting to re-address the requirements of investigation and conciliation and beginning the lawsuit anew, was not a concession that it could not have done so.

CRST argues that the Court's ruling has a collateral estoppel effect with respect to EEOC's allegations of a pattern or practice case.[3]  However, the pattern or practice allegations were not a "claim" on which fees may be assessed.  *CRST,* 774 F.3d at 1179.  Although the Eighth Circuit decision so holding has been vacated, its reasoning remains persuasive.  The claims for which EEOC was barred from seeking relief remained viable and could have been filed again after satisfying the pre-suit requirements.

## III. EEOC has not Waived its Argument that a Preclusive Judgment is Required

EEOC does not dispute that it did not argue prior to the Eighth Circuit decision in 2014 that a preclusive, as opposed to a merits, judgment was necessary in order for a defendant to be a

---

[3] CRST's argument at page 4 of its brief, that a preclusive judgment is not required, but one with collateral estoppel, or preclusive effect, is sufficient, makes no sense; they are the same thing.  "The term "collateral estoppel" comprehends a variety of more specific doctrines including issue preclusion." *Robinette v. Jones,* 476 F. 3d 585, 589 (8th Cir. 2007).

prevailing party under *Christiansburg*. A party is not obligated to anticipate a future Supreme Court reversal on a clear and long-standing circuit standard. Nor is a party obligated to produce arguments to support the existing standard. To the contrary, a party is entirely within its rights to accept clear, longstanding circuit precedent as circuit law. That EEOC was entitled to do so here is supported by the fact that the Eighth Circuit unanimously adopted the EEOC's arguments in its December 2014 decision, and the Supreme Court acknowledged that the precedent was binding in the Eighth Circuit. *CRST*, 136 S.Ct. at 1650. Moreover, CRST did not challenge the Eighth Circuit's dismissal of claims for failure to meet administrative prerequisites on the merits requirement until it filed its petition for certiorari. In the Eighth Circuit, CRST argued that it had satisfied the requirement, not that it was wrong. *CRST*, 774 F.3d at 1181. EEOC first made its argument that a preclusive judgment is required for a fee award under *Christiansburg* in its response brief in the Supreme Court, after the Court had accepted *certiorari* on the issue of the Eighth Circuit precedent. EEOC argued in its first successful appeal of the fee award that CRST was not a prevailing defendant within the meaning of *Christiansburg,* based on the merits of the case. In its second appeal, EEOC argued that CRST was not a prevailing party because it had not prevailed on the merits, by implication meaning it had not obtained a preclusive judgment. Its argument in the Supreme Court that CRST was not a prevailing party because it had not obtained a preclusive judgment was completely consistent with its prior arguments.

   The close relationship between the two arguments was made explicit in the recent Eighth Circuit fee decision cited by CRST, *$32,820.56 in U.S. Currency*, 838 F. 3d at 936, rejecting fees where the judgment was without prejudice and therefore not preclusive: "A defendant need not prevail *on the merits* to be a prevailing party, *CRST Van Expedited, Inc. v. EEOC* (citation omitted), but we see no basis in the text of CAFRA or other authority to say that a CAFRA

11

claimant, even if analogous to a civil defendant, may recover fees without any judicially sanctioned change in the relationship between the parties." (Emphasis in original). The Eighth Circuit thus acknowledges that the result of the Supreme Court's ruling was not to eliminate the requirement for a preclusive judgment which constituted a judicially-sanctioned change in the relationship between the parties. EEOC has consistently argued that CRST is not entitled to fees under *Christiansburg,* in part because it did not receive a judgment which was on the merits, or with prejudice, or preclusive.

CRST argues that EEOC has characterized the 2009 judgment as a final appealable order, and that EEOC agreed to the final dismissal in 2013 as "with prejudice" as admissions that the judgment was preclusive. This is simply incorrect. There is no dispute that the August 2009 judgment, silent as to whether it was with or without prejudice, was a final appealable order. The February 8, 2013 dismissal "with prejudice," ECF No. 380, was based on three reasons for the dismissal: the Eighth Circuit affirmance of portions of the August, 2009 order; EEOC's withdrawal of the claim of Tillie Jones; and the settlement of the claim of Monika Starke. *See* Order, p. 12, (August 1, 2013), ECF No. 400. These characterizations make no admissions that the judgment was with prejudice, a question which was irrelevant until the Supreme Court's mandate. If, in fact, EEOC's argument that *Mach Mining* controls and the decision that EEOC had failed to meet the pre-suit requirements could not be preclusive is correct, then the Court could not have entered the judgment "with prejudice." *See Sandy Lake,* 714 F.3d at 1103-04. Similarly, that EEOC did not, in fact, recommence the action was no admission that it could not. *See $32,820.56 in U.S. Currency*, 838 F.3d at 936-37. And that EEOC based its appeal of the fee award on binding Eighth Circuit precedent, similarly says nothing about whether the underlying

12

judgment was with or without prejudice.  That question is one of law: whether the judgment as entered was preclusive.  The record is complete with respect to that issue.

## IV. Conclusion

If the Court accepts EEOC's argument that a prevailing defendant must obtain a preclusive judgment in order to be a prevailing party for purposes of the statute, that the judgment at issue was not preclusive, and that the argument has not been waived, then it must find that CRST did not prevail, and vacate the award of fees.  Only if it answers one or more of the questions in CRST's favor, may the August, 2013 fee award be reinstated, as CRST requests.

In neither of the two prior appeals of this Court's fee award has the Eighth Circuit considered whether the standard for awarding attorney's fees to a prevailing defendant was met in this case where the basis for the award was the finding that the Commission had failed to meet its pre-suit requirements.   The Supreme Court also declined to reach that issue, which will need to be decided, if the August 1, 2013 order is confirmed, before any final resolution of this "second major litigation."

EEOC acknowledges the Court's directive that it has ruled on the underlying *Christiansburg* issue, and will not revisit it here.  Order at 2-3, n. 1, ECF No. 453.  EEOC respectfully suggests, however, that the authority cited by the Court does not preclude reconsideration of issues which were raised below but not decided by the appellate courts.  In *Creighton v. Anderson,* 922 F.2d 443, 445-46, 449 (8th Cir. 1990), a case where the Supreme Court and the Eighth Circuit had remanded the suit to the district court to redetermine the question of qualified immunity of certain police officers, the Eighth Circuit held that its rulings in the prior decision which had been vacated by the Supreme Court had no further effect.  It, however, affirmed the district court's discovery orders following the remand, where the

13

discovery issues had not been resolved in the Supreme Court's opinion. *Id.* at 451. Similarly, in *United States v. Kennedy,* 682 F.3d 244, 253 (3rd Cir. 2012), a criminal case which had been remanded for resentencing, the appellate court criticized the district court for exceeding the mandate by reconsidering a jury instruction which had not been the subject of appeal. It acknowledged, however, that it was proper for the district court to reconsider issues which were relevant to sentencing. *Id.* at 253-54. Here, pursuant to the Orders of the Eighth Circuit, 6-22-16 and 6-28-16, the case was explicitly reopened. Although this Court has resolved the *Christiansburg* issue, EEOC's appeals on that issue have not been reached in either of the Eighth Circuit's decisions remanding the fee award. The Supreme Court expressly declined to reach the issue: "In light of this case's intricate procedural history, … this is not an appropriate case to reach and settle this fact-sensitive issue" *CRST,* 136 S.Ct at 1653.

EEOC therefore respectfully requests that if the Court finds CRST to be the prevailing party on the claims dismissed for failure to meet administrative requirements, it reconsider its directive and permit EEOC to move for reconsideration of the Court's Order allowing fees, ECF No. 400, based on the developing case law since May, 2012, when the Eighth Circuit affirmed this Court's ruling on the merits: *Mach Mining, LLC v. EEOC,* 135 S. Ct. 1645 (2015); *EEOC v. Bass Pro Outdoor World, LLC.,* 826 F.3d 791 (5th Cir. 2016); *EEOC v. The Geo Group, Inc.,* 816 F.3d 1189 (9th Cir. 2016); *EEOC v. Sterling Jewelers,* 801 F.3d 96 (2nd Cir. 2015); and *Serrano v. Cintas Corp.,* 699 F.3d 884 (6th Cir. 2012).

For the foregoing reasons EEOC respectfully requests that the Court hold 1) that a defendant must obtain a preclusive judgment in order to qualify as a "prevailing party" under Title VII; 2) that the dismissal of claims pursuant to the EEOC's failure to fulfill pre-suit requirements did not constitute a "preclusive judgment;" and 3) that the EEOC did not waive this

14

argument by failing to raise it until the case reached the Supreme Court. Following such holdings, the EEOC respectfully requests that CRST's Petition for Attorney's Fees be denied. In the alternative, EEOC respectfully requests that the Court reconsider its directive of October 13 2016, and grant EEOC leave to file a Motion for Reconsideration of the August 1, 2013 Order awarding fees, based on developments in the law since that time.

                                      Respectfully submitted,

**December 9, 2016**                    ***s:/Jean P. Kamp***
                                      Jean P. Kamp
                                        Associate Regional Attorney

                                        Ann Henry
                                        Senior Trial Attorney

                                        Jeanne Szromba
                                        Senior Trial Attorney

                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                        Chicago District Office
                                        500 West Madison Street- Suite 2000
                                        Chicago, Illinois 60661
                                        *Telephone*: (312) 869-8113
                                        *Email:* jean.kamp@eeoc.gov

# CERTIFICATE OF SERVICE

Jean P. Kamp, an attorney, hereby certifies that on December 9, 2016, she electronically filed **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S BRIEF ON ISSUES REMANDED BY THE SUPREME COURT** using the CM/ECF system which will send notification of such filing to the following counsel of record:

> John Mathias, Jr
> James T. Malysiak
> Jenner & Block LLP
> 330 N. Wabash Avenue
> Chicago, IL 60611-7603
> Tel (312) 923-2736
> Fax (312) 840-7736
> jmathias@jenner.com
> jmalysiak@jenner.com
>
> Kevin J. Viser
> Thomas D. Wolle
> Simmons, Perrine, Moyer & Bergman, P.L.C.
> 115 3rd Street, SE Suite 1200
> Cedar Rapids, IA 52401-1266
> Tel (319) 366-7641
> Fax (319) 366-1917
> kviser@simmonsperrine.com
> twolle@simmonsperrine.com
>
> Jeffrey R. Tronvold
> Matthew Riley
> Eels & Tronvold Law Offices PLLC
> 921 51st Street, NE
> Cedar Rapids, IA 52402
> Tel (319) 393-1020
> Fax (319) 393-4000
> jeff@eells-tronvold.com
> matt@eels-tronvold.com

> *s/Jean P. Kamp*
> Jean P. Kamp
> Associate Regional Attorney