IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>        v.<br><br>CRST VAN EXPEDITED, INC.,<br><br>        Defendant. | Case No. 1:07-cv-0095-LRR |

**DEFENDANT CRST VAN EXPEDITED, INC.'S REPLY BRIEF
ON ISSUES REMANDED BY SUPREME COURT**

The Equal Employment Opportunity Commission's arguments on the three remanded issues have no merit.

### I. Is a Preclusive Judgment Required To Qualify as a "Prevailing Party"?

Just as a non-merits decision in the defendant's favor can satisfy the *Buckhannon*[1] "material alteration" standard for deciding the prevailing party issue, a decision without *res judicata* effect that resolves important issues in the parties' dispute also satisfies that standard.

First, the EEOC fails to refute CRST's argument that this Court's and the Eighth Circuit's rulings on the EEOC's statutory pre-suit obligations and this Court's summary-judgment ruling on the EEOC's pattern-or-practice allegations bind the EEOC through both *stare decisis* and issue preclusion. Those core rulings materially altered the relationship between the EEOC and CRST.

With respect to pre-suit requirements, the EEOC concedes that if *res judicata* does not apply, it could refile the 67 claims in questions *only after* "reopen[ing] the administrative process, complet[ing] the individualized investigation and issu[ing] cause findings that this Court held Title

---

[1] *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).

VII requires. . . ." (EEOC Br. 9.) That highly individualized administrative process differs fundamentally from the minimal administrative steps that the EEOC argued for in this Court and the Eighth Circuit: that the EEOC's investigation, reasonable cause determination, and conciliation of its Starke claim authorized the EEOC to litigate 269 other individual claims against CRST.

The EEOC also argues that collateral estoppel cannot apply to its pattern-or-practice allegations because they do not constitute a separate "claim." (EEOC Br. 10.) But collateral estoppel or issue preclusion applies to factual or legal *issues*, such as pattern or practice, not to *claims*. *See Finstad v. Beresford Bancorporation, Inc.*, 831 F.3d 1009 (8th Cir. 2016).[2]

Second, the EEOC complains about a supposed CRST contention that the Supreme Court "rejected" the EEOC's new argument for a preclusion requirement. (EEOC Br. 4-5.) CRST makes no such contention. CRST instead argues that, while the Supreme Court did not "decide" EEOC's preclusive judgment argument, it also did not "accept" it. (CRST Br. 1-2.) Moreover, the Supreme Court's reasons for rejecting the "merits" requirement apply equally to a "preclusion" requirement. The Supreme Court found no basis for *categorically* barring a defendant from an attorney's fee award as the prevailing party merely because it did not win on the merits. *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1652-53 (2016). The same logic supports rejecting an inflexible preclusion requirement. While some non-preclusive judgments may not justify awarding fees to the defendant, other such judgments may require a fee award to fulfill Congress's purpose. Here, for instance, the EEOC unreasonably required CRST to litigate these 67 claims and the pattern-or-

---

[2] The EEOC's denial that collateral estoppel (issue preclusion) differs from claim preclusion (EEOC Br. 10 n.3) is clearly wrong. The Supreme Court has distinguished claim preclusion from "issue preclusion, long called 'collateral estoppel' (an issue of fact or law, actually litigated and resolved by a valid final judgment, binds the parties in a subsequent action, whether on the same or a different claim) . . . ." *Baker v. General Motors Corp.*, 522 U.S. 222, 233 n.5 (1998).

practice issue at great cost based upon the EEOC's misrepresentation to the Court that the EEOC had valid grounds for 270 individual claims against CRST.

Third, the EEOC cites two recent Eighth Circuit decisions that did not even address the preclusion issue. In *U.S. v. $32,820.56 in United States Currency*, Nos. 15-2622 and 15-2624, 2016 U.S. App. LEXIS 17693 (8th Cir. Sept. 30, 2016), discussed in CRST's brief at pp. 2-3, the issue was whether a defendant is the prevailing party in a civil forfeiture case when the plaintiff *voluntarily dismisses* its case without prejudice. *See id*. at *14-15. The EEOC's argument (EEOC Br. 6 n.1) that there is no difference between voluntary and involuntary dismissals for purposes of a fee award is clearly wrong. As the Eighth Circuit noted in *$32,820.56*, *Buckhannon* requires a "judicially sanctioned change in the relationship between parties." *Id*. at *13. A voluntary dismissal as in *$32,820.56* is not "judicially sanctioned." Here, in contrast, these 67 claims were *involuntarily* dismissed by this Court's August 13, 2009 Order (Doc No. 263).

The EEOC also relies on *E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899 (8th Cir. 2016), a trademark case, even though the parties in that case "brought virtually identical claims . . . and neither was successful." *Id*. at 906. "Where the parties achieve a dead heat, we don't see how either can be declared the 'prevailing party.'" *Id*. at 907. There was no "dead heat" here on pre-suit requirements or pattern or practice. CRST won both issues conclusively.

**II.  Was the Dismissal of EEOC's Claims for Pre-Suit Failure a "Preclusive Judgment?"**

The EEOC provides no reason for finding that this Court's Judgment dismissing these 67 claims "WITH PREJUDICE" was actually "without prejudice."

First, the EEOC erroneously argues that the Judgment is not preclusive with respect to the EEOC's claims because it did not bar claims by *individuals* for whom the EEOC sought relief in this case. (EEOC Br. 7-8.) But the EEOC was not a party in those individual actions, and the EEOC has stressed that it is the *only* plaintiff in this case. The Eighth Circuit adopted the EEOC's

argument and distinguished the EEOC's claims on behalf of individuals from those individuals' own claims. *See EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 680-682 (8th Cir. 2012).

Second, the EEOC also characterizes as irrelevant (EEOC Br. 12) this Court's August 13, 2009 Dismissal Order which "bars" the EEOC from further pursuit of these 67 claims, and this Court's February 11, 2013 Judgment which states that the EEOC's claims are dismissed "WITH PREJUDICE." (Doc. Nos. 263, 381.) But the EEOC cannot escape the fact that the Judgment, to which the EEOC stipulated, states that "all" EEOC claims in this case, including these 67 claims, were dismissed "with prejudice." The EEOC also offers no reason—there is none—why it moved under Rule 60(b)(6) to vacate a supposedly non-preclusive judgment.

Third, the EEOC relies on the *Restatement 2d of Judgments* § 20(2) in arguing that dismissal for failure to satisfy a precondition "ordinarily" does not preclude filing a second action once the precondition has been satisfied. (EEOC Br. 8.) But the EEOC ignores Comment n which states that this principle is not "inflexible" and "[i]n some instances . . . it would be plainly unfair to subject the defendant to a second action." The EEOC also cites Wright et al., *Federal Practice & Procedure* § 4437 (EEOC Br. 9), but fails to quote the statement relevant here: "Circumstances of flagrant procedural delict, finally, can be met by special rules of preclusion that rest on the particular unfairness of allowing a second action in an individualized setting." That is precisely what occurred here. Because the EEOC misrepresented to the Court before major discovery began that the EEOC had obtained evidence through its administrative investigation of "massive" sexual harassment at CRST,[3] CRST was required to engage in extensive, costly litigation over claims that should not have been filed. This Court therefore had the authority to dismiss these 67 claims with prejudice because the EEOC had "wholly abdicated" its administrative obligations (Doc. No. 263

---

[3] "What we identified here in the beginning was what we believe is a massive problem of sex harassment created by the policies that CRST uses towards its employees. . . ." (EEOC argument, Tr. Nov. 12, 2008 Hrg. at 20-21, attached as Exhibit A.)

4

at 38 n.24), and the Eighth Circuit affirmed the dismissal because the EEOC "wholly failed to satisfy its statutory pre-suit obligations as to these 67 women." 679 F.3d at 677.

### III. Has the EEOC Waived Its New Preclusion Argument?

The EEOC erroneously contends that it did not waive its preclusion argument because it relied on the Eighth Circuit's "on the merits" requirement and had no reason to argue as well for a preclusion requirement. (EEOC Br. 10-13.) But the EEOC did not argue for an "on the merits" requirement in its brief opposing CRST's first fee request (Doc. No. 295) or on appeal from this Court's fee award (Ex. B, EEOC 2010 8th Cir. Br. pp. 92-96). To the contrary, the EEOC viewed this Court's pre-suit requirements dismissal as a "merits determination." (*Id*. at 93.) In opposing CRST's second fee request, the EEOC did argue for a "merits" requirement, but this Court held that the pre-suit requirements issue is a merits issue (Doc. No. 400 at 19-21). The "merits" requirement was contested on appeal before the Supreme Court repudiated it. So arguing the "merits" issue did not absolve the EEOC of its obligation to expressly make all arguments, and in particular its preclusion argument, that it believed would defeat CRST's fee request.

EEOC also argues that its preclusion argument was implicit in its "on the merits" argument (EEOC Br. 11), but its Supreme Court brief states to the contrary that "some judgments 'not passing directly on the substance of the claim' also have claim-preclusive effect." (Ex. C, EEOC Supr. Ct. Br. 29.) Thus, to avoid waiver, the EEOC was required to make an explicit "preclusion" argument from the outset, but it did not do so until this case reached the Supreme Court.

### CONCLUSION

Therefore, CRST asks the Court to confirm its August 1, 2013 award (Doc. No. 400).

Dated: December 16, 2016                                                      Respectfully submitted,

                                                                                /s/ John H. Mathias, Jr.
                                                                                One of Defendant's Attorneys

| | |
|---|---|
| Kevin J. Visser | John H. Mathias, Jr. |
| Thomas D. Wolle | James T. Malysiak |
| Simmons, Perrine, Moyer & | Jenner & Block LLP |
|  Bergman, P.L.C. | 353 N. Clark Street |
| 115 Third Street SE, Suite 1200 | Chicago, IL 60654 |
| Cedar Rapids, IA 52401 | (312) 222-9350 |
| (319) 366-7331 | |

*Counsel for Defendant*
*CRST Van Expedited, Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that on December 16, 2016, I electronically filed the foregoing **DEFENDANT CRST VAN EXPEDITED, INC.'S REPLY BRIEF ON ISSUES REMANDED BY SUPREME COURT** with the Clerk of the United States District Court, Northern District of Iowa, Cedar Rapids Division, using the ECF system, which will send notification of such filing to:

Brian C. Tyndall, Esq.
Equal Employment Opportunity Commission
Milwaukee District Office
310 West Wisconsin Avenue- Suite 800
Milwaukee, WI 53203
brian.tyndall@eeoc.gov

Nicholas J. Pladson
Equal Employment Opportunity Commission
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
nicholas.pladson@eeoc.gov

Jean P. Kamp
Equal Employment Opportunity Commission
Chicago District Office
500 W. Madison Street, Suite 2000
Chicago, Illinois 60661
jean.kamp@eeoc.gov

Kevin J. Visser
Thomas D. Wolle
Simmons, Perrine, Moyer
   Bergman, PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401-1266
kvisser@simmonsperrine.com
twolle@simmonsperrine.com

Ann Henry
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
ann.henry@eeoc.gov

Jeanne Szromba
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
jeanne.szromba@eeoc.gov

                                          /s/ John H. Mathias, Jr.
                                          One of Defendant's Attorneys