**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | | |
| Plaintiff, | | No. 07-CV-95-LRR |
| vs. | | **ORDER** |
| CRST VAN EXPEDITED, INC., | | |
| Defendant. | | |

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.   RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . *1*

*III.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
  *A.   Timeliness* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
  *B.   Fees Requests* . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

*IV.   CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*I. INTRODUCTION*

The matter before the court is Defendant CRST Van Expedited, Inc.'s ("CRST") "Motion for a Supplemental Fee Award" ("Motion") (docket no. 455).

*II. RELEVANT PROCEDURAL HISTORY*

The factual underpinnings of the sexual harassment and retaliation allegations underlying this litigation have been well-documented by the court and appellate courts. *See, e.g.*, *CRST Van Expedited, Inc. v. E.E.O.C.*, ___ U.S. ___, 136 S. Ct. 1642 (2016); *E.E.O.C. v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012). On August 1, 2013, this court entered an Order, awarding costs and attorneys' fees to CRST in the

amount of $4,694,442.14. *See* August 1, 2013 Order (docket no. 400) at 40. Plaintiff Equal Employment Opportunity Commission ("EEOC") appealed this court's fee award, and the Eighth Circuit Court of Appeals reversed and remanded several fee issues for further proceedings. *See E.E.O.C. v. CRST Van Expedited, Inc.*, 774 F.3d 1169, 1185 (8th Cir. 2014). The Eighth Circuit stated that, on remand, the court "must individually assess each of the claims for which it granted summary judgment to CRST on the merits and explain why it deem[ed] a particular claim to be frivolous, unreasonable, or groundless." *Id*. The Eighth Circuit also stated that, under Eighth Circuit precedent at the time, CRST was not a prevailing party entitled to a fee award as to sixty-seven of the EEOC's claims because the court's dismissal of those claims for failure to fulfill presuit obligations was not a merits decision. *Id*. at 1181.

On remand, this court directed the parties to brief the issues remanded by the Eighth Circuit. *See* May 19, 2015 Order (docket no. 410) at 1. In particular, this court stated that the briefs must contain "a detailed breakdown of each individual claim for which CRST requests attorneys' fees and costs" and "an analysis of how each individual claim constitutes a 'frivolous, unreasonable, or groundless' claim." *Id*. On July 31, 2015, CRST filed its brief ("CRST Remand Brief") (docket no. 416) exhaustively detailing, over the course of approximately 170 pages, the reasons why it viewed each individual claim as frivolous, unreasonable or groundless. *See generally* CRST Remand Brief. On September 15, 2015, the EEOC filed its brief ("EEOC Remand Brief") (docket no. 423), arguing that the claims were not frivolous, unreasonable or groundless for four broad reasons, and organizing the individual women under these reasons. *See, e.g.*, EEOC Remand Brief at 36-42.

Prior to CRST filing the CRST Remand Brief, on July 10, 2015, the EEOC filed a "Motion for Relief from Judgment Pursuant to Rule 60(b)(6)" ("Rule 60(b) Motion") (docket no. 414). In the Rule 60(b) Motion, the EEOC argued that the court should grant it post-judgment relief as to the sixty-seven claims dismissed for failure to comply with

2

presuit requirements, revive the claims and set the matter for trial based on the Supreme Court's decision in *Mach Mining, LLC v. EEOC*, ___ U.S. ___, ___, 135 S. Ct. 1645 (2015). *See* Rule 60(b) Motion at 2-3. In particular, the EEOC argued that *Mach Mining* constituted a change in the law following this court's dismissal of the sixty-seven claims for failure to fulfill presuit requirements and that other circumstances existed to justify such post-judgment relief. *See generally* Brief in Support of the Rule 60(b) Motion (docket no. 414-1). On December 14, 2015, the court issued an Order (docket no. 441) denying the Rule 60(b) Motion. *See* December 14, 2015 Order at 8. The court found that *Mach Mining* did not constitute a change in the law as it pertained to this case because *Mach Mining* forbids courts from "inquiring into the sufficiency of the conciliation process itself," which the court did not do in the instant action. *Id.* at 5. Instead, the court "found that no investigation or conciliation with respect to the [sixty-seven] individual claims occurred at all." *Id.* Furthermore, the court found that *Mach Mining*'s holding was limited to those circumstances where a district court found investigation and conciliation were insufficient, and did not explicitly address the question of whether a dismissal or stay of proceedings was the appropriate remedy where, as here, a district court found that the EEOC wholly failed in its statutory presuit obligations. *Id.* The court further found that there were no "extraordinary circumstances" warranting Rule 60(b) relief. *Id.* at 6-8.

Meanwhile, CRST appealed the Eighth Circuit's ruling and the Supreme Court granted certiorari. *See* Writ of Certiorari (docket no. 438). On appeal to the Supreme Court, the EEOC "abandoned its defense of the [Eighth Circuit's] reasoning" and instead urged the Supreme Court to adopt a rule "that a defendant must obtain a preclusive judgment in order to prevail" for purposes of attorneys' fees. *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. at 1653. The Supreme Court reversed the Eighth Circuit and remanded the case for further proceedings. *Id.* at 1646. On June 20, 2016, the Supreme Court entered judgment on its opinion. On June 28, 2016, the Eighth Circuit entered a Judgment ("June 28, 2016 Judgment") (docket no. 451), vacating its prior panel opinion

3

and remanding to the court for further proceedings. *See* June 28, 2016 Judgment at 1. The court ordered briefing on the issues remanded by the Supreme Court and, on September 22, 2017, entered an Order (docket no. 462) finding that CRST was the prevailing party as to the sixty-seven claims at issue, that the sixty-seven claims met the standard announced in *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978) and making individualized findings as to seventy-eight of the individual claimants for which the court granted CRST summary judgment. *See generally* September 22, 2017 Order. Ultimately, the court awarded $1,860,127.36 in attorneys' fees, out-of-pocket expenses and taxable costs to CRST. *See id.* at 82.

On November 18, 2016, CRST filed the Motion. On December 19, 2016, the EEOC filed a Resistance (docket no. 460). On December 29, 2016, CRST filed a Reply (docket no. 461). Neither party requests oral argument on the Motion and the court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

### III. ANALYSIS

In the Motion, CRST requests a supplemental fee award in the amount of $975,439.76. *See* Motion at 2. This fee award consists of attorneys' fees for work performed in this case following the court's August 1, 2013 Order. In particular, CRST requests fees for the following: (1) "CRST's briefs, oral argument, and rehearing petition in the [EEOC's] appeal to the Eighth Circuit" from the August 1, 2013 Order; (2) "CRST's petition for certiorari, briefs, and oral argument in the Supreme Court resulting in reversal of the Eighth Circuit's" opinion vacating the August 1, 2013 fee award; (3) CRST's brief resisting the Rule 60(b) Motion; and (4) "CRST's briefs on remand as required by the Eighth Circuit's now vacated decision with respect to the fees awarded for claims dismissed on summary judgment." *Id.* at 1. The EEOC argues that CRST's

4

application for fees is untimely[1] and that CRST cannot demonstrate that any of the actions that the EEOC took with respect to the requested categories of fees were frivolous, unreasonable or groundless. *See* Resistance at 4-13. The EEOC further argues that the fees sought by CRST are unreasonable. *See id.* at 13-16.

### A. Timeliness

Federal Rule of Civil Procedure 54(d)(2)(B) states that, "[u]nless a statute or court order provides otherwise," a motion for attorneys' fees must, among other things, "be filed no later than [fourteen] days after the entry of judgment." The EEOC argues that all of the requests in the Motion are untimely because the Motion was filed more than fourteen days after each of the relevant judgments. *See* Resistance at 4. The EEOC concedes that CRST should not be held to the judgment associated with the Eighth Circuit's opinion vacating the court's fee award. *See id.*; *see also* December 22, 2014 Judgment (docket no. 407) at 1. The EEOC admits that it would have been "absurd" to require CRST to file its application for attorneys' fees related to the December 22, 2014 Judgment within fourteen days of that date because "the EEOC's appeal was successful in reversing the entire fee award that it challenged on appeal . . . [and] CRST was not the prevailing party." *Id.* However, the EEOC points out that, even assuming that the fourteen-day period began to run as of the June 28, 2016 Judgment, the Motion was still filed over 120 days late. *Id.* The EEOC similarly argues that the fee requests associated with the Supreme Court proceedings[2] and Rule 60(b) Motion[3] are untimely. *Id.* at 5. CRST argues that its request

---

[1] The court notes that the EEOC makes a related argument that the Motion was untimely because there was "no order in effect granting CRST attorney's fees" when the Motion was originally filed, because the Eighth Circuit vacated the court's fee award. *See* Resistance at 3. However, the court has determined that a fee award is appropriate in the September 22, 2017 Order, this argument is moot and the existing award may be supplemented if appropriate.

[2] The EEOC calculates the time period for filing the fees application from the date
(continued…)

5

is timely because it is a supplemental motion for a fee award that has been remanded to the court for further consideration. *See* Reply at 1.

Initially, the court notes that CRST has cited no authority supporting its conclusion that the court may ignore the plain dictates of Rule 54. Instead, CRST merely states that appeals in this case have been completed and "the fees issue has now returned to th[e] [c]ourt to decide the three remanded issues and whether to confirm the [c]ourt's August 1, 2013 fee award." Reply at 1. The court is unaware of any binding precedent that would require or permit the court to now entertain the claim for attorneys' fees.

Other courts considering the timeliness of supplemental fee awards have adopted a "reasonableness" standard for determining whether a motion for supplemental fees is appropriate. *See, e.g.*, *Taylor v. USF-Red Star Express, Inc.*, 212 F. App'x 101, 112 (3d Cir. 2006) ("Notice is a greater concern in initial motions for attorney's fees than it is in supplemental motions, and courts considering the timeliness of supplemental motions have allowed those motions to be filed as long as their timing was reasonable."); *Zoroastrian Ctr. & Darb-E-Merh of Metro. Wash, D.C. v. Rustam Guiv Found.*, ___ F. Supp. 3d ___, 2017 WL 1129940, at *9 (E.D. Va. 2017) (collecting cases and adopting a reasonableness rule for determining the timeliness of supplemental fee requests); *Gonzalez v. Bratton*, 247 F. Supp. 2d 432, 434-35 (S.D.N.Y. 2003) (considering an untimely supplemental motion for attorneys' fees on the grounds that the defendants were aware of the issues on appeal,

---

²(…continued)
that the Supreme Court issued its opinion. *See* Resistance at 5. However, because Rule 54(d)(2)(B) makes reference to "entry of judgment," the proper date to consider is June 20, 2016, when the Supreme Court entered judgment on its opinion. In either case, however, the Motion was filed over 130 days late under Rule 54.

³ Rule 58(c)(1) dictates that judgment on the Rule 60(b) Motion was entered on December 14, 2015. *See* Fed. R. Civ. P. 58(a)(5), (c)(1) (stating that judgment is entered when the order ruling on a Rule 60 motion is filed on the docket). Therefore, fees associated with the Rule 60(b) Motion are well over 300 days late under Rule 54.

6

the fees were caused in part by the defendants' own dillatory conduct, the court had cautioned the defendants that such conduct would generate further attorneys' fees and the plaintiff's failure to comply with the deadline was a result of excusable neglect). Those courts have reasoned that the adoption of a reasonableness rule "preserves the right for the [c]ourt to deny a claim if it is inexcusably delayed but avoids unjustifiably imposing the hard deadline of Rule 54" to supplemental fee demands. *Zoroastrian Ctr.*, 2017 WL 1129940, at *9.

However, under either standard, the court finds the Motion to be untimely. As the court has already noted, the Motion was filed more than 120 days after the latest final judgment for which CRST requests attorneys' fees. While this certainly runs afoul of Rule 54's fourteen-day time limit, the court also finds such delay to be unreasonable. CRST has provided no justification for filing its Motion so long after judgments were entered in this case. If CRST desired to apply for attorneys' fees in this case, it could have easily moved for an extension of time to apply for such fees—a procedure that CRST was undoubtedly familiar with, as it previously made a similar request in this litigation. *See* Fed. R. Civ. P. 54(d)(2)(B) (stating that the time for filing an application for fees may be extended by court order); *see also, e.g.*, Defendant's Unopposed Motion for One-Week Extension to File Its Attorney's Fees Petition and Bill of Costs (docket no. 382). Accordingly, as to the fees related to the appeal of the court's August 1, 2013 fee award, the Supreme Court fees and the Rule 60(b) Motion fees, the court finds that the Motion and, thus, shall deny the Motion with respect to those fees.

The court notes that there is no readily ascertainable date of judgment for the fees that CRST seeks for the remand briefing done in this case. The most logical judgment on which to base the timeliness of the remand briefing would be the Eighth Circuit's June 28, 2016 Judgment, which signaled that the issue was live before the court again. *See* June 28, 2016 Judgment. By that measure, the Motion was filed over 120 days late. However, even with the most charitable reading of the docket, the Motion would still be untimely

with respect to the remand briefing fees. The court's October 13, 2016 Order (docket no. 453) suggested to the parties that the court may not consider the remand briefing—unequivocally signaling that a request for fees related to the remand briefing should be forthcoming.[4] *See, e.g.*, October 13, 2016 Order at 2 n.1. Even taking the October 13, 2016 Order as the judgment which started the clock to apply for fees under Rule 54, the Motion was still over three weeks late. Considering that the remand briefing was completed in 2015, the court views this delay as unreasonable. Accordingly, the court shall deny the Motion with respect to the remand briefing as untimely.

### B. Fees Requests

Even if the court were to consider the merits, it would still deny the Motion. In *Christiansburg Garment Co. v. E.E.O.C.*, the Supreme Court imposed additional burdens on prevailing defendants in Title VII cases in order to demonstrate that they are entitled to attorneys' fees. The *Christiansburg* standard was set out by the Supreme Court as follows: "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The Eighth Circuit is clear that, when considering a fee request for fees generated on appeal, the court must find that "the EEOC's 'appeal was frivolous, unreasonable or without foundation." *E.E.O.C. v. CRST Van Expedited, Inc.*, 774 F.3d at 1184 (quoting *Barket, Levy, & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 21 F.3d 237, 243 (8th Cir. 1994)). "To find the appeal unreasonable, [the court] must conclude that no reasonable person would have thought he would succeed on appeal; to find the appeal unfounded, [the court] must conclude that the appeal had no foundation in law upon

---

[4] That the court ultimately determined that it would consider the remand briefing does not change the court's analysis. In any event, for the reasons stated in Part III.B *infra*, the court would deny the Motion as it relates to the remand briefing even if it reached the merits.

8

which the appeal could be brought." *Id.* (quoting *Wrenn v. Gould*, 808 F.2d 493, 505 (6th Cir. 1987)).[5]

Here, neither the EEOC's appeal of the court's fee award to the Eighth Circuit nor CRST's appeal to the Supreme Court are amenable to fees. The court cannot conclude that the EEOC's appeal to the Eighth Circuit was frivolous, unreasonable or without foundation. The EEOC ultimately prevailed before the Eighth Circuit, and such appellate outcome precludes a finding that such appeal was frivolous or unreasonable. *See E.E.O.C. v. CRST Van Expedited, Inc.*, 774 F.3d at 1185. Furthermore, because the EEOC expressly relied on binding Eighth Circuit precedent in appealing the fee award as to the sixty-seven claims dismissed for failure to comply with presuit requirements, it cannot be said that such appeal was unfounded. *See* Motion Exhibit 1 (docket no. 455-2) at 3-13 (the EEOC's appellate brief relying on *Marquart v. Lodge 837, Int'l Ass'n of Machinists & Aerospace Workers*, 26 F.3d 842 (8th Cir. 1994), and arguing that the court's dismissal of the sixty-seven claims did not constitute a ruling on the merits).

With respect to CRST's appeal to the Supreme Court, the EEOC correctly notes that CRST cites to no authority supporting a conclusion that a party may be entitled to fees for an appeal which it itself initiates. *See* Resistance at 5. The court is similarly aware of none. However, even considering CRST's arguments, the court finds that the EEOC's

---

[5] CRST makes a general argument that it should be entitled to "fees incur[ed] in defending [an] award so that the original amount is not 'diluted.'" Brief in Support of the Motion (docket no. 455-1) at 1 (quoting *Jones v. MacMillan Bloedel Containers, Inc.*, 685 F.2d 236, 239 (8th Cir. 1982)) (citing *Hixon v. City of Golden Valley*, Civ. No. 06-1548 (RHK/JSM), 2007 WL 4373111 (D. Minn. Dec. 13, 2007)). However, the cases cited by CRST involve prevailing plaintiffs, and thus did not apply *Christiansburg*. These cases do not suggest that a standard other than *Christiansburg* should apply when a prevailing defendant is forced to defend its fee award. To hold fees generated in the defense of an earlier fee award to this new standard would create a disparity between the court's ability to grant fees for work performed in appeals initiated on the merits and those initiated based on a prior fee award, an outcome the court declines to permit. The court shall consider all fees requested by CRST under the *Christiansburg* standard.

actions before the Supreme Court were not frivolous, unreasonable or without foundation. While it is true that the EEOC abandoned its defense of the Eighth Circuit's reasoning before the Supreme Court, the EEOC continued to defend the Eighth Circuit's outcome—albeit on the grounds that a party must obtain a preclusive judgment to prevail for purposes of fees. The EEOC articulated and advocated for a standard that is colorably supported by legal authority, though the Supreme Court declined to address the question posed by the EEOC. *See* Motion Exhibit 3 (docket no. 455-4) at 3-17 (the EEOC's response brief before the Supreme Court arguing that CRST must obtain a preclusive judgment to be considered a prevailing party (citing *Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001))). Whatever the peculiarities of the EEOC's strategy and arguments before the Supreme Court, CRST cannot escape the fact that the EEOC was brought before the Supreme Court against its will. To punish the EEOC for actions taken on an appeal that it did not initiate fails to serve the deterrent purpose of Title VII's fee shifting provision. *See Christiansburg*, 434 U.S. at 420 (noting that "Congress intended to 'deter the bringing of lawsuits without foundation'" when enacting the fee shifting provision (quoting *Grubbs v. Butz*, 548 F.2d 973, 975 (D.C. Cir. 1976))). Therefore, the court finds that fees are not available for the proceedings before the Supreme Court.

The court further finds that the EEOC did not act unreasonably in filing the Rule 60(b) Motion. The EEOC based its arguments on the Supreme Court's *Mach Mining* decision and argued that it was entitled to post-judgment relief due to a change in the law. While the EEOC was unsuccessful, as it misinterpreted the scope of the Supreme Court's decision, the court cannot say that the EEOC acted frivolously, unreasonably or without foundation. *See* December 14, 2015 Order at 5 (noting that the court's decision rested, in part, on the court's "opinion" of the meaning of *Mach Mining*'s statement regarding the appropriate remedy where the EEOC undertakes insufficient conciliation). The EEOC made a colorable argument based upon recent Supreme Court precedent and could

reasonably have believed that its interpretation of *Mach Mining* supported the relief it sought.

As to CRST's argument that the Rule 60(b) Motion was frivolous, unreasonable or without foundation because the EEOC ultimately abandoned its appeal of the court's ruling on the Rule 60(b) Motion and took an inconsistent stance at the Supreme Court with respect to its supposed position in the Rule 60(b) Motion, the court is also unpersuaded. In particular, CRST argues that the EEOC's position before the Supreme Court that the dismissal of the sixty-seven claims was without preclusive effect is inconsistent with its contention in the Rule 60(b) Motion that the court should grant the EEOC post-judgment relief on the sixty-seven claims. *See* Brief in Support of the Motion at 12. The court disagrees. The EEOC correctly argues that, though the "EEOC sought to vacate the judgment through a Rule 60 motion, rather than to reopen the administrative process and complete the individualized investigation, determinations and conciliations that th[e] [c]ourt held Title VII requires, [such course] is not an admission that [the] EEOC could not have done so." Resistance at 13. There are numerous strategic reasons why the EEOC might seek to revive the sixty-seven claims as part of this suit instead of filing them anew after investigation and attempting conciliation—such as efficiency or the court's familiarity with the case—and its attempt to do so is not frivolous, unreasonable or without foundation in light of its reading of *Mach Mining* and the various reasons it might pursue Rule 60 relief. As the court previously noted, the mere fact that the EEOC was unsuccessful is insufficient to find that attorneys' fees are appropriate. *See Christiansburg*, 434 U.S. at 421-22 ("[I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.").

Finally, the court cannot find that the EEOC's actions in its remand briefing were frivolous, unreasonable or without foundation. Both the EEOC and CRST filed the remand briefs pursuant to court order. *See generally* May 19, 2015 Order. While CRST

11

may take issue with the manner in which the EEOC organized its arguments, it nevertheless complied with the spirit of the court's order to analyze whether each claim had satisfied the *Christiansburg* standard. Each of the claims for which the court ordered an individualized briefing was addressed in the EEOC Remand Brief, and the form in which such analysis occurred was not so outside the court's directives, or lacking in particularity or legal authority, so as to constitute frivolous, unreasonable or foundationless action.[6] *See* EEOC Remand Brief at 36-42 (grouping each of the claims on which the court granted summary judgment under four broader categories and explaining why the EEOC did not act frivolously, unreasonably or without foundation as to those four categories on multiple claims). Accordingly, fees for the remand briefing are not appropriate. Because the court has found that the Motion is untimely and that the *Christiansburg* standard has not been met with respect to the fees requested by CRST, the court shall deny the Motion.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 455) is **DENIED**. Pursuant to the September 22, 2017 Order (docket no. 462), the Clerk of Court is **DIRECTED** to enter judgment in favor of CRST in the amount of **$1,860,127.36**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of September, 2017.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[6] The court further notes that the Petition for a Writ of Certiorari (docket no. 411) was filed by CRST on May 19, 2015, the same date that the court issued the May 19, 2015 Order directing the parties to file briefs on the remanded issues. CRST could have saved itself the costs of preparing the CRST Remand Brief by asking the court to stay the briefing schedule while the Supreme Court determined whether to grant certiorari and hear the case.