# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | No. 07-CV-95-LRR |
| vs. | **ORDER** |
| CRST VAN EXPEDITED, INC., | |
| Defendant. | |

_____

## *I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY*

The matter before the court is Defendant CRST Van Expedited, Inc.'s ("CRST") "Motion to Amend Fee Award and Judgment" ("Motion") (docket no. 465), which CRST filed on October 2, 2017. On September 22, 2017, the court entered an Order (docket no. 462), ruling on the Eighth Circuit Court of Appeals's Mandate (docket no. 452) to consider the questions posed by the Supreme Court in *CRST Van Expedited, Inc. v. E.E.O.C.*, ___ U.S. ___, 136 S. Ct. 1642 (2016), and making individualized findings as to whether the claims dismissed on summary judgment were frivolous, unreasonable and/or groundless pursuant to *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978). On that same date, Judgment (docket no. 464) entered. In the September 22, 2017 Order, the court found, among other things, that the claims dismissed for Plaintiff Equal Employment Opportunity Commission's ("EEOC") failure to comply with statutory presuit requirements were amenable to an award of attorneys' fees. *See* September 22, 2017 Order at 13-22. The court ultimately awarded $1,860,127.36 in attorneys' fees and costs, which includes $128,414.50 in fees "representing the claims dismissed for failure to comply with presuit requirements." *Id.* at 81. On October 9, 2017, the EEOC filed a Resistance (docket no. 467) to the Motion. On October 13, 2017, CRST filed a Reply (docket no. 468). CRST

requests oral argument on the Motion, but the court finds that oral argument is unnecessary. The matter is fully submitted and ready for decision.

## II. ANALYSIS

In the Motion, CRST requests that the court amend the September 22, 2017 Order and the September 22, 2017 Judgment pursuant to Federal Rules of Civil Procedure 59(e), 60(a) and 60(b)(1). *See* Motion at 1. In particular, CRST argues that the court inadvertently miscalculated the fees awarded for the claims that were dismissed because the EEOC failed to comply with presuit requirements. *See* Brief in Support of the Motion (docket no. 465-1) at 2. CRST contends that the court's new calculation of fees "omits from the award the bulk of the fees previously awarded to CRST for the EEOC's claims dismissed for failing to satisfy Title VII's [presuit] requirements." *Id*. CRST states that the $128,414.50 that the court previously awarded for the claims dismissed for failure to comply with presuit requirements "does not represent the total amount of fees" that the court previously awarded for these claims. *Id*. at 6. Instead, this amount "represents only those fees resulting from work devoted solely to briefing and arguing the [presuit] requirements issue at the end of the pre-appeal phase of the case." *Id*. The amount upon which the court relied in the September 22, 2017 Order did not account for all other legal work pertaining to those claims, such as written discovery and depositions. *Id*. CRST argues that an additional award of $1,726,330.32 is proper with respect to the claims dismissed for the EEOC's failure to comply with its presuit requirements—seventy-two claims ultimately dismissed on those grounds multiplied by CRST's calculated per-claimant average of $23,976.81. *See id*. at 3-4; *see also* September 22, 2017 Order at 80-81.

The EEOC appears to argue that CRST cannot recover fees incurred after the time that CRST should have moved for dismissal of the claims for which it seeks additional fees. *See* Resistance at 1-2 ("Thus, if CRST had believed that the EEOC's investigation and conciliation efforts were insufficient . . . CRST—instead of asking the [c]ourt to

2

impose a deadline on the EEOC's identification of additional claims—would have filed, in the summer or fall of 2008, a motion to dismiss based on [the] EEOC's alleged failure to satisfy [presuit] requirements. Instead, CRST waited until May 2009, . . . long after most of the fees it now seeks had been incurred."). The EEOC also argues that CRST's work on the presuit requirements issue began after it conducted written discovery, depositions and briefing on CRST's various motions for summary judgment. *Id*. at 2. Thus, the EEOC contends that "CRST expended the [$1.7 million] it now seeks on discovery and motion practice unrelated to the basis for dismissing the" claims that were dismissed for failure to comply with presuit requirements. *Id*. Finally, the EEOC argues that the court's award of fees in the September 22, 2017 Order was within the range of "rough justice" permitted under the Supreme Court's Title VII fees jurisprudence and no adjustment is warranted. *Id*. at 5.

In response, CRST argues that "none of CRST's fees and costs incurred in defending against the [presuit] [r]equirements [d]ismissed [c]laims would have been incurred but for the EEOC's filing and litigation of these [c]laims despite having failed to comply with Title VII's statutory requirements." Reply at 2 (emphasis omitted). CRST argues that the average per-claimant fees that it requests were incurred "solely on each individual claim." *Id*. at 3 (emphasis omitted). It contends that the "fees and expenses incurred on issues relating to multiple claims, such as pattern-or-practice and [presuit] requirements, were calculated separately from the individual claim average." *Id*. CRST further argues that it should not be barred from seeking additional fees for the discovery work performed with respect to the claims dismissed for failure to comply with presuit requirements because the court only permitted the EEOC to proceed on such claims after it represented that there was a good faith basis for the claims. *Id*. at 4. The EEOC made this representation despite the fact that it was aware that it did not investigate or conciliate any of the individual claims at issue. *Id*. Finally, CRST argues that the $128,414.50

3

awarded in the September 22, 2017 Order cannot be "rough justice" when it only represents approximately 7% of the fees CRST "incurred to litigate claims that should never have been filed." *Id.* at 5. CRST states that this limited fee award "would not reasonably compensate CRST for fees and expenses it would not have incurred but for the EEOC's unreasonable litigation conduct." *Id.*

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e). This rule "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1110-11 (8th Cir. 2017) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)); *see also Webb v. Exxon Mobil Corp.*, 856 F.3d 1150, 1159 (8th Cir. 2017) ("Motions under Rule 59(e) 'serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence."'" (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006))). "Federal courts generally use Rule 59(e) 'to support reconsideration of matters properly encompassed in a decision on the merits.'" *Chapman*, 862 F.3d at 1111 (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)). The court maintains broad discretion in determining whether alteration or amendment of judgments under Rule 59(e) is appropriate. *See id.* at 1110.

Federal Rule of Civil Procedure 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) is used to provide relief from judgment based on clerical mistakes in the record "[w]here the parties' intentions are clearly defined and 'all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake.'" *Alpern v. UtiliCorp United,*

*Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (quoting *Matter of W. Tex. Mkt'g Corp.*, 12 F.3d 497, 504-05 (5th Cir. 1994)). Federal Rule of Civil Procedure 60(b)(1) permits the court, "[o]n motion and just terms," to relieve a party from a final judgment, order or proceeding due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief pursuant to this rule is unavailable "for judicial error other than for judicial inadvertence." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000) (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)).

Courts have found that, if "the district court in the course of a reasonably complex accounting simply failed through inadvertence to understand one aspect of the [party's] case, it seems only sensible that the alleged mistake should be taken up directly with the court," rather than raised on appeal. *Welch & Corr Constr. Corp. v. Wheeler*, 470 F.2d 140, 141 (1st Cir. 1972); *see also Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir. 1992) (noting that supplementing a judgment to include "prejudgment interest is subject to Rule 59(e) because it 'is an element of plaintiff's complete compensation' and it 'does not raise issues wholly collateral to the judgment in the main cause of action'" (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989))). The court finds that analysis of the Motion under Rule 59(e) is proper. The Motion was timely filed and addresses matters encompassed within the court's most recent award of fees. Specifically, the Motion addresses whether the court inadvertently omitted fees for work performed on the claims dismissed for failure to comply with presuit requirements, which the court found were amenable to a fee award.

Initially, the court notes that, if such fees are proper, they were omitted due to inadvertence. The procedural posture of the case preceding the September 22, 2017 Order was such that the briefing upon which the court relied to render its fee award could not have properly encompassed the fees at issue. In particular, at the time that the parties briefed the individualized claims, they labored under the assumption that fees for the

5

claims dismissed for failure to comply with presuit requirements were unavailable. *See* May 19, 2015 Order (docket no. 410) at 2 (ordering briefing on remand from the Eighth Circuit Court of Appeals and noting that "that the Eighth Circuit determined that CRST cannot recover attorneys' fees and costs based on the EEOC's failure to satisfy its presuit obligations"). Therefore, before the court issued the September 22, 2017 Order, there was no reason for CRST to have informed the court as to its request for the fees now at issue, nor was there any reason for the EEOC to object to the same. In any event, their exclusion from the September 22, 2017 Order's calculation was the fault of no one, and the court finds it appropriate to consider them in the interest of completeness.

The EEOC's argument that CRST could have avoided the work corresponding to the fees sought by moving for their dismissal at an earlier time is unpersuasive. In *Fox v. Vice*, the Supreme Court refined the standard used for awarding attorneys' fees to prevailing defendants where a plaintiff asserts both frivolous and nonfrivolous claims. 563 U.S. 826 (2011). The *Fox* standard permits a court to award a prevailing defendant costs incurred for work that it would not have performed but for the frivolous claims. *Id.* at 829. Notably, the *Fox* Court does not suggest any further inquiry into the claim—for example, it does not require courts to examine the exact scope of the work necessary to dispose of a frivolous claim or dictate that a court may only award fees to that extent. To the contrary, *Fox* concerns itself broadly with "costs that the defendant would not have incurred but for the frivolous claim." *Id*. *Fox* speaks in terms of "claims" and does not distinguish between work that was necessary to prove that a claim was frivolous, unreasonable and/or groundless, and work that was performed on other aspects of defending the claim. A standard requiring such an additional inquiry was never articulated in *Fox*, nor in *Christiansburg*. The EEOC has cited no authority suggesting that this standard should apply, and the court is aware of none. Instead, the existing Supreme Court jurisprudence suggests that all fees associated with and which would not have been

6

incurred but for a plaintiff bringing a frivolous claim are recoverable to a prevailing defendant.[1] Whether the full extent of the fees requested is recoverable is better determined under the reasonableness portion of a fee calculation.

Here, the court finds that additional fees associated with the claims dismissed for the EEOC's failure to comply with its statutory presuit requirements are appropriate. As the court found in the September 22, 2017 Order, CRST's general method of determining a per-claimant average portion of the fees incurred is appropriate and reasonable in light of the court's familiarity with the case and the peculiarities of the manner in which this case was litigated and appealed. *See* September 22, 2017 Order at 78. The court further finds that this method complies with *Fox*, because each of the individual claims that the court dismissed for failure to comply with presuit requirements are frivolous, unreasonable and/or groundless under *Christiansburg*. *See id*. at 22-23.

However, the court agrees with the EEOC that the substance of the fees that CRST now seeks appear to be beyond the scope of what the court can award. CRST points out that its calculated per-claimant average of $23,976.81 represents a per-claimant share of the court's original fee award, less fees associated with the briefing and argument of the claims dismissed for failure to comply with presuit requirements, less fees associated with the pattern-or-practice claim. *See* Brief in Support of the Motion at 4. This is the same figure upon which the court relied in awarding per-claimant fees with respect to the individualized findings contained in the September 22, 2017 Order. *See* September 22, 2017 Order at 80-81. What CRST fails to recognize is that the court's original fee award, less the fees associated with the failure to comply with presuit requirements and the pattern-or-practice claim, still apparently contains work performed on briefing and

---

[1] The consideration of all of the work attributable to the frivolous claim furthers Congress's intent "to protect defendants from burdensome litigation having no legal or factual basis," *Christiansburg*, 434 U.S. at 420, by shifting the financial burden of defending against frivolous litigation back to the party that instigated it.

argument of CRST's various motions for summary judgment. In neither its "Brief Supporting Its Request for an Award of Attorneys' Fees Out-of-Pocket Expenses, and Taxable Costs" ("CRST Remand Brief") (docket no. 416), nor in the Brief in Support of the Motion, does CRST intimate that the per-claimant average *only* contains fees properly associated with claims dismissed for failure to comply with presuit requirements.[2] Because the per-claimant average appears to contain fees associated with CRST's motions for summary judgment, it is over-inclusive and the court declines to rely on such figure to determine a corrected fee award.

## III. CONCLUSION

In light of the foregoing, if CRST still wishes to apply for additional fees associated with the claims dismissed for failure to comply with presuit requirements, it is **DIRECTED** to file a supplemental filing detailing, with specificity, the work that it believes is encompassed by the $23,976.81 per-claimant average and/or, if appropriate, provide the court with an alternate per-claimant average for work performed solely because of the claims dismissed for failure to comply with presuit requirements without inclusion of fees generated for work performed on CRST's motions for summary judgment.

(1) Such supplemental filing must be filed **by no later than November 10, 2017**;

(2) The EEOC's resistance, if any, must be filed **by no later than fourteen days after CRST files its supplement**; and

(3) CRST must file any reply **by no later than seven days after the EEOC files the resistance**.

---

[2] That CRST did not do so in the CRST Remand Brief is not surprising and suggests no negligence. Not only did CRST believe that it was not entitled to fees associated with the claims dismissed for failure to comply with presuit requirements at that time, it was explicitly seeking per-claimant fees associated solely with those claims on which it sought and was granted summary judgment.

**IT IS SO ORDERED.**

**DATED** this 27th day of October, 2017.

                                          LINDA R. READE, JUDGE
                                        UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF IOWA